## MEMORANDUM OF AGREEMENT

This memorandum of agreement ("Agreement") is entered into this 1st day of December, 2021, by the Office of Administrative Trials and Hearings of the City of New York ("OATH"), the New York City Department of Education ("DOE"), and the New York State Education Department ("SED") (collectively, the "Parties").

**WHEREAS,** under 20 U.S.C. §§ 1415(b)(6) and (k)(3), and N.Y. Education Law §4404(1), an impartial due process complaint ("DPC") may be filed by a parent/guardian of student with a disability or by the public agency responsible for offering to provide education to such a student on any matter relating to identification, evaluation, or educational placement of such a student with a disability, or the provision of a free appropriate public education ("FAPE") to such a student;

**WHEREAS,** the filing of a due process complaint initiates the impartial hearing process set forth in 20 U.S.C. § 1415 and N.Y. Education Law § 4404;

**WHEREAS,** DOE operates the New York City Impartial Hearing Office which performs various functions to administer the system for conducting the special education impartial hearing process in the City School District for the City of New York (the "District"), including recording, tracking, and processing case assignments within the Impartial Hearing System and collecting data required by the SED, the State Educational Agency;

**WHEREAS,** the Parties agree that the number of due process complaints filed annually in the District has significantly increased, requiring an administrative system of full-time impartial hearing officers to effectively manage the caseload; and

**WHEREAS,** the Parties agree that the transfer of the handling of the impartial hearing system to OATH is appropriate and will facilitate the effective management of current and future filings;

**NOW, THEREFORE, the Parties hereby agree as follows:**

1. OATH shall establish a separate Special Education Unit ("Unit") to adjudicate impartial due process hearings heretofore commenced by the filing of due process complaints in the City of New York.

2. The Unit will be modelled on OATH's Trial Division.
   a. The Unit will be staffed by full-time impartial hearing officers, recruited and hired by OATH. OATH currently anticipates that it will hire 40-50 full-time impartial hearing officers within the transition period (see paragraph 3 below).
   b. The transition to OATH will begin upon the hiring and certification of 5 IHOs employed by OATH.
   c. If necessary, OATH will supplement the full-time impartial hearing officers with part-time impartial hearing officers, hired by OATH.
   d. All impartial hearing officers hired by OATH (full-time and part-time; collectively, "OATH IHOs") will have the authority of impartial hearing officers acting under

Page 1 of 6

sections 4404 and 4410 of the N.Y. Education Law, applicable State regulations, and in accordance with 20 U.S.C. § 1415. However, terms of employment and compensation will be set by OATH.

3. The establishment of the Unit will include a transition period. It is the intent of DOE, SED, and OATH to terminate the transition period 6 months after the staffing of 40 full-time OATH IHOs eligible to hear cases and the establishment of an associated secretariat or similar office whose functions include the maintenance and operation of an electronic filing system. DOE, SED and OATH may collectively agree that a different termination date is appropriate.

4. Any DPC already assigned by the New York City Impartial Hearing Office to one of the existing cadre of impartial hearing officers ("independent impartial hearing officer") will not be transferred to OATH, provided, however, that in the event that a new hearing officer must be assigned to a case for any reason including recusal, retirement, decertification, etc., of an independent impartial hearing officer, such case may be assigned to OATH.

5. During the transition period,

   a. Due process complaints will continue to be filed with the New York City Impartial Hearing Office and assigned to independent impartial hearing officers using the priority system set forth in Exhibit A.
   b. Newly-filed and unassigned due process complaints may be assigned to OATH impartial hearing officers, upon OATH giving notice, in writing, to the Parties that it is able to accept such cases. OATH will specify to the assigning Party the number of cases it projects it will be able to accept that week. Assignment will be made using the priority system set forth in Exhibit A.

6. An electronic filing system will be established for the filing of due process complaints at OATH, including a coversheet that sets forth the primary issues to be resolved, including but not limited to the relief sought, pendency funding, and/or costs and attorneys' fees. The electronic filing system will comply with all applicable State and Federal laws (i.e., FERPA and the IDEA) governing confidentiality and electronic transactions to ensure the safety, integrity, and confidentiality of student records. The development or expansion of this electronic filing system will be coordinated with SED with regard to potential compatibility with SED's Impartial Hearing Reporting System (IHRS).

7. At the conclusion of the transition period, DOE will delegate to OATH the function of appointing OATH IHOs to conduct all special education impartial hearings.

8. After the transition period, OATH will hire additional full and part-time OATH IHOs as may be needed, both to maintain compliance with the regulatory time frames for assigning and hearing new cases and to clear out, within the ensuing 24 months, any existing unassigned cases.

9. After the transition period, when a due process complaint is received by OATH, OATH will do the following:

   a. Within one day of filing, electronically transmit the complaint to the New York City Impartial Hearing Office or successor office;
   b. Confirm receipt of the complaint via an email sent electronically to all litigants in the impartial hearing, or their counsel/advocate;
   c. Advise parents/guardians of the availability of mediation pursuant to N.Y. Education Law § 4404-a as an alternative to an impartial hearing;
   d. Provide the parent with a copy of the procedural safeguards notice required by the SED Commissioner; and
   e. Upon request of the parent, provide the documents listed in subparagraphs (b) to (d) herein translated into the parent's preferred language, if the preferred language is one of the nine languages other than English most commonly spoken in the District (electronic links are acceptable), or offer the parent interpretation services.

10. OATH shall appoint an OATH IHO to preside over an impartial hearing no later than two business days after receipt of the due process complaint. OATH IHOs will render final decisions thereon in accordance with the timelines set out in 34 C.F.R. §300.515(a) and 8 NYCRR § 200.5(j)(5).

11. To the extent necessary, OATH will promulgate rules for special education due process hearings that will be presided over by OATH IHOs and will incorporate the procedural requirements in 8 NYCRR §§ 200.5(j)(1), (j)(3)(i)(c), (j)(3)(ii) to (j)(3)(xvii), 200.16(h)(9), and 201.11.

12. SED is responsible for training IHOs that OATH has hired contingent on being certified by SED. When OATH has hired (contingent on being certified by SED) several IHOs, SED will arrange for training and certification of those candidates who successfully meet the requirements set forth in 8 NYCRR § 200.1(x) and are not yet certified. SED agrees to ensure that training will be provided on a timetable that allows OATH IHOs to commence working shortly after being hired by OATH, and in no case more than two weeks after an OATH IHO's effective employment date. SED remains responsible for the de-certification of OATH IHOs and OATH understands that any IHO decertified by SED cannot work in the Unit.

13. In accordance with 34 C.F.R. § 300.511(c)(3), after certification, OATH will establish a list of OATH IHOs, including their respective names and qualifications. Appointment by OATH to sit in the Unit and preside over impartial hearings in the District shall be restricted to only those OATH IHOs on said list.

14. SED will take steps to propose amendments to regulations to support the use of hearing officers hired by OATH and the ability of OATH to assign cases to its impartial hearing officers as OATH deems appropriate. The City of New York will be responsible for the compensation of OATH impartial hearing officers; Full-time OATH IHOs will not be compensated at an hourly rate. To the extent that part-time OATH IHOs are hired,

the amount paid to them will not exceed the applicable maximum rate set by the Commissioner as approved by the director of the division of the budget.

15. Following the resolution period described in 20 U.S.C. § 1415(f)(1)(B), the Unit may hold an initial pre-hearing conference, which may also be conducted as a settlement conference, provided that any OATH IHO or other officer, as designated by the Chief Administrative Law Judge of OATH, presiding over such settlement conference is not the OATH IHO appointed to preside over the underlying impartial hearing.

16. Furthermore, OATH will be responsible for:
    a. Supervision of the Unit's management of caseloads and the Unit's professionalism, including appropriate conduct, communication, and responsiveness;
    b. Rulemaking to establish procedures for the efficient administration of the Unit;
    c. Oversight of the handling of cases and issuance of decisions, including extensions, recusals, discovery, timelines for case completion and issuance of decisions, and formatting of decisions and orders;
    d. Ensuring sufficient and acceptable hearing rooms;
    e. Discipline of OATH IHOs as New York City employees, up to and including the termination of OATH IHOs, with IHO decertification authority remaining with SED; and
    f. In collaboration with DOE as necessary, collecting, maintaining and providing the data required by SED regarding due process complaints (see 8 NYCRR § 200.5(j)(3)(xvi)).

17. OATH agrees to record, through transcription or otherwise, each impartial hearing and to provide a written, or at the option of the parent, electronic verbatim record of the proceedings before the IHO in accordance with 34 C.F.R. § 300.512(a)(4) and 8 NYCRR § 200.5(j)(3)(v).

18. OATH agrees that all impartial hearings will be presumptively closed to the public, unless the parent(s) involved in the impartial hearing exercises their right to open the hearing to the public in accordance with 34 C.F.R. § 300.512(c)(2) and 8 NYCRR § 200.5(j)(3)(x).

19. OATH will hold expedited hearings as needed under 8 NYCRR § 201.11 and under OATH's procedures.

20. Following the conclusion of any impartial hearing, all files and records generated by the Unit in that proceeding will become the files and records of the DOE and will be sent to DOE within a reasonable time—but no later than thirty days—following the expiration of any controlling appeal period. DOE shall be responsible for assembling the record for appellate review in cases handled by an independent IHO that are appealed by one of the parties and providing a copy to the Office of State Review. See 8 NYCRR § 200.5(j)(5). OATH shall be responsible for assembling the record on appeal for cases handled by OATH IHOs.

21. OATH agrees that the Unit will conduct hearings that are consistent with applicable federal and state laws and regulations, and in accordance with applicable administrative rules promulgated by the SED Commissioner as outlined herein and by OATH.

22. Nothing in this MOA shall be construed to interfere with SED's role as the state educational agency with respect to its supervisory and monitoring obligations of the local educational agency (LEA).

23. This MOA may be amended or supplemented only upon the written agreement of the Parties.

AGREED:

New York State Education Department
By: Daniel Morton Bentley
Title: Counsel & Deputy Commissioner
Date: 10/1/21

New York City Department of Education
By: Liz Vladeck
Title: General Counsel
Date: 12/1/2021

New York City Office of Administrative Trials and Hearings
By: Joni Kletter
Title: Commissioner and Chief ALJ
Date: 12/1/2021

**EXHIBIT A**
**PRIORITY CATEGORIZATION FOR IMPARTIAL HEARING CASE ASSIGNMENT**

(1) Student is not currently receiving any special education programs or services (public or private).

(2) Student is attending the program or school recommended on their DOE IEP (including charter school or placement by DOE in a state-approved non-public school) but is not receiving all the services on the DOE IEP.

(3) Student attends a public school (or charter school or state-approved non-public school) but parent disagrees with the DOE IEP; OR student attends a private school or receives private services, but is not currently receiving all additional services requested by the parent as relief. (Either of these events may be coupled with a request for an independent educational evaluation.)

(4) Student is currently attending (public or private) school and/or receiving services, but does not have pendency in that school program or services and seeks it as relief.

(5) Student is currently receiving a special education program or services and is seeking compensatory education or services for prior deprivation of a free appropriate public education.

(6) Student is currently unilaterally placed in a private school by the parent without DOE consent or is receiving private services, and has pendency in the private school placement or special education program/services being sought, and seeks that private school placement or special education program/services as relief for deprivation of a free appropriate public education.