UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.F. *et al*.,<br><br>                              Plaintiffs,<br><br>vs.<br><br>MAYOR BILL DE BLASIO, *et al*.,<br><br>                              Defendants. | Civ. No. 21-cv-11150 (ALC)<br><br>**DECLARATION OF ELISA HYMAN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR A TRO AND PRELIMINARY INJUNCTION** |

ELISA HYMAN, ESQ. DECLARES UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746 THAT THE FOLLOWING IS TRUE AND CORRECT:

1. I am a member of the Bar of the State of New York and of this Court.  I am co-counsel for the Plaintiffs in the above-captioned case.

2. I submit this declaration in support of the Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and a Preliminary Injunction.

3. Plaintiffs are parents of children with eligible disabilities (and their respective children) who are entitled to a Free Appropriate Public Education ("FAPE") and related due process protections and safeguards guaranteed under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, *et seq*. *See* First Amended Complaint ("FAC") at ¶¶ 1-10. The injunctive relief being sought on this motion seeks to protect some of the essential safeguards.

4. Plaintiffs' motion seeks to restrain and enjoin Defendants from taking any further steps to implement their latest plan to degrade, dismantle, and replace the current impartial hearing system in New York City required by the IDEA by replacing the state-certified Impartial Hearing Officers ("IHOs") with full-time employees of New York City's Office of Administrative Trials and Hearings ("OATH") ("OATH Plan").

5. Under the OATH Plan, the current roster of independent hearing officers would be eliminated and replaced by employees of the City, which is the financially responsible party-in-interest in the impartial hearings.

6. Due to the emergency nature of the issues raised in this case, Plaintiffs do not have time to make this application on the standard notice required under the Federal Rules of Civil Procedure for filling motions.

7. However, Defendants have been on notice that Plaintiffs planned to file such a motion.

8. On December 29, 2021, the day that Plaintiffs filed their initial complaint, I provided notice to the Office of the New York City Corporation Counsel and the Office of the Attorney General *via* email that Plaintiffs intended to seek a TRO and preliminary injunction on Monday, January 3, 2022, or soon thereafter as soon as papers could be filed. I attached copies of the Plaintiffs' Complaint, Exhibits A, B and C to the Complaint, the civil cover sheet and the Addendum to the civil cover sheet to the email.

9. Plaintiffs thereafter served all Defendants.

10. Today, on January 11, 2022, at 5:08 p.m., I sent another email to Andrew Rauchberg, an attorney at the Office of the Corporation Counsel, and Elyce Matthews, a lawyer at

the Attorney General's Office. I provided both attorneys with a copy of the First Amended Complaint that Plaintiffs had just filed today.  Further, I advised both attorneys that Plaintiffs would be filing a motion for a temporary restraining order and preliminary injunction later today.

11. As set forth in the First Amended Complaint, the Memorandum of Law in Support of a Temporary Restraining Order and Preliminary Injunction, the Declaration of Gary S. Mayerson and the exhibits attached thereto, as well as the exhibits attached hereto, there are good and sufficient reasons for Plaintiffs to move this Court for an order to show cause and/or for a shorter period of notice than is otherwise required under the Federal Rules of Civil Procedure.

12. The Plaintiffs will suffer irreparable harm if the Court does not grant emergency relief.

13. No previous application for similar relief has been made.

**List of Exhibits**

14. Attached hereto as Exhibit A is a true and correct copy of "The New York State Education Department Request for Information (RFI), The Office of Special Education: Impartial Hearing Officer System in New York City," dated September 2021 and select attachments.  A full copy of the RFI is published on NYSED's website at https://www.p12.nysed.gov/compcontracts/nysed-rfi-21-003-iho-nyc/home.html.

15. Attached hereto is a true and correct copy of a memorandum dated November 4, 2021, from Kimberly Wilkins to the P-12 Education Committee.  A copy of this

memorandum is published at

https://www.regents.nysed.gov/common/regents/files/1121p12d2.pdf.

16. Attached hereto as Exhibit C is a true and correct copy of Assembly Bill A07614, with Bill Summary and Bill Text.

17. Attached hereto as Exhibit D is a true and correct copy of pages from the website of the New York State Governor published at https://www.governor.ny.gov/news/governor-hochul-announces-historic-240-million-increase-investment-schools-serving-children.

18. Attached hereto as Exhibit E are true and correct copies of job postings issued by the Office of Administrative Hearings and Trials published at https://www1.nyc.gov/site/oath/about/employment-and-business-opportunities.page.

19. Attached as Exhibit F is a true and correct copy of document entitled "Carter Case Spending for Students With Special Needs Continues to Grow Rapidly" issued by the New York City Independent Budget Office on March 2, 2021, which is published at https://ibo.nyc.ny.us/iboreports/carter-case-spending-for-students-with-special-needs-continues-to-grow-rapidly-march-2021.pdf.

20. Attached as Exhibit G is a true and correct copy of excerpts from the "NYC Department of Education School-Age Special Education Data Report" dated November 2, 2020, a full version of which is published at https://infohub.nyced.org/docs/default-source/default-document-library/school-age-special-education-data-report---nov-2020.pdf.

21. Attached as Exhibit H are true and correct copies of declarations from attorneys who represent parents in New York City in special education impartial hearings submitted in support of Plaintiffs' application for a TRO and preliminary injunction.

22. Attached as Exhibit I is a true and correct copy of a "Special Education Advisory" dated April 2015 by James DeLorenzo, former Assistant Commissioner of NYSED, regarding "Selection and Appointment of Special Education Hearing Officers," which is published at http://www.p12.nysed.gov/specialed/publications/2015-memos/impartial-hearing-officers-april-2015.html.

23. Attached as Exhibit J is a true and correct copy of "Policy 01-001" "Concerning Compensation Rates for Impartial Hearing Officers" dated August 2001 from Lawrence Gloekler published at http://www.p12.nysed.gov/specialed/publications/policy/ihocompmemo.html.

24. Attached as Exhibit K are true and correct copies of hearing officer compensation policies issues by boards of education outside of New York City, which were printed from the websites of those entities.

25. Attached as Exhibit L is a true and correct copy of the "New York City Mayor's Management Report 2021," which is published at https://www1.nyc.gov/assets/operations/downloads/pdf/mmr2021/2021_mmr.pdf.

26. Attached as Exhibit M is a true and correct copy of a January 14, 2021 News Release from New York City published at https://www1.nyc.gov/office-of-the-mayor/news/029-21/mayor-de-blasio-chancellor-carranza-record-high-graduation-rate-record-high-college.

27. Attached hereto as Exhibit N is a true and correct copy of the "Panel for Education Policy By-Laws," which are published at https://www.schools.nyc.gov/about-us/leadership/panel-for-education-policy/pep-bylaws.

28. Attached hereto as Exhibit O are true and correct copy of excerpts from the New York City Comptroller ("Comptroller") "2020 Claims Report," a full version of which is published at https://comptroller.nyc.gov/wp-content/uploads/documents/Claims-Report-FY-2020.pdf.

29. Attached hereto as Exhibit P are true and correct copy of excerpts from "Section III of the Response of the New York City Department of Education ("DOE")" to NYSED's "New York City Compliance Assistance Plan" ("CAP") dated May 2019.

30. Attached hereto as Exhibit Q is a true and correct copy of a letter from Karen Goldmark to Assistant Commissioner Suriano concerning Section III of the DOE's response to the CAP (Exhibit P above).

31. Attached hereto as Exhibit R is a true and correct copy of the "FY2019 Watch List" report from the Comptroller, which is published at https://comptroller.nyc.gov/wp-content/uploads/documents/Watch-List_DOE.pdf.

32. Attached hereto as Exhibit S is a true and correct copy of an executive summary for the "Audit Report on the Department of Education's Efforts to Maximize Medicaid Reimbursement Claims for Special Education Services," dated July 14, 2021, which is published at https://comptroller.nyc.gov/reports/audit-report-on-the-department-of-educations-efforts-to-maximize-medicaid-reimbursement-claims-for-special-education-services/.

33. Attached hereto as Exhibit T is a true and correct copy of a letter dated May 30, 2014, from Marjorie Landa to former Chancellor Carmen Fariña, which is published at https://comptroller.nyc.gov/reports/letter-report-on-the-controls-over-payments-for-carter-cases-by-the-new-york-city-department-of-educations-bureau-of-non-public-schools-payables/.

34. Attached hereto as Exhibit U is a true and correct copy the "Report of External Review of the New York City Impartial Hearing Office," dated February 22, 2019 which was authored by Deusdedi Merced, Esq.

35. Attached hereto as Exhibit V are documents created in 2020 and 2021 reflecting communications from NYSED and the DOE re hearing officer assignments and prioritization.

36. Attached hereto as Exhibit W is a page from the New York City website, which is published at https://www1.nyc.gov/site/ajc/tribunals/tribunals.page.

37. Attached hereto as Exhibit X are excerpts from the New York State Comptroller's "Review of the Financial Plan of the City of New York Report 16-2022," the full version of which is published at

https://www.osc.state.ny.us/files/reports/osdc/pdf/report-16-2022.pdf

38. Attached hereto as Exhibit Y is true and correct copy of a partial list of impartial hearing officers and their caseloads as of December 2020 produced by NYSED in response to a Freedom of Information Law Request.

39. Attached hereto as Exhibit Z are true and correct copies of pages printed from New York City's website concerning former Mayor Bill De Blasio's special education

hearing policies published at https://www1.nyc.gov/office-of-the-mayor/news/306-14/mayor-de-blasio-speaker-silver-new-steps-help-families-students-disabilities#/.

40. Attached hereto as Exhibit AA is a true and correct copy of the "New York City Compliance Assurance Plan May 2019" (referenced above as the CAP).

41. Attached hereto as Exhibit BB is a true and correct copy of the DOE's "Impartial Hearing Compensation Policy Fiscal Year 2014."

42. Attached hereto as Exhibit CC is a true and correct copy of the DOE's Impartial Hearing Officer Compensation Policy Effective Date February 20, 2020, with a February 20, 2020 cover letter.

43. Attached hereto as Exhibit DD is a true and correct copy of a memorandum dated January 7, 2020, from Kimberly Wilkins to the P-12 Education Committee concerning "Expanding the Pool of Applicants to Serve as Impartial Hearing Officers to Hear Special Education Due Process Complaints Filed in New York City," which is published at https://www.regents.nysed.gov/common/regents/files/120p12d3.pdf.

44. Attached hereto as Exhibit EE are true and correct copies of letters written by lawyers representing families in impartial hearings concerning Defendants' proposals and concerns about the Defendants' management of the hearings and the backlogs.

45. Attached hereto as Exhibit FF is a true and correct copy of an article dated January 13, 2020, from the Boston Daily Post quoting Commissioner Betty Rosa.

46. Attached hereto as Exhibit GG is a true and correct copy of Assembly Bill A07943, with Bill Summary and Memorandum.

47. Attached hereto as Exhibit HH is a true and correct copy a memorandum dated March 4, 2009 from Rebecca Cort concerning "Mandate Relief," which is published at https://www.regents.nysed.gov/meetings/2009/2009-03-12.

48. Attached hereto as Exhibit II is a true and correct copy of an email dated December 13, 2021, from the New York City Impartial Hearing Office to Elisa Hyman concerning video conferences.

49. Attached hereto as Exhibit JJ is a true and correct copy of the bill jacket, including memorandum and letters in support for Assembly Bill 7891-A/S4881 from the 1993 New York State legislative session.

50. Attached hereto as Exhibit KK is a true and correct copy of a New York Law Journal Article entitled "NYC's Administrative Court Sees Large Influx of New Judges" dated November 12, 2021.

51. Attached hereto as Exhibit LL is a true and correct copy of a February 7, 2011 article from the Empire purporting to publish the text of former Mayor Bloomberg's testimony "Before The State Assembly Ways And Means Committee And State Senate Finance Committee About Impact Of Proposed State Budget On New York City."

52. Attached hereto as Exhibit MM is a memorandum dated November 19, 2019, from Christopher Suriano to Impartial Hearing Officers concerning "Impartial Hearing Officer Recusals."

53. Attached as Exhibit NN are true and correct copies of various letters written in 2020 by State Defendants and DOE Defendants to each other concerning the impartial hearing issues, which were produced by NYSED in a separate litigation.

Executed in New York, New York on January 11, 2022.

*/s/Elisa Hyman*
_____
Elisa F. Hyman, Esq.