

THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234

| | |
|---|---|
| **TO:** | P-12 Education Committee |
| **FROM:** | Kimberly Young Wilkins |
| **SUBJECT:** | Proposed Amendments to Sections 200.1 and 200.5 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearing Officers and the Special Education Due Process System Procedures |
| **DATE:** | November 4, 2021 |
| **AUTHORIZATION(S):** | |

## SUMMARY

### Issue for Discussion

Should the Board of Regents adopt the proposed amendments to sections 200.1 and 200.5 of the Regulations of the Commissioner of Education relating to special education impartial hearing officers and the special education due process system procedures?

### Reason(s) for Consideration

Implementation of policy.

### Proposed Handling

The proposed rule is being presented to the P-12 Education Committee for discussion at the November 2021 Regents meeting. A copy of the proposed amendment is included as (Attachment A).

### Background Information

In January 2020, the Board of Regents was presented with a discussion item regarding expanding the pool of applicants of Impartial Hearing Officers (IHOs) as a potential means to address the unprecedented number of special education due process complaints that has overwhelmed the due process hearing system of the New

York City Department of Education (NYCDOE).  A presentation by the New York State Education Department's (the Department's or NYSED) consultant, Deusdedi Merced of Special Education Solutions, LLC (SES), provided data and context on the number of due process complaints filed in New York State compared to the rest of the country.  During his presentation, Mr. Merced shared 2017-2018 data for the number of due process complaints filed, and New York State, with 7601 filings, exceeded the next most active state (California) by 63 percent and a neighboring state, New Jersey, by 498 percent.

Additionally, as discussed at the January and March 2020 Regents meetings, the overwhelming majority of due process complaints in New York State (98 percent in the 2020-2021 school year) are filed in New York City.  The NYCDOE due process system continues to remain overwhelmed with an unprecedented number of due process complaints.  Data continues to show an increase in special education due process complaint filings.  In the 2020-2021 school year, 14,141 special education due process complaints were filed in New York City, compared to 10,798 filings during the 2019-2020 school year.  As of October 5, 2021, this volume of cases has resulted in a waitlist of approximately 9,399 due process complaints in New York City that do not yet have an IHO appointed.  Furthermore, as of October 5, 2021, more than 2,687 of these due process complaints have been waiting six months or longer for an IHO appointment.

The Department's Office of Special Education imposed a comprehensive compliance assurance plan (CAP) on the NYCDOE in May 2019, that requires, among other actions, that the NYCDOE address the volume of due process special education complaints filed annually.  Additionally, the Department and the NYCDOE are co-defendants in a class action litigation (J.S.M. et al. v. New York City Department of Education, et al., USDC, EDNY; Index No. 20 CV 705), wherein plaintiffs allege that families are suffering irreparable harm because their due process complaints have not been resolved within the timelines required under the Individuals with Disabilities Education Act (IDEA) and State Education Law.

Since January 2020, the Department, through its consultant Deusdedi Merced, has conducted three additional IHO certification trainings and certified 107 new IHOs to work exclusively in New York City.  As of October 14, 2021, 96 of these IHOs remain certified, and there is a total of 162 IHOs certified to work in New York City.  Of the total IHOs eligible to take cases, 46 are appointed to no cases (30 of these IHOs are from recent trainings) and 73 have fewer than 50 cases.  Moreover, while the range of cases taken by any one IHO can vary widely (from 1 case to over 300 cases), the median case load for IHOs certified in New York City is 28 cases.  Investing significant fiscal and staffing resources into recruiting, interviewing, and training new IHOs is of little or no benefit when IHOs are not accepting appointment to an amount of cases sufficient to help reduce the backlog of cases.

Additionally, Department staff surveyed the IHOs certified to work in New York City in order to determine what would be an appropriate number of cases for NYSED to require each IHO to minimally accept on an annual basis.  Of the IHOs who responded

to the survey, 70 IHOs (57%) replied that between 0 and 25 cases would be appropriate and 34 IHOs (28%) replied that 26 or more cases would be appropriate. The majority indicated that they should not be required to accept more than 50 cases.

Therefore, the Department proposes regulatory changes to the Commissioner's regulations as outlined below.

**Summary of Proposed Amendments**

- Requiring New York City IHOs to Accept a Minimum of 35 Case Appointments and No More Than 500 Case Appointments Annually

The Department proposes to amend section 200.1(x) of the Regulations of the Commissioner of Education to require IHOs certified to accept cases from the NYCDOE to affirm in their annual certification filed with the Office of Special Education that they will accept a minimum of 35 NYCDOE case appointments each calendar year, if offered, and will carry no more than 500 cases at any one time during each calendar year. Minimum and maximum caseload requirements were previously identified in the January 2020 Regents item as a possible solution to address deficiencies in the hearing process.

While newly certified IHOs are expected to take cases upon certification, they will be given one year before being required to accept 35 cases annually from the NYCDOE, if offered. The Department may consider rescinding the certification of any IHO who was offered, but did not accept, a minimum of 35 cases. This amendment will enable the Department to maintain a list of IHOs certified to accept NYCDOE cases who accept enough cases to assist with the extremely high volume of due process complaints filed annually with the NYCDOE. It will also enable the Department to convey to IHO candidates a clear understanding of the minimum requirements expected. The Department has determined that the considerable resources required to recruit, train, and oversee a cohort of nearly 200 IHOs requires that IHOs accept at least 35 cases annually.

- Allowing 60 Day Extensions in Special Education Due Process Hearings

The Department also proposes a regulatory change to permanently allow 60 day extensions of due process cases rather than 30 day extensions allowable under 8 NYCRR 200.5(j)(5)(i). At its February 2021 meeting, the Board of Regents permanently adopted amendments to section 200.5(j)(5)(i) to allow impartial hearing officers to extend due process cases for up to 60 days rather than 30 days during the state of emergency declared for the COVID-19 crisis. At its September 2021 meeting, the Board of Regents permanently adopted amendments to section 200.5(j)(5)(i) to allow the continued flexibility of 60 days due to the COVID-19 crisis continuing to affect witnesses', administrators', and parents' availability to participate in due process hearings.

IHOs and parents have provided feedback to the Department that they prefer this flexibility as it improved IHOs' ability to concentrate on the substantive issues of their cases rather than ministerial procedural issues.  The ability to grant longer extensions will aid IHOs certified to accept cases from New York City, especially as they transition to accepting at least 35 cases per year to help eliminate the waitlist. Additionally, as explained below, the NYCDOE is significantly behind in extension data entry.  Allowing IHOs to issue extensions up to 60 days will potentially result in less extensions having to be entered into the NYCDOE's impartial hearing data system.

- Requiring the implementation and use of an electronic filing system for special education due process in New York City

Finally, the Department is proposing a regulatory change requiring the NYCDOE to utilize an electronic filing system for its special education due process system. The volume of due process complaints filed in New York City as well as the pleadings associated with each case necessitate an electronic filing system, similar to systems used in New York State and federal courts.  Currently, data is manually entered into the New York City Impartial Hearing Office's data system, causing weeks or months of delays before due process complaints, pleadings, and final determinations/orders are entered into the system.  These extensive delays have made monitoring of due process timelines by NYSED's Office of Special Education nearly impossible.  The NYCDOE has represented to NYSED that it supports the implementation of an electronic filing system.  This proposed amendment will give the NYCDOE until January 1, 2023 to implement such a system.  Once implemented, parents, school authorities, and their respective counsel or representatives will be required to submit all pleadings and other filings electronically.  A waiver from this requirement will be provided to any person who establishes undue hardship, such as parents who are not represented by attorneys.

**Related Regents Item(s)**

September 2021: [Proposed Amendment to Sections 52.30, 63.9, 70.4, 74.6, 75.2, 75.5, 76.2, 79-9.3, 79-10.3, 79-11.3, 79-12.3, 80-5.3, 80-5.4, 83.5, 87.2, 87.5, 145-2.15, 155.17, 200.5, 200.6, and 279.15 of the Regulations of the Commissioner of Education Relating to Addressing the COVID-19 Crisis](https://www.regents.nysed.gov/common/regents/files/921brca8.pdf) (https://www.regents.nysed.gov/common/regents/files/921brca8.pdf)

February 2021: [Proposed Amendment to Sections 52.21, 60.6, 61.19, 80-1.2, 80-3.7, 100.1, 100.2, 100.4, 100.5, 100.6, 100.7, 100.19 and 151-1.3 and the addition of Section 80-5.27 to the Regulations of the Commissioner of Education Relating to Addressing the COVID-19 Crisis](https://www.regents.nysed.gov/common/regents/files/1021brca6.pdf) ([https://www.regents.nysed.gov/common/regents/files/1021brca6.pdf](https://www.regents.nysed.gov/common/regents/files/1021brca6.pdf))

July 2020: [Proposed Amendments to Sections 200.1 and 200.5 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearing Officers and the Special Education Due Process System Procedures](https://www.regents.nysed.gov/common/regents/files/720brd4revised.pdf) (https://www.regents.nysed.gov/common/regents/files/720brd4revised.pdf)

March 2020: [Proposed Amendments to Sections 200.1 and 200.5 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearing Officers and the Special Education Due Process System Procedures](https://www.regents.nysed.gov/common/regents/files/320p12d4.pdf)

January 2020: [Expanding the Pool of Applicants to Serve as Impartial Hearing Officers to Hear Special Education Due Process Complaints Filed in New York City](http://www.regents.nysed.gov/common/regents/files/120p12d3.pdf)

January 2014: [Proposed Amendment to Sections 200.1, 200.5 and 200.16 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearings](https://www.regents.nysed.gov/common/regents/files/114p12a2%5B1%5D_0.pdf)

October 2013: [Proposed Amendment of Sections 200.1, 200.5 and 200.16 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearings](https://www.regents.nysed.gov/common/regents/files/1013p12d3%5B1%5D.pdf)

November 2012: [Proposed Amendment of Sections 200.1, 200.5 and 200.16 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearings](https://www.regents.nysed.gov/common/regents/files/documents/meetings/2012Meetings/November2012/1112p12a4.pdf)

January 2012: [Proposed Amendment of Sections 200.1 and 200.5 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearings](https://www.regents.nysed.gov/common/regents/files/documents/meetings/2012Meetings/January2012/112p12d3.pdf)

June 2012: [Proposed Amendment of Sections 200.1 and 200.5 of the Regulations of the Commissioner of Education Relating to Special Education Impartial Hearings](https://www.regents.nysed.gov/common/regents/files/documents/meetings/2012Meetings/June2012/612p12d1.pdf)

## Recommendation

Not applicable.

## Timetable for Implementation

It is anticipated that the proposed amendments will be presented for permanent adoption at the March 2022 Regents meeting, after publication of the proposed amendments in the State Register and expiration of the 60-day public comment period required under the State Administrative Procedure Act. If adopted at the March 2022 meeting, the revised proposed rule will become effective on March 30, 2022.

**Attachment A**

AMENDMENT TO THE REGULATIONS OF THE COMMISSIONER OF EDUCATION

Pursuant to sections 101, 207, 305, 3214, 4403, 4404 and 4410 of the Education Law.

1. Paragraph (4) of subdivision (x) of section 200.1 of the Regulations of the Commissioner of Education is amended to read as follows:

An impartial hearing officer shall:

(4) be certified by the commissioner as an impartial hearing officer eligible to conduct hearings pursuant to Education Law, section 4404(1) and subject to suspension or revocation of such certification by the commissioner for good cause in accordance with the provisions of section 200.21 of this Part.  In order to obtain and retain such a certificate, an individual shall:

(i) successfully complete a training program, conducted by the department, which program provides information regarding State and Federal laws and regulations relating to the education of students with disabilities, the needs of such students, and the procedures involved in conducting a hearing, and in reaching and writing a decision;

(ii) attend such periodic update programs as may be scheduled by the commissioner;

(iii) annually submit, in a format and by a date prescribed by the commissioner, a certification that the impartial hearing officer meets the requirements of paragraphs (1), (2) and (3) of this subdivision[;] and, for those impartial hearing officers certified to only accept cases filed against the City School District of the City of New York, certify that they will accept a minimum of 35 City School District of the City of New York case appointments each calendar year, if offered, and will carry no more than 500 cases at

any one time during each calendar year.  This requirement shall not apply for one calendar year following an impartial hearing officer's initial certification;

 (iv) possess knowledge of, and the ability to understand, the provisions of Federal and State law and regulations pertaining to the Individuals with Disabilities Education Act and legal interpretations of such law and regulations by Federal and State courts;

 (v) possess knowledge of, and the ability to conduct hearings in accordance with appropriate, standard legal practice and to render and write decisions in accordance with appropriate standard legal practice; and

 (vi) be willing and available to accept appointment to conduct impartial hearings. Notwithstanding the provisions of section 200.21 of this Part, unless good cause has been provided to the commissioner including, but not limited to, cause resulting from poor health as certified by a physician, active military services or other similar extenuating circumstances, the certification of an impartial hearing officer shall be rescinded upon a finding that the impartial hearing officer was not willing or available to conduct an impartial hearing within a two-year period of time.  For those impartial hearing officers certified to only accept cases from the City School District of the City of New York, certification may be rescinded if a impartial hearing officer did not accept a minimum of 35 case appointments, if offered, during the previous calendar year, as stated in the annual certification required in (iii) above.

 2. Subparagraph (i) of paragraph (5) of subdivision (j) of section 200.5 of the Regulations of the Commissioner of Education is amended to read as follows:

(i) An impartial hearing officer may grant specific extensions of time beyond the periods set out in this paragraph, in subparagraph (3)(iii) of this subdivision, or in section 200.16(h)(9) of this Part at the request of either the school district or the parent. The impartial hearing officer shall not solicit extension requests or grant extensions on his or her own behalf or unilaterally issue extensions for any reason. Each extension shall be for no more than [30] <u>60</u> days[; except that due to the COVID-19 crisis, an extension may be granted beyond 30 days but no more than 60 days]. Not more than one extension at a time may be granted. The reason for each extension must be documented in the hearing record.

3. Paragraph (3) of subdivision (j) of section 200.5 of the Regulations of the Commissioner of Education is amended by adding a new subparagraph (xviii) to read as follows:

<u>(xvii) A city school district having a population of one million or more must develop and commence use of an electronic filing system no later than January 1, 2023, to assist with the management of its special education due process system, which will require the electronic filing of due process complaints, pleadings, requests for extensions and all other required filings in accordance with Part 200 of this Title and any other applicable regulatory requirements. Such electronic filing system must comply with all applicable State and federal laws governing confidentiality and electronic transactions to ensure the safety, integrity and confidentiality of student records and the due process system. On and after January 1, 2023, parents, school authorities and their respective counsel or representatives shall submit all pleadings and other filings electronically in accordance with the requirements of such system. Individuals shall be</u>

9

<u>entitled to apply for a waiver from the electronic filing requirements, which shall be granted based upon a showing of undue hardship as determined by the city school district having a population of one million or more.</u>