*w/ 4321-8* (handwritten)
*7070* (handwritten)

**NYSSBA Sample Policy 4321.8**

# IMPARTIAL HEARING OFFICER APPOINTMENT AND COMPENSATION

*NOTE: This policy has been updated to reflect recent amendments to the Commissioner's Regulations regarding appeal consolidations, withdrawals and resubmissions. See underlined text below. A policy in this area is required by Commissioner's Regulations section 200.2(b)(9). It reflects the requirements of sections 200.2(e)(1) and 200.5(i).*

The Board of Education will appoint impartial hearing officers (IHO), as needed, to hear complaints regarding the identification, evaluation, or placement of students with disabilities, or the provision of a free appropriate public education to such a student in accordance with the rotational selection process and other applicable procedures described in Commissioner's regulations.

*Selection*

The updated list of certified IHOs for this county promulgated by the New York State Education Department will be used in connection with requests for impartial hearings. The list shall also include the names of those other certified IHOs whose names appear on the state list and who have indicated to the district their interest in serving as an IHO in the district.

Upon receipt of a request for an impartial hearing, the rotational selection process for the IHO shall be initiated immediately and always within two (2) business days after receipt by the district of such written request. Should an IHO decline appointment, or if within 24 hours the IHO fails to respond or is unreachable after reasonable efforts by the District Clerk or designee, such efforts will be documented through independently verifiable efforts. The district representative shall then proceed through the list to determine availability of the next successive IHO.

The District Clerk or other person so designated, under the direction of the Board President, shall initiate the selection process by contacting the impartial hearing officer whose name first appears after the impartial hearing officer who last served. The District Clerk or designee shall canvass the list in alphabetical order as prescribed by the Regulations of the Commissioner of Education until an appointment is accepted. Pursuant to the Regulations of the Commissioner of Education, if an impartial hearing is currently pending for the same student when a new hearing request is received, the district will appoint the same IHO, if available, who will determine whether or not to consolidate the hearings. Additionally, if the new hearing request concerns an issue which had been previously withdrawn in the 12 months prior, the district shall appoint the same IHO, if available.

An IHO on the district's rotational list may not accept appointment unless he or she is available to:

1.  Make a determination on the sufficiency of the due process complaint that will be heard at the hearing within five days of receiving such a request; and

NYSSBA Sample Policy
Copyright © 2014 by the New York State School Boards Association, Inc.
Not for further reproduction or posting without the express permission of NYSSBA

2.      Initiate the hearing within the first 14 days after either:

- The date on which he or she receives written notice that the parents and the district waived their right to hold a resolution meeting to resolve their differences prior to commencement of the hearing, or met but were unable to reach agreement; or
- The expiration of the 30-day period beginning with the receipt of the due process complaint, whichever occurs first.

*Appointment*

*NOTE:  Commissioner's regulations permit the Board to designate one or more of its members to appoint the impartial hearing officer.  The following paragraph suggests that the Board designate its President for that purpose and the Vice President in the President's absence or inability to make the appointment.*

The Board President, or in his or her absence or inability the Vice President, will appoint an IHO immediately after the IHO selected from the rotational list indicates he or is available.

The Board will rescind the appointment of an IHO and appoint a new one if, the parties to the hearing mutually agree that the IHO is either incapacitated or otherwise unavailable or unwilling to continue the hearing or issue a decision.  The appointment of a new IHO in such an instance will be made in accordance with the selection and appointment procedures established by this policy.

*Compensation*

*NOTE:  Please note that the district has discretion with regard to setting the compensation rate as long as it does not exceed the maximum set for pre-hearing, hearing, and post-hearing activities.  The district also has discretion with regard to additional reimbursement costs for meals, etc.*

The district shall compensate an impartial hearing officer for his or her services at the maximum rate established for such purpose by the Director of the Division of the Budget. Currently, this rate is $100.00 per hour for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers may be reimbursed for reasonable, actual and necessary expenses for automobile travel, meals and overnight lodging in accordance with the current district reimbursement rate set for district employees. Mailing costs associated with the hearing will also be reimbursed. The District will not reimburse impartial hearing officers for administrative assistance, secretarial or other overhead expenses.

NYSSBA Sample Policy
Copyright © 2014 by the New York State School Boards Association, Inc.
Not for further reproduction or posting without the express permission of NYSSBA

NYSSBA Sample Policy 4321.8

*Cancellation*

*Note: A cancellation provision is not required, but it is recommended to protect the district. The Board has discretion with regard to the specific terms and may change the number of days for advance notice or the compensation that will be paid if the district fails to meet the standard.*

The district shall attempt to provide an Impartial Hearing Officer with two (2) business days' advance notice of the cancellation or re-scheduling of an impartial hearing. Should the district request the cancellation or re-scheduling of a hearing date and fail to provide an Impartial Hearing Officer with two (2) days notice, the district agrees to pay the Impartial Hearing Officer a fee of $100.00. The district shall not be responsible for costs associated with a parent or guardian's cancellation or adjournment of a hearing.

A copy of this policy will be forwarded to the impartial hearing officer at the time of appointment.

Records relating to the IHO process including, but not limited to, the request for initiation and completion of each impartial hearing will be maintained by the district and such information will be reported to the Office of Vocational and Educational Services for Individuals with Disabilities of SED as required by Commissioner's regulations.

<u>Ref</u>:    8 NYCRR §§200.2; 200.5; 200.21

Adoption date:

NYSSBA Sample Policy
Copyright © 2014 by the New York State School Boards Association, Inc.
Not for further reproduction or posting without the express permission of NYSSBA



NL Policy #    NYSSBA Policy #

7670        4321.8

## IMPARTIAL DUE PROCESS HEARINGS/SELECTION OF IMPARTIAL HEARING OFFICERS

The parent/person in parental relation of a student with a disability may file a written request with the Board for an impartial due process hearing with respect to any matter relating to the identification, evaluation, educational placement, provision of a free appropriate public education, manifestation determination or other matter relating to discipline. The Board may also initiate such hearing.

The School District is committed to making every effort to amicably resolve differences involving the educational programs for students with disabilities. Mediation will be available to resolve disputes involving any matter, including matters arising prior to the filing of a request for an impartial hearing. In addition, the District may establish procedures providing the opportunity to meet with a disinterested party from a community dispute resolution center for an explanation of the benefits of the mediation process. For those exceptional circumstances where a more formal method is required, the impartial hearing process will be utilized. The Impartial Hearing Officer (IHO) renders a written decision after the parties present and refute evidence before him/her. The decision of the IHO is final and binding on both parties unless appealed to the State Review Officer (SRO).

### Impartial Due Process Hearing Process

The request for an impartial due process hearing must be submitted within two (2) years of the date the parent or the District knew or should have known about the alleged action forming the basis of the complaint. However, the two (2) year timeline does not apply if the parent was prevented from requesting the hearing due to specific misrepresentations by the District that it had resolved the problem or the District's withholding of information from the parent that is required by Commissioner's Regulations.

The following is an overview of the impartial hearing process/prehearing conference:

Due Process Complaint Notification

a)    The parent or the School District may request an impartial hearing by first submitting a due process complaint notice.

A hearing may not be held until a due process complaint notice is filed. Either the parent, the District, or the attorney representing either party may present a complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability or a student suspected of having a disability, or the provision of a free appropriate public education to such student.

This written due process complaint notice must include:



**NL Policy #   NYSSBA Policy #**

7670      4321.8

1.   The name of the student;

2.   The address of the student's residence or, in the case of a homeless student, available contact information;

3.   The name of the school the child is attending;

4.   A description of the nature of the problem of the student relating to the proposed or refused initiation or change, including facts relating to the problem; and

5.   A proposed resolution of the problem to the extent known and available to the party at the time.

b)   The due process complaint notice will be deemed sufficient unless the party receiving the notice notifies the other party and the IHO in writing within fifteen (15) days of receiving the notice that they believe the notice requirements have not been met.

c)   Within five (5) days of the receipt of the notice of insufficiency, the IHO shall make a determination on the face of the notice of whether the notification meets the notice requirements and shall immediately notify the parties in writing of the determination.

d)   If the District has not sent a prior written notice (notice of recommendation) to the parent regarding the subject matter of the complaint notice, the District will send a response to the parent within ten (10) days of receiving the complaint which includes:

1.   An explanation of why the District proposed or refused to take the action raised in the complaint;

2.   A description of other options the Committee on Special Education (CSE)/Committee on Preschool Special Education (CPSE) considered and why those options were rejected;

3.   A description of each evaluation procedure, assessment, record, or report the District used as a basis for the proposed or refused action; and

4.   A description of the factors relevant to the District's proposal or refusal.

e)   Upon receipt or filing of the due process complaint notice, the District will provide the procedural safeguards notice to the parents. The District will also inform parents in writing of the availability of mediation and of any free or low-cost legal and other relevant services available in the area.



NL Policy #   NYSSBA Policy #

7670       4321.8

f)    Within ten (10) days of receiving the complaint notice, the non-complaining party must send a response specifically addressing the issues raised in the notice.

g)    A party may amend its due process complaint notice only if:

1.    The other party consents in writing and is given the opportunity to resolve the complaint through a resolution session;

2.    The IHO grants permission, but not later than five (5) days before the impartial due process hearing commences.

Applicable timelines for the impartial due process hearing will recommence at the time of the filing of the amended notice.

h)    No issues may be raised at the impartial due process hearing that were not raised in the due process complaint notice.

<u>Resolution Session</u>

a)    Within fifteen (15) days of receiving the due process complaint notice from the parent and prior to the due process hearing itself, the District shall convene a meeting with the parents and relevant members of the CSE/CPSE, as determined by the District and the parent, who have specific knowledge of the facts identified in the complaint. A representative of the District who has decision-making authority must attend. The attorney for the District is not required to attend unless the parent is accompanied by an attorney. At this resolution meeting, the District has the opportunity to resolve the complaint after the parents discuss their complaint and the facts forming its basis.

The District will take steps to ensure that one or both of the parents of the student with a disability are present at the resolution meeting, including notifying parents of the meeting early enough to ensure that they will have the opportunity to attend and scheduling the resolution meeting at a mutually agreed on time and place and in a location that is physically accessible to the parents.

b)    When conducting meetings and carrying out administrative matters (such as scheduling), the parent and District may agree to use alternative means of meeting participation such as video conferences or conference calls.

c)    The parent and District may agree in writing to waive the resolution session or agree to use the mediation process to resolve the dispute.



**NL Policy #   NYSSBA Policy #**

7670      4321.8

d) If a settlement is reached, the parties shall execute a legally binding agreement signed by the parent and the representative of the District who has authority to bind the District. This agreement is enforceable in court. However, either party may void the agreement within three (3) business days of the agreement's execution.

e) If the District has not resolved the complaint to the satisfaction of the parents within thirty (30) days of receipt of the complaint notice, the impartial hearing process may begin and all applicable timelines commence.

f) Except where the parties have jointly agreed to waive the resolution process or use mediation, the failure of a parent filing a due process complaint to participate in the resolution meeting will delay the timeline for the resolution process and due process hearing until the meeting is held:

    1. If the District is unable to obtain the participation of the parent in the resolution meeting after reasonable efforts have been made (and documented), the District may, at the conclusion of the thirty-day period, request that an IHO dismiss the parents' due process complaint.

    2. If the District fails to hold the resolution meeting within fifteen (15) days of receipt of the parent's due process complaint or fails to participate in the resolution meeting, the parent may seek the intervention of the IHO to begin the due process hearing timeline.

**Pre-Hearing Conference**
A pre-hearing conference (which may take place via telephone) may be scheduled by the IHO to simplify or clarify issues; establish dates for the completion of the hearing; identify evidence to be entered into the record; identify witnesses expected to provide testimony; and/or address other administrative issues. A transcript or written summary shall be entered into the record by the IHO.

**Impartial Due Process Hearing**
In the event the complaint is not resolved in a resolution session, the Board will arrange for an impartial hearing to be conducted. When carrying out administrative matters relating to an impartial due process hearing, such as scheduling, exchange of witness lists and status conferences, the parent and District may agree to use alternative means of meeting participation such as video conferences or conference calls.

a) The District must immediately (but not later than two (2) business days after receipt of the due process complaint notice or mailing of the due process complaint notice to the parent) initiate the process to select an IHO. The District selects the IHO through a rotational selection process in



**NL Policy #   NYSSBA Policy #**

7670       4321.8

accordance with regulatory timelines. The Superintendent's Secretary/District Clerk will be responsible for contacting IHOs and maintaining appropriate records.

b)  The IHO must be certified by the Commissioner of Education, be independent and have access to the support and equipment necessary to perform the duties of an IHO. When the selected IHO indicates availability, the Board of Education must immediately appoint him/her. To expedite this process, the Board may designate one (1) or more of its members to appoint the IHO on behalf of the Board.

c)  The IHO may not accept appointment unless he/she is available to make a determination of sufficiency of a due process complaint notice within five (5) days of receiving such a request and (unless an extension is granted) to initiate the hearing following the criteria below.

   1.  When the District files the due process complaint notice, the hearing or pre-hearing conference must commence within the first fourteen (14) days after the date the IHO is appointed;

   2.  When a parent files the due process complaint notice, the hearing or pre-hearing conference must commence within the first fourteen (14) days after whichever of the following occurs first:

      (a)  The date the IHO receives the parties' written waiver of the resolution meeting; or

      (b)  The IHO receives the parties' written confirmation that a mediation or resolution meeting was held but no agreement could be reached; or

      (c)  The expiration of the thirty-day resolution period unless the parties agree in writing to continue mediation at the end of the thirty-day resolution period. In such case, the hearing or pre-hearing conference will commence within the first fourteen (14) days after the IHO is notified in writing that either party withdrew from mediation.

d)  The hearing, or a prehearing conference, shall commence within the timeframe specified in c) above, unless an extension is granted pursuant to Commissioner's Regulations.

e)  Each party must disclose to all parties all evaluations completed by that date and recommendations based on the offering party's evaluation that they intend to use at the hearing not less than five (5) days prior to the hearing. The IHO may bar any party that fails to comply with this requirement from introducing the relevant evaluation or recommendation at the hearing without the consent of the other party.



**NL Policy #   NYSSBA Policy #**

7670        4321.8

f)     The hearing will be conducted at a time and location that is reasonable and convenient to the parent and the student involved. The hearing shall be closed to the public unless the parent requests an open hearing.

g)     The role and responsibilities of the IHO will be as enumerated in Commissioner's Regulations.

h)     The student shall remain in his/her current placement during the pendency of the impartial hearing unless both parties agree or except as otherwise provided for expedited impartial hearings for certain disciplinary suspensions or removals of a student. For a preschool child not currently receiving special education services and programs, he/she may, during any impartial due process hearings or appeals, receive special education services and programs if the parent/person in parental relation and the District agree. However, during the pendency of an appeal for a preschool child who is transitioning from an Early Intervention (EI) program and is no longer eligible for the EI program due to age, the District is not required to provide the services the child had been receiving under EI. If found eligible for special education as a preschool student with a disability, and if the parent consents to the initial provision of services, the District will provide those programs and services that are not in dispute.

i)     The IHO renders and forwards the finding of fact and decision to the parties and to the State Education Department in accordance with regulatory timelines but not later than forty-five (45) days from the date required for commencement of the impartial hearing specified in c) above. For expedited hearings the deadline is within ten (10) school days after the hearing; for preschool hearings the timeframe is thirty (30) days after the receipt by the Board of a request for a hearing or after the initiation of such hearing by the Board.

j)     The decision of the IHO is final and binding on both parties unless appealed to the State Review Officer (SRO).

**Burden of Proof**
In accordance with New York State law, the burden of proof and persuasion in an impartial due process hearing dispute relative to a student's special education placement rests upon the school district. However, a parent/person in parental relation seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion as to the appropriateness of the placement.

**Recordkeeping and Reporting**
The District will utilize the New York State Education Department's Impartial Hearing Reporting System (IHRS) to access the alphabetical list of the names of each IHO who is certified in New York State and  available to serve  in the District. The District will  record and report  to the State



**NL Policy #   NYSSBA Policy #**

7670        4321.8

Education Department required information relating to the selection of IHOs and the conduct of impartial hearings according to the manner and schedule specified by the Department. The Superintendent shall designate a staff member(s) who will be responsible for reporting such information as required relating to the impartial hearing process into the State Education Department's web-based reporting system.

**Compensation of Impartial Hearing Officers**
The District will be responsible for compensating the IHO for pre-hearing, hearing and post-hearing activities at the rate agreed upon at the time of the IHOs appointment. The rate of compensation will be one hundred dollars ($100) per hour for pre-hearing, hearing and post-hearing activities, but may not exceed the maximum rate approved by the Director of the Division of the Budget. Travel time shall be compensated at sixty dollars ($60) per hour and shall not exceed one hundred eighty dollars ($180) per day.

The District will also reimburse the IHO for other hearing-related expenses (e.g., duplication, mailing and telephone costs). No allowance shall be made for overnight lodging except upon written prior approval of the District.

On an annual basis, the District will forward a copy of its compensation rates to each IHO on the District's rotational list.

**Cancellation Fees**
Except on days when school is unexpectedly cancelled, the Board of Education, upon the request of a hearing officer, authorizes a cancellation fee of up to fifty-nine dollars ($59) per day in the event the District cancels a hearing less than five business days prior to the date scheduled.

**Mediation**
The District will inform the parent in writing of the availability of mediation and any free or low-cost legal and other relevant services available in the area at the request of the parent or when an impartial due process hearing is requested.

Mediation is voluntary and does not deny or delay a parent's right to an impartial hearing. If mediation is initiated after a request for an impartial hearing has been received, the impartial hearing must continue unless the request for the impartial hearing is withdrawn. However, a party may request an extension to an impartial hearing in order to pursue mediation.



**NL Policy #     NYSSBA Policy #**

7670          4321.8

**Guardians ad Litem at Impartial Hearings**
Unless a surrogate parent has been previously appointed, the IHO must appoint a guardian ad litem when he/she determines that the interests of the parent(s) are opposed to or are inconsistent with those of the student or whenever the interests of the student would be best protected by such appointment.

**Confidentiality**

All issues relating to a request for and conduct of an impartial hearing must be kept confidential by all District staff.

**Administrative Procedures**

Administrative procedures will be developed for the selection and appointment of an IHO consistent with regulatory requirements.

Individuals with Disabilities Education Act (IDEA) 20 United States Code (USC) Section 1400 et seq. 34 Code of Federal Regulations (CFR) Part 300 Education Law Sections 4005, 4202, 4404(1) and (7) 8 New York Code of Rules and Regulations (NYCRR) Sections 200.1, 200.2, 200.5, 200.16, 200.21 and 201.11

Adopted:  2/16/05
Revised:  9/20/06; 3/17/10

**Minutes of the Annual Reorganization Meeting of the Dunkirk Board of Education held in the Large Group Instruction Room at the High School, July 13, 2021 at 5:30 P.M.**

**Members Present:**
> Mr. David Damico; Mrs. Claudia Szcerbacki; Mrs. Julie Smith; Mrs. Loretta Torain; Mr. Kenneth Kozlowski; Ms. Betsy Ramos; Mr. Robert Bankoski

**Members Absent:**
> None

**Members Excused:**
> None

**School Officials Present:**
> Superintendent of Schools: Mr. Michael Mansfield
> Interim School Business Administrator: Mrs. Debra McAvoy
> Director of Buildings and Grounds: Mr. Timothy Abbey

**Present Also:**
> 12 Administrators and Staff,

**1.0    Regular Order of Business:**
> Mr. Damico called the meeting to order at 5:30 and asked everyone to stand and recite the Pledge of Allegiance
>
> Mrs. Smith called roll.
>
> Mrs. Smith read the notice of the annual reorganizational meeting held for the purpose or organizing and electing officers for the coming year, fixing the day and hour of holding regular Board meetings, prescribing a method for calling special meetings and transacting other organizational business as listed on the agenda before each Board member.
>
> Mrs. Szczerbacki **moved** that Mr. David Damico act a temporary chairperson; seconded by Mr. Kozlowski; carried unanimously
>
> Mrs. Loretta Slaton Torain, who was elected to the office of member of the Board of Education for a term of three years beginning July 1, 2021; was duly sworn into office by Tara Jakse, District Clerk, and signed the oath of office, which was properly executed and filed.
>
> Mrs. Claudia Szczerbacki, who was elected to the office of member of the Board of Education for a term of three years beginning July 1, 2021; was duly sworn into office by Tara Jakse, District Clerk, and signed the oath of office, which was properly executed and filed.
>
> Mrs. Szczerbacki nominated Mr. David Damico for the office of President for a term of one year beginning July 1, 2021; seconded by Mr. Kozlowski.

Mrs. Torain **moved** the approval of the following resolution; **seconded** by Mr. Kozlowski; approved unanimously;

### 8.2 <u>Schedule for Special Meetings of the Board of Education</u>:

**Resolved,** that special meetings of the Dunkirk Board of Education may be called by the President for the purpose of attending to special matters by giving not less than twenty-four (24) hours' notice of same orally or in writing or, in any emergency, when all members are present at a special meeting by waiving the twenty-four (24) hours' notice by unanimous action.

Mrs. Szczerbacki **moved** the approval of the following resolution; **seconded** by Mr. Kozlowski; approved unanimously;

### 8.3 <u>Policies and By-Laws of the Board of Education</u>:

**Resolved,** that the established policies and by-laws of the Dunkirk Board of Education remain in effect until modified.

Ms. Ramos **moved** the approval of the following resolution; **seconded** by Mr. Bankoski; approved unanimously;

### 8.4 <u>Adoption of Policy "Subject: Impartial Hearing Officer Selection & Appointment</u>:

**Resolved,** that the Board of Education adopts the police entitled "Subject: Impartial Hearing Officer Selection and Appointment" and directs the Superintendent to implement the Policy and the Regulation entitled "Subject: Impartial Hearing Officer Selection & Appointment" in order to comply with Education Law Section 4404(1) and the Commissioner of Education Part 200 Regulations for the rotational selection and timely appointment of New York State Certified Impartial Hearing Officers; and the Superintendent or his designee is authorized to modify the Regulation from time to time as necessary for the District to remain in compliance with the selection and appointment process.

Mr. Bankoski **moved** the approval of the following resolution; **seconded** by Mr. Kozlowski; approved unanimously;

### 8.5 <u>Adoption of Policy "Impartial Hearing Officer Compensation Rates</u>:

**Resolved,** that the Board of Education of the Dunkirk City School District, upon recommendation of the Superintendent of Schools, shall compensate Impartial Hearing Officers who have been certified by the Commissioner of Education of the State of New York to serve as Impartial Hearing Officers in accordance with Education Law Section

4404(1) and 8 N.Y.C.R.R. Section 200.1(x), at the following rates for services and expenses as follows:

[1]    Certified Impartial Hearing Officers shall be compensated at the rate of one hundred dollars ($100) per hour for time spent in pre-hearing, hearing, and post-hearing activities of researching and writing a decision. The District does not and will not pay for hearing dates which are adjourned or cancelled, regardless of the reason, when the adjournment or cancellation is on two or more business days notice.

[2]    Certified Impartial Hearing Officers will be reimbursed for reasonable and customary office expenses of photocopying, postage and facsimiles incurred and for travel time to and from the hearing at the rate of forty dollars ($40) per hour except in the case of automobile travel time.

[3]    Automobile travel time shall be reimbursed at the then-current per mile rate which is established from time-to-time for travel by District employees and representatives in lieu of the above hourly rate.

[4]    Airline or train travel shall be reimbursed at the actual reasonable costs incurred by the Impartial Hearing Officer and actual travel time.

[5]    The District will reimburse Impartial Hearing Officers for the cost of their lodging up to eighty dollars ($80) per night with receipt submitted or fifty-five ($55) per night without receipt submitted for hearing dates that fall on consecutive days.

Mr. Kozlowski **moved** the approval of the following resolution; **seconded** by Mr. Bankoski; approved unanimously;

**8.6    Appointment of Assistant and Deputy Treasurers:**

**Resolved,** that the following individuals are hereby appointed to the following positions for the 2021-2022 school year:

| | | |
|---|---|---|
| Julie Greene | Assistant District Treasurer | $3,000.00 |
| Penny Kalfas | Deputy Treasurer Federal Funds | $320.00 |

Mrs. Torain **moved** the approval of the following resolution; **seconded** by Mr. Kozlowski; approved unanimously;

**8.7    Appointment of Assistant Purchasing Manager:**



# Brockport Central School District
### 40 Allen Street, Brockport, New York 14420-2296

## Mission Statement

*We engage and empower each student to achieve excellence as a learner and citizen.*

## Board Members

Terry Ann Carbone (2024)
Jeffrey Harradine (2022)
David Howlett (2025)
Daniel Legault (2021)
Robert Lewis (2023)
Kathy Robertson (2024)
Michael Turbeville (2023)

# November 2, 2020
## 6 p.m.
# Hill School Cafetorium

3.4

# **RESOLUTION**

## [IMPARTIAL HEARING OFFICER COMPENSATION RATES]

**RESOLVED** that the Board of Education of the Brockport Central School District, upon recommendation of the Superintendent of Schools, shall compensate Impartial Hearing Officers who have been certified by the Commissioner of Education of the State of New York to serve as Impartial Hearing Officers in accordance with Education Law Section 4404(1) and 8 N.Y.C.R.R. Section 200.1(x), at the following rates for services and expenses:

[1]     Certified Impartial Hearing Officers shall be compensated at the rate of one hundred dollars ($100) per hour for time spent in pre-hearing, hearing, and post-hearing activities of researching and writing a decision.  The District does not and will not pay for hearing dates which are adjourned or cancelled, regardless of the reason, when the adjournment or cancellation is on two or more business day's notice.

[2]     Certified Impartial Hearing Officers will be reimbursed for reasonable and customary office expenses of photocopying, postage and facsimiles incurred and for travel time to and from the hearing at the rate of forty dollars ($40) per hour.

[3]     Automobile travel shall be reimbursed at the then-current per mile rate which is established from time-to-time for travel by District employees and representatives.

[4]     Airline or train travel shall be reimbursed at the actual reasonable costs incurred by the Impartial Hearing Officer.

[5]     The District will reimburse Impartial Hearing Officers for the cost of their lodging up to eighty dollars ($80) per night with receipt submitted or fifty-five dollars ($55) per night without receipt submitted for hearing dates that fall on consecutive days.

Adopted:     [DATE]

## SOUTH COLONIE CENTRAL SCHOOL DISTRICT
## BOARD OF EDUCATION



# M I N U T E S

### April 13, 2021

Virtual Meeting
7:00 pm



# CORE VALUES

## We Believe:

\* That all children can learn.

\* In educating the whole child so he/she can meet the District's Standards.

\* In focusing on student achievement.

\* In providing a comprehensive and enriched curriculum for all students reflecting the needs and available resources of the community.

\* That the combined commitment of the Board of Education, staff, families, students, and community is the key to educational success.

## MISSION STATEMENT

Preparing successful contributing citizens of the world through school, family and community partnerships, while addressing the diverse needs of all students.

## 10a. JUUL Agreement

BE IT RESOLVED THAT upon the recommendation of the Superintendent of Schools and upon the request of Anne Marie Capobianco, the Board of Education of the South Colonie Central School District hereby extends the probationary appointment for Anne Marie Capobianco one additional year from August 30, 2021 to August 30, 2022, unless discontinued earlier by action of the Board of Education

A motion was made by Ms. Gizzi and seconded by Mr. Ryan, that the above stated JUUL Agreement be approved.

_8_ Yes        _0_ No        _0_ Abstain                    **Vote Carried:  8 – 0 – 0**

## 11. PERSONNEL – SUPPORT (Pages 15-17)

A motion was made by Mr. Ryan and seconded by Ms. Gizzi, that the Support Personnel changes listed on the attached sheets dated April 13, 2021 be approved.

_8_ Yes        _0_ No        _0_ Abstain                    **Vote Carried:  8 – 0 – 0**

## 12. RESOLUTION TO APPOINT IMPARTIAL HEARING OFFICER

It is hereby resolved that the South Colonie Central School District Board of Education appoints Audrey Daniel as a certified Impartial Hearing Officer with respect to a request for an impartial due process hearing received by the District. She will be compensated at the rate of $100.00 per hour in accordance with board policy.

A motion was made by Mr. Casey and seconded by Ms. Gizzi, that the above stated Resolution to appoint an Impartial Hearing Officer be approved.

_8_ Yes        _0_ No        _0_ Abstain                    **Vote Carried:  8 – 0 – 0**

## 13. RESOLUTION TO RESUME CERTAIN INTERSCHOLASTIC HIGH RISK SPORTS

WHEREAS, the Governor of the State of New York has authorized interscholastic High Risk sports to begin on February 1, 2021 at the discretion of County Public Health Departments; and

WHEREAS, the Public Health Departments of both Albany County and Schenectady County have authorized interscholastic High Risk Sports to resume under certain circumstances including the creation of sport specific preparedness plans for each High Risk Sport which are approved by the district's school physician/medical director, obtaining informed consent from parents/guardians, medical clearance from the student athlete's healthcare provider, and approval by district Boards of Education for each High Risk Sport; and

## 16. ADJOURN MEETING

A motion was made by Mr. Ryan and seconded by Mr. Keane, that the Regular Meeting be adjourned.

_9_ Yes          _0_ No          _0_ Abstain                **Vote Carried:  9 – 0 – 0**

The Regular Meeting of the Board of Education was adjourned at 8:52 pm.

Respectfully Submitted,

Amber M. Lanigan
District Clerk

4321.1a-R

Scarsdale UFSD

REGULATION
IMPARTIAL HEARING OFFICER SELECTION, APPOINTMENT,
AND COMPENSATION

*Eligibility*

To be eligible to serve as an impartial hearing officer (IHO), the individual must be certified by the Commissioner of Education to conduct a hearing and be listed on the Rotational Selection List established by the State Education Department (S.E.D.). The individual must be certified as of September 1, 2001, or be an attorney in good standing with a minimum of two (2) years of practice and/or experience in education, special education, disability rights, or civil rights. The IHO must not be an officer, employee, or agent of the District or of the board of cooperative educational services of which the District is a component or an employee of the S.E.D. The IHO cannot have been employed by the District, a school, or a program serving a student with disabilities placed there by a District CSE or an officer, employee, or agent of the District for two (2) years following termination of such employment. The IHO must have the necessary support and equipment to perform his or her duties and must have undergone the required SED training.

*Selection and Appointment*

The S.E.D.'s updated list of certified IHO's for Westchester County shall be used to provide names for impartial hearings. The District's list shall include, in alphabetical order, the names of those certified IHO's whose names appear on the S.E.D.'s list and who have indicated to the District their interest in serving as an IHO in the District.

Upon receiving an impartial hearing request, the District Clerk or his/her designee shall immediately canvass the list of IHO's as prescribed by the Regulations of the Commissioner of Education to ascertain the willingness of the next listed individual to serve.

The District Clerk or his/her designee will first attempt contact the IHO by telephone. If unsuccessful, the Clerk will leave a message (by voice mail, if available) or send a letter by overnight mail or facsimile transmission.

Should an IHO decline appointment, or if within 24 hours the IHO fails to respond or is unreachable after reasonable efforts by the District Clerk or his/her designee, the District Clerk or the designee determines the availability of the next successive IHO.

Each effort to contact an IHO will be documented through independently verifiable efforts (e.g., telephone log, facsimile transmission log, overnight mail receipt). An appointment must be made within two (2) business days from the date of receiving the hearing request.

4321.1

If the IHO is unable to initiate the hearing within the first 14 days of being contacted by the District, the District Clerk shall then proceed through the IHO list to determine availability of the next successive IHO.

As soon as an IHO has agreed to hear the impartial hearing, the District Clerk or his/her designee will contact the Board President or Vice President.  The Board President or Vice President will immediately appoint the IHO to conduct a hearing by signing a certificate of appointment prepared by the District Clerk or his/her designee.  The District Clerk or his/her designee will send the IHO the certificate of appointment; a copy of the Board policy and regulation regarding appointment and compensation; a copy of the date-stamped written request for the hearing (or a copy of the District's written notice to the parent that the District is initiating the request); the name, address, and telephone number of the individual representing the School District at the impartial hearing; the name, address and telephone number of the individual representing the parent of the student, if available; the location for the impartial hearing; and any other information that will facilitate contact between representatives of the parties.

*Compensation*
The District will compensate an IHO for his or her services at the maximum rate, currently $100.00 per hour, for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers will be reimbursed for reasonable, actual and necessary expenses for automobile travel to a maximum mileage amount of 100 miles at the I.R.S.-approved rate, and for tolls reasonably and necessarily incurred as a result of the hearing.  The District will also reimburse IHO's for travel costs by means other than automobile to a maximum of $50.00 per day.  Additionally, the IHO will be reimbursed for mailing costs associated with the hearing.  Payments will be made after an itemized invoice is received by the Director of Special Education.

The District will not reimburse expenses involving overnight lodging, meal expenses, administrative assistance, secretarial, or other overhead expenses.

The District will pay a cancellation fee to the IHO only if there is insufficient notice for cancellation or postponement of a pre-established hearing date.  Insufficient notice shall be defined as being less than five (5) business days before the hearing date, in which event the IHO may charge his/her hourly rate to a maximum of five (5) hours for the day for which the hearing was scheduled.

The District shall give notice to each IHO of this policy and of the current rates set by the District for reimbursement for travel and other expenses at the time of each appointment.

*Reporting to S.E.D.*
The District will maintain records relating to the IHO appointment and hearing process and information required by the S.E.D. will be reported by the District's Director of Special Education, or his/or designee, as required by Commissioner's regulations.

**Adopted:  September 23, 2002**
**Revised:  9/24/07**

2

**SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT**
**250B Route 25A, Shoreham, NY 11786**

**MINUTES OF BOARD OF EDUCATION MEETING**
**Annual Organizational Meeting / Public Session Meeting**

**July 6, 2010**

At 7:04 PM, a regular public meeting of the Board of Education of the Shoreham-Wading River Central School District Board of Education was called to order in the district office board room by Mr. Fucito.

| **MEMBERS PRESENT** | **ALSO PRESENT** |
|---|---|
| Mr. Michael Fucito | Dr. Harriet Copel, Superintendent |
| Mr. Bob Alcorn | Dr. Terri McSweeney, Deputy Superintendent |
| Mr. Jack Costas | Mr. Glen Arcuri, Director of Finance and Operations |
| Mr. Bill McGrath | Ms. Vanessa Sheehan, Esq. |
| Ms. Marie Lindell  (newly elected trustee) | Ms. Lindsey Bernstein, Counsel representative |
| | Ms. Janice Seus, District Clerk (left 7:08) |

**MEMBERS ABSENT**
Mr. Leo Greeley
Mr. Richard Pluschau (newly elected trustee)

**Oath of Office – Newly Elected Trustees:**
Ms. Marie Lindell was administered the Oath of Faithful Performance of Office by the District Clerk (Sections 10 and 30 of Public Officers Law and New York State Constitution, Article 13-1):

<u>Oath of Faithful Performance of Office</u>
"I do solemnly swear that I will support the Constitution of the United States of America and the Constitution of the State of New York, and that I will faithfully discharge the duties of the office of school board trustee according to the best of my ability."

At 7:09 PM, a motion was made by Mr. McGrath and seconded by Mr. Costas to convene to Executive Session to discuss legal and personnel matters.  The motion passed by a vote of 5-0.

At 7:54 PM, a motion was made by Mr. Alcorn and seconded by Mr. Costas to end Executive Session and re-convene to the Regular Public Session in the High School Library.  The motion passed by a vote of 5-0.

| **MEMBERS PRESENT** | **ALSO PRESENT** |
|---|---|
| Mr. Michael Fucito | Dr. Harriet Copel, Superintendent |
| Mr. Bob Alcorn | Dr. Terri McSweeney, Deputy Superintendent |
| Mr. Jack Costas | Mr. Glen Arcuri, Director of Finance and Operations |
| Mr. Bill McGrath | Dr. William Bushman, Director of Special Education |
| Ms. Marie Lindell | Mr. Robert Woolsey, Plant Facilities Administrator |
| Mr. Leo Greeley (arrived 8:10) | Mr. Ken Marlborough, Director of Health, PE, Athletics |
| | Ms. Vanessa Sheehan, Esq. |
| | Ms. Lindsey Bernstein, Counsel representative |

**MEMBERS ABSENT**
Mr. Richard Pluschau

**I**  **Call to Order and Pledge of Allegiance**
At 8:10 PM, the regular public meeting of the Board of Education of the Shoreham-Wading River Central School District Board of Education was called to order by the District Clerk.

**II**  **Approval of Agenda**
A motion was made by Mr. Greeley and seconded by Mr. Fucito to approve the agenda.  The motion passed by a vote of 6-0.

**A**  **Election of President and Vice-President for 2010-2011**
A Point of Order was made by Mr. Fucito that since Mr. Pluschau was absent from the meeting, the Board appoint a President and Vice-President **Pro-Tem**.  A motion was made by Mr. Alcorn and seconded by Mr. Costas to accept the Point of Order.  The motion passed by a vote of 5-0.

a. **President**:
A motion was made by Mr. Costas and seconded by Mr. Fucito to nominate Mr. McGrath as President of the Board of Education Pro-Tem.  The Board voted 6-0 to vote for the motion by a show of hands.  The motion passed by a vote of 6-0.

Vanessa Sheehan, Esq. administered the Oath of Faithful Performance of Office to Ms. Janice Seus, District Clerk.

Vanessa Sheehan, Esq. administered the Oath of Faithful Performance of Office to Ms. Valentina Coviello, District Treasurer.

Vanessa Sheehan, Esq. administered the Oath of Faithful Performance of Office to Mr. George MacDonald, District Claims Auditor.

A motion was made by Mr. Alcorn and second by Mr. Fucito to appoint the Officers and Non-Officers listed in items B a and b for the 2010-2011 school year.  The motion passed by a vote of 6-0.

C       **Authorizations:**

a.   Recommend the Board of Education authorize the Superintendent and/or the Director of Finance and Operations to certify payrolls (Commissioner's Regulations 170.02; Education Law 1720, 2523).

b.   Recommend the Board of Education authorize the Superintendent to make budget transfers and to sign all budget transfers in excess of $2,500.

c.   Recommend the Board of Education authorize the Superintendent to apply for Grants in Aid (State and Federal) (Education Law 1711, 2508).

d.   Recommend the Board of Education authorize preparation of surety bonds for the Director of Finance and Operations, District Treasurer, Claims Auditor, and President of the Board of Education in the amount of one million dollars each (Education Law, 2130).

e.   Recommend the Board of Education authorize the District Treasurer, in consultation with the Director of Finance and Operations, to invest District funds in Certificates of Deposits pursuant to provisions of State Law (General Municipal Law, Section 11).

f.   Recommend the Board of Education authorize the Superintendent and/or the Director of Finance and Operations and the Deputy Superintendent, respectively, as the persons authorized to file applications for the Education Consolidation and Improvement Act (ECIA) funds and other special federal or state funds.

g.   Recommend the Board of Education authorize the Superintendent and the Deputy Superintendent to take action on administrative, teacher and other staff requests to attend conferences, conventions and workshops within the limit of the 2010 – 2011 budget appropriations and in accordance with Board of Education policy (General Municipal Law 77-b).

h.   Recommend the Board of Education authorize the President of the Board to sign checks in the absence of the District Treasurer for any claims approved by the Claims Auditor (Education Law 1720(2)).

i.   Recommend the Board of Education authorize the President of the Board to sign payroll checks in the absence of the District Treasurer. (Education Law 1720(2).

j.   Recommend the Board of Education designates Activity Fund Central Treasurers for the 2010 – 2011 school year as follows (Education Law 2503, Commissioner's Regulations 172.5):

| | |
|---|---|
| 1. SWR High School | Donna Annunziato |
| 2. Albert G. Prodell Middle School | Colleen Sugarman |
| 3. Briarcliff Elementary School | Robin Coutu |
| 4. Miller Avenue Elementary School | Nancy Marsicano |
| 5. Wading River Elementary School | Susan DiDiego |

k.   Recommend the Board of Education authorize the following Hearing Officers for Superintendent's Hearings:

| | |
|---|---|
| Benjamin L. Herzweig, Esq. | Rob Kronenberg, Esq. |
| Jim Brucia | Steven Neidell |
| Stephen Bluth | Joe Darrigo |
| Arthur Riegel | Louis J. Aiello |
| C. Leonard Davis | John S. Maloney, Jr. |
| Raymond Walsh | Dave Nydick |

l.   Recommend the Board of Education authorize the compensation rate for Impartial Hearing Officers to be $100/per hour and reimbursement expenses (including travel) related to Impartial Hearings.

Hyman Decl.  Ex. K- 23

m.  Recommend the Board of Education designate those persons listed below as Impartial Hearing Officers (Education Law 4404):

<u>Impartial Hearing Officers for the 2010 – 2011 School Year:</u>

| | | |
|---|---|---|
| Debowy, Theodore | McKeever, James | Shachter, Annette |
| Dewan, Debra | Monk, James | Silver, Marjorie |
| Ebenstein, Barbara | Moore, Christine | Stewart, Kenneth |
| Farago, John | Mora, Esther | Tessler, Craig |
| Feinberg, Rona | Nachman, Eric | Thaler, Richard |
| Finkelstein, Sharyn | Naun, John | Turetsky, Aaron |
| Flame, Lana | Nisely, Robert | Venezia, Arthur |
| Goldsmith, Steven | Noe, Mary | Wall, William |
| Gross, Lorraine | Nydick, David | Walsh, James |
| Hampton, Nancy | Odom, Veronica | Wanderman, Carl |
| Heidelberger, Jonathan | Orland, Janice | Weiner, Marc |
| Itzla, Amy | Owens, Jane | Wolman, Mindy |
| Jacob, Howard | Peters, Gary | Wooley, Joseph |
| Joyner, Theresa | Peters, Kenneth | Zaglin, Meryl |
| Kandilakis, George | Quinn, Joseph | Ziev, Joel |
| Kaufman, Eugene | Reichel, Heidi | Albert, Peter |
| Kehoe, Martin | Richmond, Susan | Almeleh,Lynn |
| Kershen, Harry | Ritzenberg, Kenneth | Bauchner, Stuart |
| Lassinger, Dora | Roberts, George | Blaustone, Beryl |
| Latzman, Patricia | Rosen, Paul | Brandenburg, Wendy |
| Lazan, Michael | Rosenzweig, Jean | Briglio, Robert |
| Lederman, Nancy | Schad, Jerome | Bumbalo, Paul |
| Lushing, Susan | Schiff, Martin | Cohen, Diane |
| Mackreth, Robert | Schneider, Judith | |

n.  Recommend the Board of Education designate the following person(s) as Surrogate Parent(s) for the 2010 – 2011 school year (Commissioners Regulations 200.5e):

Jodi Brady

o.  Recommend the Board of Education approve the appointment of the Shoreham-Wading River Committee on Special Education for the 2010 – 2011 school year consisting of the following members:

| | |
|---|---|
| Dr. William J. Bushman, Director of Student Services | Chairperson |
| Dr. Peter D'Elena - Psychologist | Alternate Chairperson |
| Patricia Aretakis - Psychologist | Alternate Chairperson |
| Doreen Armstrong - Psychologist | Alternate Chairperson |
| MaryAnne Benz -  Psychologist | Alternate Chairperson |
| Jaime Morgan - Psychologist | Alternate Chairperson |
| School Psychologist | |
| Parent/Guardian of Student | |
| Regular Education Teacher of Student | |
| Special Education Teacher/Provider | |
| Parent Member | |

p.  Recommend the Board of Education approve the appointment of the Shoreham-Wading River Committee on Pre-School Special Education for the 2010 – 2011 school year consisting of the following members:

| | |
|---|---|
| Dr. William J. Bushman, Director of Student Services | Chairperson |
| Maryann Benz, School Psychologist | Chairperson |
| Representative from Evaluation Site | |
| Representative from County | |
| Representative from Birth to Age Two Program | |
| Special Education Teacher | |
| Regular Education Teacher | |

q.  Recommend the Board of Education approve the appointment of the Shoreham-Wading River Sub-Committee on Special Education for the 2010 – 2011 school year consisting of the following members:

| | |
|---|---|
| Dr. Peter D'Elena | Chairperson |
| Patricia Aretakis | Chairperson |

Hyman Decl.  Ex. K- 24

**BOARD OF EDUCATION REGULAR MEETING – July 12, 2021**

A regular meeting of the Board of Education of the Cheektowaga-Maryvale Union Free School District, (the "District"), in Erie County, New York was duly convened at 6:00 p.m., local time, in the Board Room of the Maryvale Administrative Offices, 1050 Maryvale Drive, Cheek., NY 14225 on Monday, July 12, 2021. Mr. Joseph D'Angelo, Superintendent, called the meeting to order and a roll call was taken:

Members Present:  Mrs. Cindy Strong, Board Member
                  Mr. Ronald Morlock, Board Member
                  Mr. Jason Baier, Board Member
                  Mr. James McDermott, Board Member
                  Mrs. Jennifer Pilarski, Board Member

Staff Present:    Mr. Joseph D'Angelo, Superintendent of Schools
                  Dr. Stephen J. Lunden, Asst. Superintendent for Administrative Services
                  Mrs. Elizabeth Giangreco, Asst. Superintendent for Curriculum and Instruction
                  Mrs. Sheena Palmer, District Clerk

Absent:           Mrs. Joelle Burke, Director of Spec. Services & Pupil Personnel Services


Mr. D'Angelo opened the meeting and requested that all present stand for the Pledge of Allegiance.

Mr. Ronald Morlock took his Oath of Office

Mr. D'Angelo started the Annual Reorganizational meeting.

Mr. McDermott moved, Mr. Baier seconded, to adopt the election process for the election of officers for the Board of Education.
Ayes 5      Nays 0      Absent 0      Motion carried

The District Clerk announced that nominations for the office of President of the Board of Education were now in order.  Mr. Morlock nominated Mr. McDermott seconded Cindy Strong for President and she accepted the nomination. Hearing no further nominations for President, the District Clerk declared the nominations closed.

The District Clerk called for a vote on the nomination of Cindy Strong for the office of President of the Board of Education. The vote was as follows:
Ayes 5      Nays 0      Absent 0      Motion carried

The District Clerk announced that nominations for the office of Vice President of the Board of Education were now in order. Mr. Baier nominated Mrs. Strong seconded Ronald Morlock for Vice-President and he accepted the nomination. Hearing no further nominations for Vice President, the District Clerk declared the nominations closed.

The District Clerk called for a vote on the nomination of Ronald Morlock for the office of Vice President of the Board of Education. The vote was as follows:
Ayes 5   Nays 0   Absent 0      Motion carried

Cindy Strong was declared the new President and Ronald Morlock was declared the new Vice President. The newly elected Officers recited their oaths of office.

Mr. Morlock moved, Mr. Baier seconded, recommended by the Superintendent of Schools, that Sheena Palmer be and hereby is appointed District Clerk of the Cheektowaga-Maryvale Union Free School District Board of Education for the ensuing school year ending June 30, 2022 at an annual salary of $ 6,500.00.
Ayes 5      Nays 0      Absent 0      Motion Carried

Board of Education Meeting
Monday, July 14, 2021

each Impartial Hearing Officer's qualification to conduct hearings is established by their having met the State Education Department's requirements for Impartial Hearing Officer certification.

RESOLVED that the Board of Education of the Maryvale School District, upon recommendation of the Superintendent of Schools shall compensate Impartial Hearing Officers who have been certified by the Commissioner of Education of the State of New York to serve as Impartial Hearing Officers in accordance with Education Law Section 4404 (1) and 8 N.Y.C.R.R. Section 200.1(x), at the following rates for services and expenses:[1] Certified Impartial Hearing Officers shall be compensated at the rate of one hundred dollars ($100) per hour for time spent in pre-hearing, hearing and post hearing activities.  The rate of compensation may not exceed the maximum rate approved by the Director of the Division of the Budget. The District does not and will not pay for hearing dates which are adjourned or cancelled, regardless of the reason, when the adjournment or cancellation is on two or more business day's notice; [2] Certified Impartial Hearing Officers will be reimbursed for reasonable and customary office expenses of photocopying, postage, facsimiles and meals.  No reimbursement shall be made for lodging, airfare, train fare or automobile travel.

RESOLVED, that the Board of Education establishes a listing of preschool programs within Erie County and preschool programs in adjoining counties as stipulated on the NYSED Website (http://eservices.nysed.gov/countymap/).

RESOLVED, that the State Education Department's Web-based Approved Preschool Provider Listing, as amended from time to time by the State Education Department and posted on its website, shall constitute the District's list of approved Preschool Providers.

RESOLVED, that a Surrogate Parent is "a person appointed to act in the place of a parent or guardian when a child's parent or guardian is not known or unavailable, or the child is a ward of the state.

BE IT FURTHER RESOLVED, that the following Maryvale Residents have expressed a willingness to serve as Surrogate Parents.  The Maryvale Board of Education will select from this list if  the need for a surrogate parent develops.
   [1]  Mrs. Wendy Farino, 41 Anthony Ave., Cheektowaga NY 14225, 634-9774

RESOLVED, that according to Part 200 Regulations, the members of the Committee on Special Education, Subcommittee on Special Education and Committee on Preschool Special Education for the District must be appointed on an annual basis.  Attached are the recommended appointments in the above categories of members that may serve on the committees for the 2021-22 school year.

RESOLVED, that the Board of Education adopt the policy statement for free and reduced price meals for the 2021-22 school year.

WHEREAS, the Board of Education of the Cheektowaga-Maryvale Union Free School District from time to time receives requests to hold hearings pursuant to either Section 71 or 73 of the Civil  Service Law; and

WHEREAS, the Board of Education has determined that when requested, hearings held  pursuant to either Civil Service Law section 71 or 73 shall be conducted by an impartial hearing officer;

NOW THEREFORE BE IT RESOLVED THAT the Board of Education does hereby appoint Daniel J. D'Amico, Esq. and Moira H. Cooper, Esq. of Erie 1 BOCES Labor Relations Services as its designated impartial hearing officers under Civil Service Law Section 71 and 73 for the purpose of conducting such hearings as may be necessary under those statutes for the duration of the 2020-21 fiscal year; and

BE IT FURTHER RESOLVED THAT, Daniel J. D'Amico, Esq, and/or Moira H. Cooper, Esq., as applicable, is to make a record of each such hearing which, together with his/her written findings of fact and recommendations on each matter, shall be referred to the Board of Education, for review and decision,

**POLICY 86**

**EDUCATION OF HOMELESS CHILDREN AND YOUTH POLICY**

The No Child Left Behind Act of 2001 and Commissioner's Regulations allow a homeless child or, a person in a parental relationship to a homeless child or, when the homeless child is living in a shelter for runaway or homeless use, the Director of the shelter to designate this District as the District of attendance for the homeless child when this District is either the School District of current location, the School District of origin or is a School District participating in a Regional Placement Plan.

A homeless child or youth is defined in accordance with the No Child Left Behind Act and Commissioner's Regulations § 100.2 (x).

Homeless child and youth shall be entitled to access to District programs on the same basis as all other District students. Homeless student and youth shall be to the extent possible, integrated with non-homeless children.

The School District designates [insert name] as the Local Educational Liaison for Homeless children and youth for the District. In addition to any other duties required by law, this person shall be responsible for reporting to the Board of Education on an annual basis the number of homeless children in the District, the placement of these children, and any suggestions for lowering any barriers to enrollment, attendance, school success and retention of homeless children and youth in the District.

Where the District receives a completed State Education Department form designating the District as the school of attendance for a child and the District disputes issues relating to school enrollment or school selection of that student, the following shall occur:

1.      The student shall be immediately enrolled in the designated school.

2.      Prior to making a final determination on the disputed issue, the Superintendent or Superintendent's designee shall afford the student or person in parental relation to the student an opportunity to submit information to the District addressing the disputed issue.

3.      The Superintendent or Superintendent's designee shall render a decision in writing and provide a copy to the student or person in parental relation.

The written decision shall include an explanation of the school's decision and a statement regarding the right to appeal the decision to the Commissioner of Education as required by law.

The School District will collect and transmit to the Commissioner of Education in accordance with the Commissioner's rules, a report containing information the Commissioner determines necessary to assess the educational needs of homeless children and youths.

First Reading:          July 13, 2017
Second Reading:      August 2, 2017
BOE Adoption:         August 2, 2017

## POLICY 91

## HEARING OFFICER EXPENSE REIMBURSEMENT

In accordance with the Commissioner's Regulations, the maximum compensation rate for Impartial Hearing Officers is $100 per hour.  The activities associated with impartial hearings which are reimbursable under this compensation rate are:

- Pre-hearing activities such as scheduling the hearing and determining the location, conducting pre-hearing conference calls, arranging for interpreters, witnesses, subpoenas, and a stenographer, writing letters to the parties involving the hearing;

- Hearing activities such as conducting the hearing, handling settlement agreements placed on the record, and arranging for subsequent hearing dates;

- Post-hearing activities such as researching information pertinent to the hearing issues and writing the decision.

In addition, travel reimbursement is not considered to be an activity associated with the compensation rate set.  Accordingly, and in addition to the maximum hourly rate of $100, the School District agrees to reimburse an Impartial Hearing Officer at the IRS per mile rate for travel as well as reimbursement for reasonable lodging and meal expenses upon timely presentation of appropriate receipts for such expenses.

First Reading:          July 13, 2017
Second Reading:     August 2, 2017
BOE Adoption:

Hyman Decl.  Ex. K- 29

## POLICY 92

## HEARING OFFICER HOURLY RATE AND
## TRAVEL REIMBURSEMENT POLICY

In accordance with the Education Law and Commissioner's Regulations, the maximum compensation rate for impartial hearing officers is $100 per hour. There is no maximum per diem on the number of hours for compensation. The hourly rate adopted by the Board of Education is *$[insert amount]* until otherwise changed.

The activities associated with impartial hearings which are reimbursable under this compensation rate are:

- prehearing activities such as scheduling the hearing and determining the location, conducting prehearing conference calls, arranging for interpreters, witnesses, subpoenas and a stenographer and writing letters to the parties involved in the hearing;

- hearing activities such as conducting the hearing, handling settlement agreements placed on the record and arranging for subsequent hearing dates;

- post hearing activities such as researching information pertinent to the hearing issue(s) and writing the decision.

In addition, travel reimbursement is not considered to be an activity associated with the compensation rate set by the Commissioner. Accordingly, the School District agrees to reimburse an impartial hearing officer for travel at the IRS per mile rate for travel, as well as reimbursement for reasonable overnight and meal expenses upon timely presentation of appropriate receipts for such expenses. The time spent in traveling shall [insert one of the following]:

a). not be compensated;
b). be compensated at the hourly rate of $[insert amount];
c). be compensated at the same hourly rate as the compensation rate stated above.

In making this choice, the Board should be mindful that some very able hearing officers who may have to travel several hours to the hearing site may decline the appointment if they cannot bill for travel.

First Reading:       July 13, 2017
Second Reading:   August 2, 2017
BOE Adoption:

North Bellmore

**4321.7**

**(X) Required**
(x)  Local
(x)  Notice

## IMPARTIAL HEARING OFFICER APPOINTMENT AND COMPENSATION

In the event of a hearing called as a result of the initial identification or change in identification, evaluation or educational placement of a child with a disability or the provision of a free appropriate public education to the child, an Impartial Hearing Officer (IHO) shall be appointed by the Board of Education. Individuals so appointed shall be selected from a list is available hearing officers in accordance with a rotational selection process as described in regulations of the Commissioner of Education.

The IHO must be certified by the Commissioner of Education, in accordance with the New York State laws and regulations, as a hearing officer eligible to conduct hearings and may not have a personal or professional interest which would conflict with his/her objectivity in the hearing.  Furthermore, the district shall take steps to ensure that any hearing officer who is appointed pursuant to this policy is not currently employed by this or any hearing officer who is appointed pursuant to this policy is not currently employed by this or any other school district, school or program serving students with disabilities placed by any school district CSE; or formerly so employed, that such employment was terminated at least two years prior to the hearing officer's appointment by the Board.  District employees who may be called as witnesses at an impartial hearing, or who may have otherwise been involved in the decision to be reviewed by the impartial hearing officer, shall not be involved in the selection of the hearing officer.

Appointment

The updated list of certified IHOs for this county promulgated by the New York State Education Department will be used in connection with requests for impartial hearings. The list shall include the names of those other certified IHOs whose names appear on the state list and who have indicated to the district their interest in serving as an IHO in the district.

Upon receipt of a request for an impartial hearing, the Board President, or on the occasion of his/her absence or inability, the Vice President, shall appoint

North Bellmore

**4321.7**

an impartial hearing officer from the district's alphabetical rotational list previously adopted by the Board.

The District Clerk or other person so designated, under the direction of the Board President, shall initiate the selection process by contacting the impartial hearing officer whose name first appears after the impartial hearing officer who last served.  The District Clerk or designee shall canvass the list in alphabetical order as prescribed by the Regulations of the Commissioner of Education until an appointment is accepted.

Upon receipt of a request for an impartial hearing, the rotational selection process for the IHO shall be initiated immediately and always within two (2) business days after receipt of the district of such written request.  Should an IHO decline appointment, or if within 24 hours the IHO fails to respond or is unreachable after reasonable efforts by the District Clerk or designee, such efforts will be documented through independently verifiable efforts. The district representative shall then proceed through the list to determine availability of the next successive IHO.

If the IHO is unable to initiate the hearing within the first 14 days of being appointed by the school district, the IHO cannot accept the appointment. The District Clerk shall then proceed through such list to determine availability of the next successive IHO.

Records relating to the IHO process including, but not limited to, the request for initiation and completion of each impartial hearing will be maintained by the district and such information will be reported to the Office of Vocational and Educational Services for Individuals with Disabilities of SED as required by Commissioner's regulations.

<u>Compensation</u>

The district shall compensate an impartial hearing officer for his or her services at the maximum rate established for such purpose by the Director of the Division of the Budget. Currently, this rate is $100.00 per hour for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers may be reimbursed for reasonable, actual and necessary expenses for automobile travel,

North Bellmore

**4321.7**

meals and overnight lodging in accordance with the current district reimbursement rate set for district employees. Mailing costs associated with the hearing will also be reimbursed.

The district shall annually notify each impartial hearing officer of this policy and of the current rates set by the district for travel reimbursement, overnight lodging, meal expenses and mailing costs.

Use of Guardians Ad Litem at Impartial Hearings

An impartial hearing officer, duly designated by the Board of Education, is authorized to appoint a guardian ad litem, unless a surrogate parent has previously been assigned, whenever the impartial hearing officer determines that the interests of the parent are opposed to or inconsistent with those of the child, or that any reason the child's interest would be best to be protected by the appointment of a guardian ad litem.

The guardian ad litem must be familiar with the provisions of Part 200 of the Commissioner's Regulations and must be appointed from the list of surrogate parents or be a pro bono attorney appointed to represent the interests of the child in an impartial hearing. A guardian ad litem represents the student's interests for the duration of the hearing and has the right to fully participate in the hearing to the extent indicated in the Commissioner's Regulations. However, the guardian ad litem may not initiate an appeal to the State Review Officer, but may join an appeal initiated by the parent of the Board of Education.

The impartial hearing officer must ensure that the procedural due process rights of the child's parents are fully preserved and protected throughout the hearing whenever a guardian ad litem is appointed.

Ref:    8 NYCRR §§200.2; 200.5; 200.21

Adoption date: September 10, 2009

CONTACT US    SITE MAP    DISTRICT HOME      BOARDDOCS    COMMUNITY    STAFF    PARENTS    STUDENTS

» *Supt / District News*
» BCSD-TV
» Capital Plan Progress
» 2014-15 Budget Info.
» District Reports & Info
» Employment Opportunities
» Kindergarten Registration
» Legislative Advocacy
» May 2014 Voting Info
» Policies Under Review
» School Lunch Information
» Use of Facilities

Google™ Translate

Select Language ▼

🖶 PRINT INFORMATION

Adoption Date: 8/28/2002
4000 - Personnel

**4321.4 Appointment and Compensation of Impartial Hearing Officers In Disputes Relating to Identification, Classification and Placement of Disabled Students**

The Board of Education hereby adopts the Updated List of Impartial Hearing Officers for Westchester County promulgated by the New York State Education Department in connection with requests for impartial hearings under the I.D.E.A. and Education Law, §4404. The District list shall also include the names of those other certified impartial hearing officers whose names appear on the State list and who indicate their interest in hearing appeals in matters affecting the Bedford Central School District.

Upon receipt of a request for an impartial hearing, the President of the Board of Education, or on the occasion of his or her absence or inability, the Vice President of the Board of Education, is hereby authorized and directed to appoint an impartial hearing officer from the District's alphabetical rotational list previously adopted by the Board of Education. The President of the Board, or on the occasion of his or her absence or inability, the Vice President of the Board shall make such appointment in accordance with the principles set forth in Section 200.5 of the Regulations of the Commissioner of Education. The District Clerk, or acting District Clerk, under the direction of the President of the Board, shall initiate the selection process by contacting the impartial hearing officer whose name first appears after the impartial hearing officer who last served, and shall canvass the list as provided in the Regulations until an appointment is accepted.

Should a hearing officer decline appointment, the District Clerk or his or her designee shall offer appointment to each successive hearing officer whose name next appears on the alphabetical list until such appointment is accepted. The Board believes that an expeditious hearing is essential to accomplish the purposes of the I.D.E.A. and Education Law, §4404. To this purpose, the President of the Board or his or her designee shall only appoint those hearing officers who are prepared to commit to conduct hearing sessions of not less than six hours in duration, inclusive of a lunch break, where appropriate. Travel time to and from the hearing location shall not be counted toward fulfillment of this time commitment.

Compensation

The Board shall compensate an impartial hearing officer for his or her services at the maximum rate established for such purpose by the Commissioner of Education, which rate is currently $100 per hour for all pre-hearing, hearing and post-hearing activities. The District will reimburse reasonable automotive travel expenses in the nature of mileage expense at the IRS approved rate for not to exceed 200 miles per day and tolls necessarily incurred. The District will not reimburse airfare expenses, meal expenses or lodging expenses under any circumstances.

The District Clerk or his or her designee shall transmit a copy of this policy to all hearing officers on the District's alphabetical list in order to apprise them of the District's policy with respect to appointment and compensation of impartial hearing officers.

Electronic Reporting

The Superintendent shall designate an individual or individuals who shall be responsible for implementation of the Education Department's web-based reporting system.

**Policy References:**
Individuals with Disabilities Education Act, 20 U.S.C. §§1400
Education Law §4404
8 NYCRR §200.21

« BACK | BACK TO POLICY SERIES | PRINT INFO | PRINT ENTIRE SERIES

Hyman Decl. Ex. K- 34

SEARCH   enter keyword here   »       **Home**   **Contact**   **SiteMap**

## HENDRICK HUDSON SCHOOL DISTRICT

| Academics | Athletics | Board | District | Libraries | Schools | Services | Staff |

### Board

Board Docs
Budget Updates
Capital Project
Meetings
Policies
Policies Under Review
Protocols
Strategic Plan
Trustees
Video



Select Language ▼

🖶 PRINT INFORMATION

Adoption Date: 7/24/2002
4000 - INSTRUCTION

**4300: CURRICULUM**
**4321.4 Appointment and Compensation of Impartial Hearing Officers**

It shall be the policy of the School District to appoint and compensate impartial hearing officers required pursuant to Part 200 of the Regulations of the Commissioner of Education in the following manner:

1. Appointment of Hearing Officer

   a. The most recent rotational list of impartial hearing officers established by the State Education Department will be used by the District Clerk or his/her designee.  Within two (2) business days after the District receives a written request of an impartial hearing, the Clerk for Impartial Hearings shall initiate contacts with the hearing officer whose name is next in line after the last hearing officer appointed by the Board of Education.  The Clerk or his/her designee shall inform the potential hearing officer or leave word as to the following:

       i. A hearing has been requested concerning a student;
       ii. The hearing officer's name is the next one on the list;
       iii. The hearing officer must contact the Clerk by phone or facsimile no later than 24 hours from the date the attempt to contact is left; and
       iv. No appointment may be accepted unless the hearing office is available to initiate the hearing within 14 days.

   b. If the hearing officer declines appointment, or fails to respond within 24 hours, the Clerk or his/her designee will offer the appointment to each successive hearing officer whose name appears on the rotational list pursuant to the above procedure.   The Clerk shall continue down the rotational list until the appointment is accepted.   A log shall be maintained of all attempts to contact hearing officers, their responses or lack thereof, and appointments to hold hearings.

   c. The President and Vice President of the Board of Education are hereby delegated the authority to appoint impartial hearing officers as provided in this policy without further action of the Board.

   d. A hearing officer shall be formally appointed by a resolution adopted by the Board of Education or a letter signed by the President or Vice President of the Board of Education.

   e. The Clerk or his/her designee shall forward a letter of appointment and a copy of this policy to all hearing officers appointed pursuant to this policy.

2. Compensation of Impartial Hearing Officers

   a. Compensation will be made a maximum hourly rate currently approved by the State Education Department pursuant to Section 4404(1) of the Education Law.

   b. The District will not reimburse impartial hearing officers for administrative assistance, secretarial or other overhead expenses, or meal expenses.

   c. The District will, upon review and approval of properly submitted receipts, reimburse impartial hearing officers for automobile travel at the I.R.S. approved rate and for tolls reasonably and necessarily incurred as a result of the hearing.  The District will not reimburse above $50.00 per day for travel expenses.

   d. In addition to hearing time itself, the Board will reimburse, at the hourly rate, for time actually expended by the impartial hearing officer for;

       i. Scheduling the hearing;
       ii. Pre-hearing conference calls (if necessary)
       iii. Preparing the Decision, including any interim decisions.

Hyman Decl.  Ex. K- 35

iv. Travel time not to exceed two hours a day.

e. A hearing cancellation fee of $500.00 shall be paid by the District where five business days notice is not provided to the impartial hearing officer. The District will not be responsible for any compensation in connection with hearing cancellations where five or more business days notice is proved to the impartial hearing officer.

« BACK | BACK TO POLICY SERIES | PRINT INFO | PRINT ENTIRE SERIES

SchoolWorld
an edline solution
Edline
© 2014 - Privacy Statement
School Websites

HENDRICK HUDSON SCHOOL DISTRICT
61 Trolley Road Montrose, NY 10548 914-257-5100
Fax: 914-257-5101

Hyman Decl. Ex. K- 36

   

**RHINEBECK CENTRAL**
SCHOOL DISTRICT

District   Schools   Academics   Calendars   Student Life   Board of Education   Resources

## Quick Links

- News
- Calendar of Events
- Lunch Menus
- Staff Directory
- Teacher Web Pages
- Forms, Files & Documents
- Communicating with Staff
- Addressing Concerns FAQ
- FOIL Requests
- Job Opportunities
- SchoolTool Parent Portal
- Board Meeting Documents
- Board Meeting Recordings
- School Calendar 2013-14
- Rhinebeck PTSO

## Site Search

enter keyword

Site Map

Contact

District Home

PRINT INFORMATION

Adoption Date: 3/12/2002
4000 - Instruction

**4300 CURRICULUM**
**4321.8 IMPARTIAL HEARING OFFICER SELECTION, APPOINTMENT AND COMPENSATION**

It shall be the policy of the Rhinebeck Central School District to select, appoint and compensate impartial hearing officers in the following manner:

Selection and Appointment

The District shall utilize the most recent rotational list of impartial hearing officers established by the State Education Department. Additional qualified impartial hearing officers requesting to serve in the District shall have their names inserted into such rotational list in alphabetical order.

Within two (2) business days after the District receives a written request for an impartial hearing, the District Clerk shall initiate attempts to contact that hearing officer whose name next follows the last hearing officer appointed by the Board of Education from the rotational list.

The District Clerk shall first attempt contact by telephone call. If unsuccessful at reaching the hearing officer, the District Clerk shall leave a message (if voice mail is available) and send a letter by overnight mail, informing the hearing officer that:

a. A hearing has been requested concerning a student (identify the student only by number) and the same of the school district;

b. The hearing officer's name is the next one on the rotational list; and

c. The hearing officer must contact the District Clerk (leave telephone number) no later than 24 hours from the date the telephone message is left and/or the date of the correspondence.

If the hearing officer declines appointment, or fails to respond within 24 hours after being telephoned or sent a letter by overnight mail, the District Clerk will, according to the procedures outlined above, offer the appointment to each successive hearing officer whose name appears on the rotational list, until it is accepted.

No appointment may be accepted unless the hearing officer is available to initiate the hearing within 14 days after being contacted by the District Clerk.

Once an appointment is accepted, the hearing officer shall be formally appointed by resolution adopted by the Board of Education; or letter signed by the President or Vice President of the Board of Education.

The President and/or Vice President of the Board of Education are hereby delegated with the authority to immediately appoint impartial hearing officers who are selected in accordance with these procedures.

The District Clerk shall maintain a log detailing any actions taken pursuant to this policy relating to the appointment of impartial hearing officers.

Compensation

Compensation will be made at the hourly rates currently approved by the State Education Department pursuant to §4404(1) of the Education Law.

The District will not reimburse impartial hearing officers for administrative assistance, secretarial or other overhead expenses.

The District will, upon review and approval of properly submitted receipts, reimburse impartial hearing officers for automobile travel at the I.R.S. approval rate and for tolls reasonably and necessarily incurred as a result of the hearing.

In addition to hearing time itself, the Board will reimburse, at the hourly rate, for time actually expended by the impartial hearing officer for:

1. Scheduling the hearing;

2. Pre-hearing conference calls (if necessary);

3. Scheduling letters;

4. Preparing the Decision, including any Interim Decisions.

Absent extraordinary circumstances, as determined in advance by the District, Impartial hearing officers will not be reimbursed for any other expenses associated with their appointment and service as impartial hearing officers.

A hearing cancellation fee of $500.00 shall be paid by the District where five business days notice is not provided to the impartial hearing officer. The District will not be responsible for any compensation in connection with hearing cancellations where five or more business days notice is provided to the impartial hearing officer.

Notice

A copy of this policy will be forwarded to the impartial hearing officer at the time of appointment.

« BACK | BACK TO POLICY SERIES | PRINT INFO | PRINT ENTIRE SERIES

SchoolWorld
an edline solution
Edline
© 2014 - Privacy Statement
School Websites

Rhinebeck Central School District P.O. Box 351, 45 North Park Road, Rhinebeck, NY 12572 845-871-5520

Hyman Decl. Ex. K- 38

4321.1a-R

Scarsdale UFSD

# REGULATION
# IMPARTIAL HEARING OFFICER SELECTION, APPOINTMENT, AND COMPENSATION

### *Eligibility*

To be eligible to serve as an impartial hearing officer (IHO), the individual must be certified by the Commissioner of Education to conduct a hearing and be listed on the Rotational Selection List established by the State Education Department (S.E.D.).  The individual must be certified as of September 1, 2001, or be an attorney in good standing with a minimum of two (2) years of practice and/or experience in education, special education, disability rights, or civil rights.  The IHO must not be an officer, employee, or agent of the District or of the board of cooperative educational services of which the District is a component or an employee of the S.E.D.  The IHO cannot have been employed by the District, a school, or a program serving a student with disabilities placed there by a District CSE or an officer, employee, or agent of the District for two (2) years following termination of such employment.  The IHO must have the necessary support and equipment to perform his or her duties and must have undergone the required SED training.

### *Selection and Appointment*

The S.E.D.'s updated list of certified IHO's for Westchester County shall be used to provide names for impartial hearings.  The District's list shall include, in alphabetical order, the names of those certified IHO's whose names appear on the S.E.D.'s list and who have indicated to the District their interest in serving as an IHO in the District.

Upon receiving an impartial hearing request, the District Clerk or his/her designee shall immediately canvass the list of IHO's as prescribed by the Regulations of the Commissioner of Education to ascertain the willingness of the next listed individual to serve.

The District Clerk or his/her designee will first attempt contact the IHO by telephone.  If unsuccessful, the Clerk will leave a message (by voice mail, if available) or send a letter by overnight mail or facsimile transmission.

Should an IHO decline appointment, or if within 24 hours the IHO fails to respond or is unreachable after reasonable efforts by the District Clerk or his/her designee, the District Clerk or the designee determines the availability of the next successive IHO.

Each effort to contact an IHO will be documented through independently verifiable efforts (e.g., telephone log, facsimile transmission log, overnight mail receipt).  An appointment must be made within two (2) business days from the date of receiving the hearing request.

4321.1

If the IHO is unable to initiate the hearing within the first 14 days of being contacted by the District, the District Clerk shall then proceed through the IHO list to determine availability of the next successive IHO.

As soon as an IHO has agreed to hear the impartial hearing, the District Clerk or his/her designee will contact the Board President or Vice President.  The Board President or Vice President will immediately appoint the IHO to conduct a hearing by signing a certificate of appointment prepared by the District Clerk or his/her designee.  The District Clerk or his/her designee will send the IHO the certificate of appointment; a copy of the Board policy and regulation regarding appointment and compensation; a copy of the date-stamped written request for the hearing (or a copy of the District's written notice to the parent that the District is initiating the request); the name, address, and telephone number of the individual representing the School District at the impartial hearing; the name, address and telephone number of the individual representing the parent of the student, if available; the location for the impartial hearing; and any other information that will facilitate contact between representatives of the parties.

_Compensation_
The District will compensate an IHO for his or her services at the maximum rate, currently $100.00 per hour, for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers will be reimbursed for reasonable, actual and necessary expenses for automobile travel to a maximum mileage amount of 100 miles at the I.R.S.-approved rate, and for tolls reasonably and necessarily incurred as a result of the hearing.  The District will also reimburse IHO's for travel costs by means other than automobile to a maximum of $50.00 per day.  Additionally, the IHO will be reimbursed for mailing costs associated with the hearing.  Payments will be made after an itemized invoice is received by the Director of Special Education.

The District will not reimburse expenses involving overnight lodging, meal expenses, administrative assistance, secretarial, or other overhead expenses.

The District will pay a cancellation fee to the IHO only if there is insufficient notice for cancellation or postponement of a pre-established hearing date.  Insufficient notice shall be defined as being less than five (5) business days before the hearing date, in which event the IHO may charge his/her hourly rate to a maximum of five (5) hours for the day for which the hearing was scheduled.

The District shall give notice to each IHO of this policy and of the current rates set by the District for reimbursement for travel and other expenses at the time of each appointment.

_Reporting to S.E.D._
The District will maintain records relating to the IHO appointment and hearing process and information required by the S.E.D. will be reported by the District's Director of Special Education, or his/or designee, as required by Commissioner's regulations.

**Adopted:  September 23, 2002**
**Revised:  9/24/07**

2



**CITY SCHOOL DISTRICT OF ALBANY**

**4321.7**

**(X) Required**
( ) Local
(x) Notice

### IMPARTIAL HEARING OFFICER SELECTION
### AND COMPENSATION POLICY

Pursuant to applicable federal and State law and regulations, the Board of Education adopts the following policies and procedures governing the selection and compensation of Impartial Hearing Officers ("IHOs") to conduct hearings involving the provision of a Free Appropriate Public Education requested pursuant to Education Law §4404(1), Part 200 of the Regulations of the Commissioner of Education and the Individuals with Disabilities Education Act (IDEA):

1. **Maintenance of Impartial Hearing Officer List -** The Board shall adopt the list of State-certified Impartial Hearing Officers appearing on the Impartial Hearing Reporting System (IHRS) rotational list as maintained by the State Education Department, pursuant to the Regulations of the Commissioner of Education.

2. **Selection of IHO -** The District Clerk or CSE administrative assistant shall obtain, on behalf of the District, a user name and password to access the IHRS list to identify the next available IHO on the rotational list who (i) is certified by the Commissioner of Education pursuant to §200.1(x)(4) of the Regulations of the Commissioner; (ii) is available to serve as defined in the Commissioner's Regulations; and (iii) accepts the Board's terms and conditions governing such appointments as set forth herein.

3. Upon receipt of a request to schedule an impartial hearing, the District Clerk or CSE Administrative Assistant shall immediately forward such request to the Committee on Special Education (CSE) Chairperson, who shall begin the appointment process no later than two business days after the District's receipt of such request. The appointment shall be offered in accordance with IHRS procedures.

   • The District Clerk or CSE Administrative Assistant shall inform the next available IHO, both orally and in writing, of the District's policy on compensation and reimbursement of expenses for hearing-related activities. A hearing officer shall not be deemed available without written confirmation of his/her availability to rule on a sufficiency compliant within five (5) days of receipt of a notice of insufficiency (and/or of his/her availability to initiate the hearing within 14 days after the Resolution process is completed) and acceptance of the terms and conditions of the appointment as set forth in the District's policy. Should a prospective IHO decline appointment or fail to respond within 24 hours after the District has made reasonable efforts to contact the named individual, the District Clerk or CSE Administrative Assistant shall offer the appointment to the next IHO on the rotational list until such appointment is accepted.

   • Pursuant to the Regulations of the Commissioner, the Board designates and authorizes the President or Vice President of the Board to appoint the impartial hearing officer immediately upon selection.

4321.7

4. **Compensation of IHOs** – The District shall compensate IHOs on the following terms: compensation of $100.00 per hour for pre-hearing, hearing, and post-hearing activities.
5. **Cancellation Fees** –The Board does not authorize payment of any cancellation fees.
6. **Reimbursement for Related Expenses** - IHOs will be reimbursed for automotive travel expenses at the IRS-approved rate up to a maximum of 150 miles per day of the hearing, for reasonable meal expenses on the day of the hearing consistent with expense rates permitted for District staff, and for preapproved overnight lodging costs and mailing costs.
7. **Additional Expenses or Fees** (other than those explicitly stated) – The Board does not authorize the payment of any additional expenses or fees.
8. **Payment for Services Rendered** —Unless otherwise approved, payment shall be made with 30 days following the District's receipt of the final decision of the hearing officer and an itemized bill of time spent with receipts for reimbursement of authorized expenses.

This policy shall remain in full force and effect unless modified by the Board of Education.

Ref:   Education Law § 207, 4404 (1)
       8 N.Y.C.R.R. 200.2 (e)(1), 8 N.Y.C.R.R. 200.1 (x)

**Adopted:  01-20-11**

**4321.8**

# <u>COMPENSATION OF IMPARTIAL HEARING OFFICERS</u>

Pursuant to §4404(1) of the Education Law and §200.1 of the Commissioner's Regulations, only a duly qualified hearing officer may preside over an appeal concerning a child with a disability. The Board of Education will employ such hearing officers in accordance with the procedure set forth in the Commissioner's Regulations.

A duly qualified hearing officer will be reimbursed in an amount consistent with the rate set forth in the Commissioner's Regulations. A hearing officer may be reimbursed for pre-hearing activities such as: scheduling the time and location of the hearing; conducting pre-hearing conference calls; arranging for interpreters, witnesses, subpoenas and stenographers; and writing letters to the parties involved in the hearing.

A hearing officer may also receive compensation for certain hearing activities including, but not limited to, conducting the hearing, handling settlement agreements placed on the record, participation in settlement discussions and arranging for subsequent hearing dates.

In addition, a hearing officer may be reimbursed for post-hearing activities such as: researching material pertinent to the issues at the hearing; reviewing transcripts, exhibits, post-hearing memoranda of law and the entire record from the hearing; and writing the decision.

*Great Neck Public Schools*
*Adopted: 03/18/96*
*Amended: 08/27/12*

HUDSON CITY

4321.4

**(X) Required**
(x)  Local
(x)  Notice

## IMPARTIAL HEARING OFFICER APPOINTMENT AND COMPENSATION

The Board of Education establishes the following policy to govern the appointment and compensation of impartial hearing officers for special education related impartial hearings pursuant to Part 200 of the Regulations of the Commissioner of Education.

<u>Appointment</u>

The updated list of certified IHOs for this county promulgated by the New York State Education Department will be used in connection with requests for impartial hearings. The list shall include the names of those other certified IHOs whose names appear on the state list and who have indicated to the district their interest in serving as an IHO in the district.

Upon receipt of a request for an impartial hearing, the Board President, or on the occasion of his/her absence or inability, the Vice President, shall appoint an impartial hearing officer from the district's alphabetical rotational list previously adopted by the Board.

The District Clerk or other person so designated, under the direction of the Board President, shall initiate the selection process by contacting the impartial hearing officer whose name first appears after the impartial hearing officer who last served.  The District Clerk or designee shall canvass the list in alphabetical order as prescribed by the Regulations of the Commissioner of Education until an appointment is accepted.

Upon receipt of a request for an impartial hearing, the rotational selection process for the IHO shall be initiated immediately and always within two (2) business days after receipt of the district of such written request.  Should an IHO decline appointment, or if within 24 hours the IHO fails to respond or is unreachable after reasonable efforts by the District Clerk or designee, such efforts will be documented through independently verifiable efforts. The district representative shall then proceed through the list to determine availability of the next successive IHO.

HUDSON CITY

4321.4

If the IHO is unable to initiate the hearing within the first 14 days of being appointed by the school district, the IHO cannot accept the appointment. The District Clerk shall then proceed through such list to determine availability of the next successive IHO.

Records relating to the IHO process including, but not limited to, the request for initiation and completion of each impartial hearing will be maintained by the district and such information will be reported to the Office of Vocational and Educational Services for Individuals with Disabilities of SED as required by Commissioner's regulations.

<u>Compensation</u>

The district shall compensate an impartial hearing officer for his or her services at the maximum rate established for such purpose by the Director of the Division of the Budget. Currently, this rate is $100.00 per hour for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers may be reimbursed for reasonable, actual and necessary expenses for automobile travel, meals and overnight lodging in accordance with the current district reimbursement rate set for district employees. Mailing costs associated with the hearing will also be reimbursed.

The district shall annually notify each impartial hearing officer of this policy and of the current rates set by the district for travel reimbursement, overnight lodging, meal expenses and mailing costs.

<u>Ref</u>:    8 NYCRR §§200.2; 200.5; 200.21

Adoption date:        July 9, 2007

**4321.4-R**

## IMPARTIAL HEARING OFFICER COMPENSATION

<u>Compensation</u>

The district shall compensate an impartial hearing officer for his or her services at the maximum rate established for such purpose by the Director of the Division of the Budget.  Currently, this rate is $100.00 per hour for pre-hearing, hearing, and post-hearing activities.  In addition, impartial hearing officers may be reimbursed for reasonable, actual and necessary expenses for automobile travel, meals and overnight lodging in accordance with the current district reimbursement rate set for district employees.  Mailing costs associated with the hearing will also be reimbursed.

The district shall annually notify each impartial hearing officer of this policy and of the current rates set by the district for travel reimbursement, overnight lodging, meal expenses and mailing costs.

Adoption Date:  January 25, 2005

*POLICY:*                                     No. 1513
*Newburgh Board of Education*            **ADMINISTRATION**
**Impartial Hearing Officer Selection, Appointment and Compensation**

### *Impartial Hearing Officer Selection, Appointment and Compensation*

It shall be the policy of the Newburgh Enlarged City School District to select, appoint and compensate impartial hearing officers in the following manner:

**A. Selection and Appointment**

1. The District shall utilize the most recent rotational list of impartial hearing officers established by the State Education Department. Additional qualified impartial hearing officers requesting to serve in the District shall have their names inserted into such rotational list in alphabetical order.

2. Within two (2) business days after the District receives a written request for an impartial hearing, the District Clerk shall initiate attempts to contact that hearing officer whose name next follows the last hearing officer appointed by the Board of Education from the rotational list. The District Clerk shall first attempt contact by telephone call. If unsuccessful at reaching the hearing officer, the District Clerk shall leave a message (if voice mail is available) and send a letter by overnight mail, informing the hearing officer that:
   a. a hearing has been requested concerning a student (identify the student only by number) and the name of the school district;
   b. the hearing officer's name is the next one on the rotational list; and
   c. the hearing officer must contact the District Clerk (leave telephone number) no later than 24 hours from the date the telephone message is left and/or the date of the correspondence.

3. If the hearing officer declines appointment, or fails to respond within 24 hours after being telephoned or sent a letter by overnight mail, the District Clerk will, according to the procedures outlined above, offer the appointment to each successive hearing officer whose name appears on the rotational list, until it is accepted.

4. No appointment may be accepted unless the hearing officer is available to*:*
   a. make a determination on the sufficiency of the due process complaint that will be heard at the hearing within five days of receiving such a request; and
   b. initiate the hearing within 14 days after either:
      • the date on which s/he receives written notice that the parents and District waive their right to hold a resolution meeting to resolve their differences prior to commencement of the hearing, or met but were unable to reach agreement; or
      • the expiration of the 30-day period beginning with the receipt of the due process complaint, whichever occurs first.

5. Once an appointment is accepted, the hearing officer shall be formally appointed by:
   a. resolution adopted by the Board of Education; or
   b. a letter signed by the President or Vice President of the Board of Education.

Hyman Decl.  Ex. K- 47

*POLICY:*                                                    **No. 1513**
*Newburgh Board of Education*                    **ADMINISTRATION**
**Impartial Hearing Officer Selection, Appointment and Compensation**

6.   The President and/or Vice President of the Board of Education are hereby delegated with the authority to immediately appoint impartial officers who are selected in accordance with these procedures.

7.   Once appointed, the District Clerk shall provide the Impartial Hearing Officer with the relevant contact information for the District's legal counsel and contact information for the Parent(s) and Student and/or their legal counsel.

8.   The District Clerk shall maintain a log detailing any actions taken pursuant to this policy relating to the appointment of impartial hearing officers.

9.   The District Clerk shall comply with any applicable reporting provisions contained in Section 200.5 of the Commissioner's Regulations relating to the appointment of impartial hearing officers.

**B.  Compensation**

Impartial hearing officers appointed to conduct hearings under the provisions of Article 89 of the Education Law shall submit statements to the School District for fees and expenses in accordance with the following guidelines:

1.   A detailed statement for fees and expenses shall be submitted at the conclusion of the hearing and receipt of the impartial hearing officer's final decision or other determination having the effect of terminating the impartial hearing officer's involvement in the hearing.

2.   All statements for fees and expenses shall separately list each individual item of service or expense, the date it occurred and the time spent, by hour or fraction thereof, in increments of one-tenth of an hour (e.g., 1, 2, 3...). Time charges must be appropriate. The District reserves the right to request additional information concerning the appropriateness of any time charges and to withhold payment for time charges deemed to be inappropriate and/or inconsistent with applicable Board policy.  All statements for fees and expenses shall be submitted by the Impartial Hearing Officer within 30 days of the performance of services.

3.   Compensation will be made at the hourly rates currently approved by the State Education Department pursuant to Section 4404(1) of the Education Law for authorized activities.

4.   The District will not reimburse impartial hearing officers for administrative assistance, secretarial or other overhead expenses.

5.   The District will, upon review and approval of properly submitted receipts, reimburse impartial hearing officers for automobile travel for up to 100 miles one-way, at the I.R.S. approved rate and for tolls reasonably and necessarily incurred as a result of the hearing.  In no event will the District reimburse the impartial hearing officer for travel time.

*POLICY:*                                                      **No. 1513**
*Newburgh Board of Education*                            **ADMINISTRATION**
**Impartial Hearing Officer Selection, Appointment and Compensation**

6.  In addition to hearing time itself, the Board will reimburse, at the hourly rate, for time actually expended by the impartial hearing officer for:

a.  Scheduling the hearing;

b.  Pre-hearing conference calls (if necessary);

c.  Scheduling letters;

d.  For time necessarily and actually spent preparing the Decision, including any Interim Decisions.

7.  Absent extraordinary circumstances, as determined in advance by the District, impartial hearing officers will not be reimbursed for any other expenses associated with their appointment and service as impartial hearing officers.

8.  The District shall attempt to provide an impartial hearing officer with two (2) business days advance notice of the cancellation or re-scheduling of an impartial hearing. Should the District request the cancellation or re-scheduling of a hearing date and fail to provide the impartial hearing officer with two (2) business days notice, the District will pay the impartial hearing officer a hearing cancellation fee of $300.00. The District will not be responsible for any compensation in connection with hearing cancellation where two (2) or more business days notice is provided to the impartial hearing officer or for a parent or guardian's cancellation or adjournment of a hearing.

**C.  Notice**

1.  A copy of this policy will be forwarded to the impartial hearing officer at the time of the appointment.

5030

## APPOINTMENT AND CONDITIONS OF SERVICE OF
## IMPARTIAL HEARING OFFICERS

Pursuant to applicable federal and state law and regulations, the Board of Education of the Niskayuna Central School District hereby adopts the following policies and procedures to govern the selection and compensation of Impartial Hearing Officers (IHOs) for special education related impartial hearings request pursuant to Education Law S 4404 (1), Part 200 of the Regulations of the Commissioner of Education and/or the Individuals with Disabilities Education Act (IDEA) (20 U.S.C. Chapter 33):

1. <u>Maintenance of Impartial Hearing Officer List</u> – The Board of Education of the Niskayuna Central School District shall annually adopt a list of impartial hearing officers who are certified, pursuant to S200.1 (s)(2) <u>(21)</u> of the Regulations of the Commissioner of Education, from which the district may select an impartial hearing officer in the event a demand for such a hearing is made.

2. <u>Selection of IHO</u> – The Clerk of the Board of Education shall establish and maintain a list of the names and resumes of all impartial hearing officers. Upon a demand for an impartial hearing pursuant to state and federal laws and regulations, the Clerk of the Board shall select an impartial hearing officer from the list of appointed hearing officers adopted by the Board. The Clerk of the Board shall ensure that service by hearing officers is on a rotational basis from the first available hearing officer on the list approved by the Board.

3. <u>Conditions of Service</u>

The Board of Education shall make payment for services by hearing officers in the following manner:

1. For all payments specifically required by state and federal laws and regulations.

2. Compensation of $40.00 <u>$100.00</u> per hour up to a maximum of $300.00 per 7.5 hour day for pre-hearing, hearing and post-hearing activities.

3. For mileage reimbursed at the rate authorized by the Internal Revenue Code and for actual travel expense incurred. For purposes of this policy, mileage may not exceed a total of 200 miles per day of hearing. <u>unless approved by the Superintendent of Schools.</u>

3. Reasonable meal expenses on the day of the hearing and mailing costs. No allowance shall be made for overnight lodging without the approval of the Superintendent of Schools.

Adopted:        April 7, 1997
Amended:        February 7, 2000
Revised:        January 7, 2002

4321.8

## SELECTION AND APPOINTMENT OF AN IMPARTIAL HEARING OFFICER

Upon receipt of a written request for an impartial due process hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"), the Superintendent's Secretary or Designee shall initiate immediately, but not more than two (2) business days after receipt of the written request, the selection of the Impartial Hearing Officer.

The updated list of certified Impartial Hearing Officers for this county promulgated by the New York State Education Department will be used in connection with requests for impartial hearings. The list shall also include the names of those other certified Impartial Hearing Officers whose names appear on the state list and who have indicated to the district their interest in serving as an Impartial Hearing Officer in the district.

The Superintendent's Secretary or Designee shall contact the Impartial Hearing Officer whose name appears at the top of the list or, if an Impartial Hearing Officer previously has been appointed to preside over any other matter, the contact should be made to the individual whose name immediately follows the hearing officer last appointed. An Impartial Hearing Officer shall be selected by working down the alphabetical list, returning to the top only when the list has been exhausted. Should the Impartial Hearing Officer decline appointment, not respond or be unreachable after at least two reasonable and independently verifiable efforts to contact him or her within a 24-hour period, each successive and available Impartial Hearing Officer on the list should be offered the appointment, until such appointment is accepted. More than one Hearing Officer may be contacted at a time. The Hearing Officer who indicates availability within 24 hours, and who is highest on the contact list beginning with the starting point for the current hearings, shall be appointed. If the Impartial Hearing Officer is unable to initiate the hearing within the first 14 days of being contacted by the school district, the Impartial Hearing Officer cannot accept the appointment. The Superintendent's Secretary or Designee shall then proceed through the list to determine availability of the next successive Impartial Hearing Officer. A contemporaneous record of all efforts to contact each Impartial Hearing Officer, including date, time and substance of conversation/message, as well as each Impartial Hearing Officer's response, shall be created and maintained by the Superintendent's Secretary or Designee.

Once an Impartial Hearing Officer has been selected, the Board of Education or the Board's designee shall immediately appoint the Impartial Hearing Officer. Upon appointment, the district shall provide the Impartial Hearing Officer with a copy of the written request for a hearing, contact information on behalf of the parent/guardian and district, as well as the district's policy on Impartial Hearing Officer compensation.

The Plattsburgh City School District shall pay certified Impartial Hearing Officers an hourly rate up to a maximum of $100.00 per hour for pre-hearing, hearing, and post-hearing activities. At the conclusion of the hearing, the Impartial Hearing Officer shall submit to the district an itemized record describing the services performed and the time required.

4321.8

The district shall not be responsible for "cancellation fees" imposed by an Impartial Hearing Officer. The district shall attempt to provide an Impartial Hearing Officer with two (2) business days' advance notice of the cancellation or re-scheduling of an impartial hearing. Should the district request the cancellation or re-scheduling of a hearing date and fail to provide an Impartial Hearing Officer with two (2) days' notice, the district agrees to pay the Impartial Hearing Officer a fee of $100.00. The district shall not be responsible for costs associated with a parent or guardian's cancellation or adjournment of a hearing.

An Impartial Hearing Officer shall be reimbursed by the district for the necessary expenses associated with the hearing including:

- Mileage at the rate of district reimbursement;
- Tolls;
- Reasonable overnight accommodations and reasonable meal expenses when hearing dates are scheduled for two or more continuous dates and the Impartial Hearing Officer would be required to travel 90 or more miles between his or her residence and the hearing location.

An Impartial Hearing Officer shall be required to submit receipts for out-of-pocket expenses to the district for reimbursement.

As a practice, the district shall not pay for expedited transcripts of an impartial hearing. Should, however, a hearing officer determine that an expedited transcript is required for the hearing officer to fulfill his or her duties, the district shall pay for the same.

Records relating to the Impartial Hearing Officer process including, but not limited to, the request for initiation and completion of each impartial hearing will be maintained effective July 1, 2002, such information shall be reported to the Office of Vocational and Educational Services for Individuals with Disabilities of SED.

Adoption date: March 23, 2006
Revised:  October 8, 2009



To:    Shaun A. O'Connor, Superintendent of Schools
       Members of the Board of Education

From:  Ann DeFazio, Director of Special Programs
Re:    List of Impartial Hearing Officers
Date:  July 1, 2013

Attached is an updated list of individuals who are certified and eligible to serve as impartial hearing officers. This list will supersede all previous lists.

| Iho Id | Last Name | First Name | Middle Name | Suffix |
|--------|-----------|------------|-------------|--------|
| 54 | ALMELEH | LYNN | | |
| 66 | BRIGLIO | ROBERT | | |
| 70 | BUMBALO | PAUL | | |
| 80 | DIMEO | MARYANNE | | |
| 83 | EHRENREICH | RIVONA | | |
| 86 | FLAME | LANA | S | |
| 97 | HEINRICH | COLLEEN | | |
| 103 | KANDILAKIS | GEORGE | | |
| 106 | KEHOE | MARTIN | | III |
| 116 | LAZAN | MICHAEL | | |
| 117 | LEDERMAN | NANCY | | |
| 121 | LUBAN | EDWARD | | |
| 537 | MCKEEVER | JAMES | | |
| 141 | OAKES | DAVID | | |
| 153 | RITZENBERG | KENNETH | S. | |
| 163 | SCHAD | JEROME | | ESQ |
| 176 | TESSLER | CRAIG | | |
| 182 | TURETSKY | AARON | | |
| 186 | WALSH | JAMES | | |
| 197 | WOLMAN | MINDY | G. | |
| 52 | ALEXANDER | JOAN | B. | |

**Compensation Rates**
Effective October 1, 2001, the Division of Budget has approved a revised maximum compensation rate for impartial hearing officers at the rate of $100 per hour for pre-hearing, hearing, and post-hearing activities. There is no maximum per diem on the number of hours for compensation.

For all hearings for which a district contracts with an impartial hearing officer prior to October 1, 2001, the maximum compensation remains at the rate $40 per hour rate, not to exceed $300 per day for a 7.5- hour day.