

MARJORIE LANDA
DEPUTY COMPTROLLER FOR
AUDIT

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
SCOTT M. STRINGER

BUREAU OF AUDIT

May 30, 2014

Honorable Carmen Fariña, Chancellor
New York City Department of Education
Tweed Building
52 Chambers Street
New York, NY 10007

Re:   Final Letter Report on the Controls over Payments for Carter Cases by the New York City Department of Education's Bureau of Non-Public Schools Payables (Audit Number FM13-087AL)

Dear Chancellor Fariña:

I am sending this Final Letter Report to provide you with results of the audit of the controls over payments made by the New York City Department of Education's (DOE) Bureau of Non-Public Schools Payables (NPSP) in accordance with the United States Supreme Court's decision in *Florence County School District Four v. Carter*, 510 U.S. 7 (1993).[1] The objective of this audit was to determine whether NPSP has adequate controls over payments resulting from legal proceedings against DOE following the Supreme Court's decision in *Carter* (Carter Cases).

## Background

DOE provides free primary and secondary education to more than one million students in New York City. As part of these educational services, DOE provides services and programs specifically designed to meet the needs of students with educational disabilities. Under the Individuals with Disabilities Education Act (IDEA), DOE is required to identify and evaluate students with disabilities and to meet with their parents to recommend appropriate programs and services through an Individualized Education Plan.

The IDEA establishes a mechanism for parents to challenge DOE's evaluation of their children and plans to address their special education needs by providing them with the opportunity to request an impartial hearing through which they can challenge DOE's

---

[1] In *Florence County School District Four v. Carter*, the United States Supreme Court held that parents who disagree with their child's individualized education program (IEP) can unilaterally place their children in a private school and in appropriate cases, receive reimbursement for these costs.

MUNICIPAL BUILDING • 1 CENTRE STREET, ROOM 1100 • NEW YORK, NY 10007
PHONE: (212) 669-8459 • FAX: (212) 815-8559 • MLANDA@COMPTROLLER.NYC.GOV
WWW.COMPTROLLER.NYC.GOV

Hyman Decl. Ex. T- 1

recommended educational plan for their children.[2] In addition, pursuant to the Supreme Court's decision in *Carter*, when a parent or guardian disagrees with DOE's recommended educational plan, they may elect to place the student in a non-public school and seek reimbursement for their costs or direct payment to the school by commencing legal proceedings against DOE.

DOE may elect to proceed with a hearing or settle the case. Where cases are resolved with a decision or agreement that DOE will pay costs associated with non-public education of special needs children, NPSP is responsible for issuing settlement, appeal, and enhanced rate Special Education Teacher Support Services (SETSS) payments.[3] It is DOE's controls over these payments that are the subject of this audit.[4] In FY 2012, NPSP issued $115,680,280 in payments for settlements, appeals, and enhanced rate SETSS.

## Conclusion

NPSP has adequate controls over payments it makes resulting from Carter Cases. We reviewed 119 payments issued in FY 2012 made on behalf of 50 sampled students, totaling $1,675,953: $1,623,008 in settlements, $46,345 in enhanced rate SETSS, and $6,600 in appeals. All 119 payments were made in accordance with the related stipulations. NPSP ensured that all required documents were submitted by the parents or the private schools before issuing payments. In cases where vendors billed incorrectly, NPSP recalculated the invoice and only paid for authorized expenditures. We found no duplicate payments in our sample. Finally, in our review of sampled payments for enhanced rate SETSS, NPSP did not make payments for hours where one provider's service hours overlapped with another provider's hours for the same student.

## Audit Scope and Methodology

We conducted this performance audit in accordance with generally accepted government auditing standards. Those standards require that we plan and perform the audit to obtain sufficient, appropriate evidence to provide a reasonable basis for our findings and conclusions based on our audit objectives. We believe that the evidence obtained provides a reasonable basis for our findings and conclusions based on our audit objectives. This audit was conducted in accordance with the audit responsibilities of the City Comptroller as set forth in Chapter 5, §93, of the New York City Charter.

---

[2] An impartial hearing is a legal proceeding before an impartial hearing officer (not a DOE employee) where parents and the school district present arguments, witnesses, if any, and evidence over the provision of special education.

[3] SETSS provides specifically designed and/or supplemental instruction to support the participation of a student with a disability in a general education classroom.

[4] In addition to the payments made by NPSP, DOE's Impartial Hearing Order Implementation Unit is responsible for making payments resulting from adjudicated hearings (impartial hearing orders). At the start of the 2011-2012 school year, DOE launched the Impartial Hearing Order Implementation Unit to manage the implementation of orders arising from these hearings. DOE's Office of General Counsel is responsible for overseeing the payment of legal fees related to Carter Cases. These payments were not included in this audit.

The scope period of this audit was Fiscal Year 2012, from July 1, 2011 to June 30, 2012. To gain an understanding of the legal process and evaluate NPSP's controls for issuing payment, we conducted walk-throughs and interviews with officials from DOE's Office of General Counsel and NPSP. The results were documented in memoranda and flowcharts. The controls were evaluated to determine whether they were adequately designed.

To achieve our audit objectives, we obtained a list of payments made by NPSP for Carter cases made in FY 2012. To determine whether the list was complete, we reconciled total disbursements on the list to the total disbursements processed through the City's Financial Management System (FMS).

To determine whether NPSP's controls were operating as designed, we randomly selected a sample of 50 students out of 3,392 students for whom NPSP issued Carter payments in FY 2012. On behalf of the random sample of 50 students, NPSP issued 119 payments totaling $1,675,953 in FY 2012. For the sample selected, we reviewed NPSP's student files, stipulations of settlements, and information for the students maintained in Financial Accounting Management Information System (FAMIS) and Special Education Student Information System (SESIS). We verified that all supporting documentation required by the stipulations (e.g. invoices, attendance records, and proof of payment) was submitted to NPSP before payments were issued. We also verified that NPSP issued payment for only the amount stated on the stipulations, and that there were no overpayments or duplicate payments.

The matters covered in this final letter report were discussed with DOE officials during and at the conclusion of this audit. A preliminary letter report was sent to DOE officials on May 8, 2014, with a request for comments. DOE officials decided to waive the exit conference and chose not to formally respond in writing because there were no adverse findings.

Sincerely yours,

Marjorie Landa

c:   Danya Labban, Auditor General, DOE
     Marlene Malamy, Deputy Auditor General, DOE
     Judy Nathan, First Deputy Counsel, DOE
     Mindy Tarlow, Director, Mayor's Office of Operations
     George Davis III, Deputy Director, Mayor's Office of Operations