## A07943 Summary:

```
BILL NO     A07943

SAME AS     SAME AS

SPONSOR     Weinstein

COSPNSR     Cymbrowitz

MLTSPNSR

Amd §4404, Ed L; add §1049-c, NYC Chart

Requires the appointment of impartial hearing officers in New York City school districts for appeals procedures
for children with handicapping conditions.
```

Hyman Decl.  Ex. GG- 1

**A07943 Memo:**

Hyman Decl. Ex. GG- 2

**NEW YORK STATE ASSEMBLY**
**MEMORANDUM IN SUPPORT OF LEGISLATION**
submitted in accordance with Assembly Rule III, Sec 1(f)

**NEW YORK STATE ASSEMBLY**
**MEMORANDUM IN SUPPORT OF LEGISLATION**
submitted in accordance with Assembly Rule III, Sec 1(f)

Hyman Decl. Ex. GG- 3

**BILL NUMBER:** A7943

**SPONSOR:** Weinstein

**TITLE OF BILL**:

An act to amend the education law, in relation to impartial hearings in school districts in cities with a population of one million or more

**SUMMARY OF PROVISIONS OF BILL**:

Bill sections 1 and 2 amend Education Law § 4404(1)(c) to authorize the New York City Office of Administrative Trials and Hearings (OATH) to appoint independent adjudicators (who would be primarily be employees of OATH, and may also include independent contractors) to conduct impartial hearings concerning placements of students with disabilities. OATH would train and certify the independent adjudicators. These sections also codify current State regulations that authorize impartial hearing officers to conduct hearings remotely.

Bill section 3 adds a new section 1049-c to Chapter 45 of the New York City Charter, creating a new Special Education Hearings Division within OATH responsible for functions conducted by impartial hearing officers pursuant to Education Law § S 4404 and 4410. Under § 1049-c(b), OATH's chief administrative law judge would direct the division; and would appoint, train, certify, evaluate, discipline and remove independent adjudicators, and determine their compensation. The chief administrative law judge would assign cases to the independent adjudicators on a rotational basis; set deadlines and other requirements for the disposition of cases as needed to comply with applicable mandates; and have authority to issue regulations to supplement regulations of the State Commissioner of Education.

Section 1049-c(c) requires the independent adjudicators to conduct hearings in a manner consistent with regulations issued by the State Education Commissioner and any additional regulations issued by the chief administrative law judge,and authorizes hearings to be conducted remotely.

Bill section 4 provides that existing rights and remedies will not be affected by reason of the adoption of this act. Bill section 5 provides that actions and proceedings pending at the effective date of this act will not be affected or abated by its adoption. Bill section 6 authorizes the State Commissioner of Education, OATH's chief administrative judge, and the New York City School District's Chancellor to promulgate rules necessary to effectuate the act consistent with applicable federal law.

Bill section 7 establishes an immediate effective date with a transition period that starts on the effective date and ends on the later of January 1, 2022 or 30 days after the date when OATH's chief administrative law judge certifies to the State Education Commissioner that OATH has taken all steps necessary to assume the responsibilities conferred on it by this act. Impartial hearing officers already assigned to cases prior to the effective date would continue to handle those cases. During the transition period, the City School District may refer cases to impartial hearing officers in accordance with provisions of the Education Law in effect prior to the transition period, or to OATH, in accordance with a random assignment system agreed upon between the City School District and OATH. After the conclusion of the transition period, impartial hearing officers would not be assigned new cases arising from City School District except by OATH. Bill section 7(3) provides for the amendments to Education Law § 4404 to be subject to the sunset of provisions of that section pursuant to Chapter 352 of the Laws of 2005.

**JUSTIFICATION**:

The City School District for the City of New York (the "City School

Hyman Decl. Ex. GG- 4

District") annually provides public education to over 1.1 million students who reside in New York City, and fully supports this bill. Under both the Individuals with Disabilities Education Act, and Article 89 of the Education Law, the New York City Department of Education (DOE) is required to evaluate and offer each student who resides in the City School District and is a student with a disability (as defined under federal and state law) a free appropriate public education ("FAPE"). The offer of FAPE is set forth in a written document known as an individualized education program ("IEP"), which is updated annually. Under the IDEA and Article 89, a parent of a student with a disability may challenge the identification, evaluation, or educational placement of the student, or the provision of a FAPE to the student, by filing a due process complaint ("DPC"), which commences an impartial due process hearing.  The City School District may also bring a challenge on some of these grounds. See 20 U.S.C. §§ 1415(b)(6), (c), (f)- (i).  The statutory schedule for the due process proceeding begins with a 30-day resolution period, during which the parties to the DPC are to try to amicably resolve their dispute. If resolution is unsuccessful (and/or the parties do not agree to mediation), there is a 45-day period (excluding lawfully granted extensions) for the trial of the due process complaint.

The New York City Impartial Hearing Office is currently charged with the administration of the impartial due process hearing system for the City District. However, the recruitment, training, certification, appointment and discipline of impartial hearing officers ("IHOs") is committed to the State Education Commissioner ("SED"). In addition, state regulations govern the practice before the IHOs.

Currently, there are thousands of due process complaints that have been filed with the New York City Impartial Hearing Office for which an IHO has not been assigned. This is the result of several factors.  First, to maintain certification, an impartial hearing officer need only accept one case every two years. Second, between roughly July and October every school year, thousands of DPCs are filed with the New York City Impartial Hearing Office (from July - October 2020 there were around 6500). Thus, not only is the current number of DPC filings extremely large, but also each year's DPC filings adds to the backlog. Third, the current roster of IHOs assigned to the New York City Impartial Hearing Office is insufficient to handle the caseload.  There is no requirement that an IHO carry a minimum case load; indeed more than half of IHOs carry twelve or fewer cases. Thus, the current system is not working, with the result that all parties are being deprived of timely due process.

The proposed legislation would replace the current system for the City School District with a full-time administrative adjudicatory system, with the goal of efficaciously eliminating the backlog and providing timely hearings going forward. The New York City Office of Administrative Trials and Hearings ("OATH"), a component of New York City government, not DOE, would be responsible for the new system.

OATH would be responsible for the recruitment, training, certification and appointment of a cadre of full-time hearing officers to hear both pending and newly filed DPCs. The officers would be required to have practiced law for at least 5 years, as compared to the one year currently required under State regulations, but as in State regulations they would be required to have at least one year of practice or experience in fields of particular relevance to the DPCs. OATH would also be responsible for implementing procedural rules concerning extensions of time, conduct of hearings, etc. as well as the discipline of IHOs. Because OATH is not part of DOE, there is no appearance of impropriety. Moreover, because OATH plans to staff its impartial hearing division with full-time administrative hearing adjudicators, it will have the staff and a dministrative structure to make it possible to have impartial hearings fairly and timely adjudicated, including trials on consecutive days, and to generate well-reasoned decisions based on the facts applicable to the student's current special education placement.

**LEGISLATIVE HISTORY**:

New bill.

**FISCAL IMPLICATIONS FOR STATE AND LOCAL GOVERNMENTS**:

None to the State of New York. Undetermined to the City of New York.

**EFFECTIVE DATE**:
Immediately, provided that:
1. Impartial hearing officers assigned prior to the conclusion of the transition period described in subdivision two of this section to review a due process complaint or preside over a due process hearing pursuant to sections 4404 and 4410 of the education law shall continue to have jurisdiction with respect to such cases. After the conclusion of the transition period, impartial hearing officers shall not be assigned new cases arising from the city school district of the city of New York except by the office of administrative trials and hearings of the city of New York.
2. A transition period shall commence upon the effective date of this act. During such transition period, the city school district of the city of New York may refer cases to impartial hearing officers in accordance with provisions of the education law in effect prior to the transition period, or to the office of administrative trials and hearings of the city of New York. Such referrals shall be made in accordance with a random assignment system agreed upon between the city school district and such office. Such transition period shall end on the later of January 1, 2022 or 30 days after the date when the chief administrative law judge of the New York city office of administrative trials and hearings certifies to the state education commissioner that such office has taken all steps necessary to assume the responsibilities conferred on such office by this act.
3. The amendments to paragraph c of subdivision 1 of section 4404 of the education law made by section one of this act shall be subject to the expiration and reversion of such subdivision pursuant to section 22 of chapter 352 of the laws of 2005, as amended, when upon such date the provisions of section two of this act shall take effect.

Hyman Decl. Ex. GG- 6

A07943 Text:

## STATE OF NEW YORK

_____

7943

2021-2022 Regular Sessions

## IN ASSEMBLY

June 2, 2021
_____

Introduced by M. of A. WEINSTEIN, EICHENSTEIN -- read once and referred to the Committee on Education

AN ACT to amend the education law, in relation to impartial hearings in school districts in cities with a population of one million or more

  The People of the State of New York, represented in Senate and Assembly, do enact as follows:

```
 1    Section 1. Paragraph c of subdivision 1 of section 4404 of the  educa-
 2  tion  law,  as amended by chapter 583 of the laws of 2007, is amended to
 3  read as follows:
 4    c. Individuals so appointed by a state agency or a board of  education
 5  [or  a state agency] other than the board in a city school district of a
 6  city having a population of more than one million inhabitants  shall  be
 7  selected  from  a  list of available impartial hearing officers who have
 8  successfully completed an impartial  hearing  officer  training  program
 9  conducted  by  the  department according to a rotation selection process
10  prescribed in regulations of  the  commissioner[, except that a city
11  school  district  of a city having a population of more than one million
12  inhabitants shall be exempt from such regulations to the extent it main-
13  tains its rotational selection process in effect prior  to  July  first,
14  nineteen  hundred  ninety-three].   In a city school district of a city
15  having a population of more  than  one  million  inhabitants,  impartial
16  hearing   officers  shall  be  appointed  from among independent adjudicators
17  employed by the office of administrative trials and hearings. An  impar-
18  tial  hearing officer may receive evidence, including but not limited to
19  documentary and testimonial evidence. Testimony may be given in  person,
20  by  telephone or video conference, provided that such testimony shall be
21  made under oath and shall be subject  to  cross  examination,  provided
22  further  that  all  personally identifiable data, information or records
23  pertaining to students with disabilities examined during such  testimony
24  shall  be  subject  to  the  confidentiality requirements established by
25  regulations of the commissioner. A  record  of  proceedings  before  the
```

   EXPLANATION--Matter in **italics** (underscored) is new; matter in brackets
                   [-] is old law to be omitted.
                                                            LBD11755-01-1

```
A. 7943                             2

 1  impartial  hearing officer shall be maintained and made available to the
 2  parties, and the hearing shall be conducted in accordance with the regu-
 3  lations of the commissioner. The board of education or trustees  of  the
 4  school  district or the state agency responsible for providing education
 5  to students with disabilities shall have the burden of proof,  including
 6  the burden of persuasion and burden of production, in any such impartial
 7  hearing,  except  that  a  parent or person in parental relation seeking
 8  tuition reimbursement for a unilateral parental placement shall have the
 9  burden of persuasion and burden of production on the appropriateness  of
10  such  placement.  The decision of the impartial hearing officer shall be
11  binding upon both parties unless appealed to the state  review  officer.
12  The  commissioner  shall  establish  a department training program which
13  shall be completed to the satisfaction of the commissioner as  a  condi-
14  tion of certification, **provided that the office of administrative trials**
15  **and  hearings  of  a  city  having a population of more than one million**
16  **inhabitants shall be authorized to grant certification  to  persons  who**
17  **have  completed  training  required by such office, and to require addi-**
18  **tional training for persons who have  received  certification  from  the**
19  **state  education  department**.  Impartial hearing officers shall have the
20  qualifications specified in subsection (f) of section  fourteen  hundred
21  fifteen  of  title  twenty  of  the United States code, the implementing
22  federal regulations and the regulations of the commissioner. The commis-
23  sioner  shall  promulgate  regulations  to  ensure  that no  individual
24  employed  by  a school district, school or program serving students with
25  disabilities placed by a school district committee on special  education
26  acts  as an impartial hearing officer and that no individual employed by
27  such schools or programs serves as an impartial hearing officer for  two
28  years  following  the  termination  of such employment. The commissioner
29  shall promulgate regulations establishing procedures for the  suspension
30  or revocation of impartial hearing officer certification for good cause.
31  The  commissioner  shall establish maximum rates for the compensation of
32  impartial hearing officers **appointed by a state agency  or  a  board  of**
33  **education  other  than  the  board  in  a city school district of a city**
34  **having a population of more than one million inhabitants,** subject to the
35  approval of the director of the division of the budget.
36    § 2. Subdivision 1 of section 4404 of the education law, as amended by
37  chapter 583 of the laws of 2007, is amended to read as follows:
38    1. If the recommendation of the committee on special education is  not
39  acceptable  to  the  parent  or  person  in  parental  relationship of a
40  student, or if the committee or board of education or trustees fails  to
41  make  or effectuate such a recommendation within such periods of time as
42  may be required by regulations of  the  commissioner,  such  parents  or
43  persons  in parental relationship shall notify the board of education of
44  this situation and the board shall appoint an impartial  hearing  officer
45  to  hear  the appeal and make a determination within such period of time
46  as the commissioner by regulation shall  determine,  provided  that  the
47  board  of  education  or  trustees  shall  offer the parent or person in
48  parental relationship  the  option  of  mediation  pursuant  to  section
49  forty-four hundred four-a of this article as an alternative to an impar-
50  tial  hearing. Individuals so appointed by a board of education shall be
51  selected from a list of available hearing officers who have successfully
52  completed a hearing officer training program conducted by the department
53  according to a rotation selection process prescribed in  regulations  of
54  the commissioner; except that **in** a city school district of a city having
55  a  population of more than one million inhabitants [~~shall be exempt from~~
56  ~~such regulations to the extent it maintains its rotational selection~~
```

```
        A. 7943                            3

 1  process in effect prior to July first, nineteen hundred ninety-three]
 2  impartial hearing officers shall be appointed from among independent
 3  adjudicators employed by the office of administrative trials and hear-
 4  ings. The impartial hearing officer may receive evidence, including but
 5  not limited to documentary and testimonial evidence. Testimony may be
 6  given in person, by telephone or video conference, provided that such
 7  testimony shall be made under oath and shall be subject to cross exam-
 8  ination, provided further that all personally identifiable data, infor-
 9  mation or records pertaining to students with disabilities examined
10  during such testimony shall be subject to the confidentiality require-
11  ments established by regulations of the commissioner. A record of
12  proceedings before the hearing officer shall be maintained and made
13  available to the parties. The board of education or trustees of the
14  school district or the state agency responsible for providing education
15  to students with disabilities shall have the burden of proof, including
16  the burden of persuasion and burden of production, in any such impartial
17  hearing, except that a parent or person in parental relation seeking
18  tuition reimbursement for a unilateral parental placement shall have the
19  burden of persuasion and burden of production on the appropriateness of
20  such placement. The decision of the hearing officer shall be binding
21  upon both parties unless appealed to the state review officer. The
22  commissioner shall establish a department training program which shall
23  be completed to the satisfaction of the commissioner as a condition of
24  certification, provided that the office of administrative trials and
25  hearings of a city having a population of more than one million inhabit-
26  ants shall be authorized to grant certification to persons who have
27  completed training required by such office, and to require additional
28  training for persons who have received certification from the state
29  education department. The commissioner shall develop and implement a
30  plan to ensure that no individual employed by a school district, school
31  or program serving students with disabilities placed by a school
32  district committee on special education acts as an impartial hearing
33  officer and that no individual employed by such schools or programs
34  serves as an impartial hearing officer for two years following the
35  termination of such employment. Such plan shall be fully implemented no
36  later than July first, nineteen hundred ninety-six. The commissioner
37  shall promulgate regulations establishing procedures for the suspension
38  or revocation of impartial hearing officer certification for good cause.
39  The commissioner shall establish maximum rates for the compensation of
40  impartial hearing officers appointed by a state agency or a board of
41  education other than the board in a city school district of a city
42  having a population of more than one million inhabitants, subject to the
43  approval of the director of the division of the budget. The commissioner
44  shall promulgate regulations establishing procedures and timelines for
45  expedited hearings in cases involving: (a) review of a decision that a
46  student with a disability's behavior was not a manifestation of such
47  student's disability, or (b) review of an interim alternative educa-
48  tional setting or other placement to the extent required under federal
49  law, or (c) a request by the school district for a determination that
50  maintaining the current educational placement of the student is substan-
51  tially likely to result in injury to the student or to others.
52    § 3. The New York city charter is amended by adding a new section
53  1049-c to read as follows:
54    § 1049-c. Special education hearings division. a. There shall be in
55  the office of administrative trials and hearings a special education
56  hearings division that shall be responsible for functions conducted by
```

Hyman Decl. Ex. GG- 9

A. 7943                                   4

1  <u>impartial hearing officers pursuant to sections forty-four hundred four</u>
2  <u>and forty-four hundred ten of the education law for the city school</u>
3  <u>district.</u>
4  <u>b. The chief administrative law judge shall have authority to:</u>
5  <u>1. direct the division with respect to its management and structure;</u>
6  <u>2. appoint a staff of full-time attorneys and maintain a supplemental</u>
7  <u>roster of independent contractors to serve as independent adjudicators</u>
8  <u>with the authority of impartial hearing officers acting under sections</u>
9  <u>forty-four hundred four and forty-four hundred ten of the education law.</u>
10 <u>Such independent adjudicators shall have the qualifications required by</u>
11 <u>such sections and applicable regulations of the state education commis-</u>
12 <u>sioner, provided that they shall have a minimum of five years experience</u>
13 <u>in the practice of law, including at least one year of practice or expe-</u>
14 <u>rience in the areas of education, special education, disability rights,</u>
15 <u>civil rights or administrative law;</u>
16 <u>3. train and certify such attorneys and independent contractors as</u>
17 <u>qualified to conduct hearings pursuant to sections forty-four hundred</u>
18 <u>four and forty-four hundred ten of the education law, and require</u>
19 <u>persons who have certification granted by the state education department</u>
20 <u>to receive additional training to supplement the training provided</u>
21 <u>pursuant to the education law and applicable regulations;</u>
22 <u>4. determine the compensation of such independent adjudicators;</u>
23 <u>5. assign independent adjudicators to cases on a rotational basis;</u>
24 <u>6. set deadlines and other requirements for the disposition of cases</u>
25 <u>as needed to comply with applicable mandates;</u>
26 <u>7. evaluate, discipline and remove independent adjudicators in a</u>
27 <u>manner consistent with sections thirteen-a, three hundred eighty-seven</u>
28 <u>and eight hundred twelve of this charter. Independent adjudicators in</u>
29 <u>the special education division shall not be subject to the provision of</u>
30 <u>section one thousand forty-nine of this chapter that requires adminis-</u>
31 <u>trative law judges to be appointed for a term of five years, and shall</u>
32 <u>not be required to reside within the city;</u>
33 <u>8. promulgate regulations concerning the conduct of impartial hearings</u>
34 <u>that supplement regulations of the state education commissioner in order</u>
35 <u>to promote the fair and efficient resolution of cases; and</u>
36 <u>9. take such other actions consistent with state regulations as the</u>
37 <u>chief administrative law judge determines necessary to effectuate the</u>
38 <u>prompt and efficient resolution of cases.</u>
39 <u>c. Independent adjudicators shall conduct hearings in a manner</u>
40 <u>consistent with regulations issued by the state education commissioner</u>
41 <u>pursuant to section forty-four hundred four and forty-four hundred ten</u>
42 <u>of the education law, and any additional regulations issued by the chief</u>
43 <u>administrative law judge. They may receive evidence, including but not</u>
44 <u>limited to documentary and testimonial evidence. Testimony may be given</u>
45 <u>in person, by telephone or video conference, provided that such testimo-</u>
46 <u>ny shall be made under oath and shall be subject to cross examination,</u>
47 <u>provided further that all personally identifiable data, information or</u>
48 <u>records pertaining to students with disabilities examined during such</u>
49 <u>testimony shall be subject to the confidentiality requirements estab-</u>
50 <u>lished by regulations of the state education commissioner and any addi-</u>
51 <u>tional confidentiality requirements established by the chief administra-</u>
52 <u>tive law judge.</u>
53 § 4. No existing right or remedy of any character shall be lost,
54 impaired or affected by reason of the adoption of this act.
55 § 5. No action or proceeding, administrative, civil or criminal, pend-
56 ing at the time when this act shall take effect, brought by or against

Hyman Decl. Ex. GG- 10

```
A. 7943                                  5

 1  the city school district of the city of New York or any agency or  offi-
 2  cer  of  such city  school  district, or any impartial hearing officer,
 3  shall be affected or abated by the adoption of this act or  by  anything
 4  contained herein.
 5    § 6. The state education commissioner, the chief administrative judge
 6  of the New York city office of administrative trials and  hearings,  and
 7  the  chancellor  of  the  New York city school district shall promulgate
 8  such regulations as are necessary to effectuate the purposes of this act
 9  consistent with applicable requirements of federal law, and  shall  take
10  such  other steps as are necessary to implement the requirements of this
11  act.
12    § 7. This act shall take effect immediately, provided that:
13    1. Impartial hearing officers assigned prior to the conclusion of  the
14  transition period described in subdivision two of this section to review
15  a  due  process complaint or preside over a due process hearing pursuant
16  to sections 4404 and 4410 of the education law shall  continue  to  have
17  jurisdiction  with  respect  to  such cases. After the conclusion of the
18  transition period, impartial hearing officers shall not be assigned  new
19  cases  arising  from  the  city  school district of the city of New York
20  except by the office of administrative trials and hearings of  the  city
21  of New York.
22    2.  A transition period shall commence upon the effective date of this
23  act. During such transition period, the city school district of the city
24  of New York may refer cases to impartial hearing officers in  accordance
25  with  provisions  of the education law in effect prior to the transition
26  period, or to the office of administrative trials and  hearings  of  the
27  city  of  New  York.  Such  referrals shall be made in accordance with a
28  random assignment system agreed upon between the  city  school  district
29  and  such office. Such transition period shall end on the later of Janu-
30  ary 1, 2022 or 30 days after the date when the chief administrative  law
31  judge  of the New York city office of administrative trials and hearings
32  certifies to the state education commissioner that such office has taken
33  all steps necessary to assume the  responsibilities  conferred  on  such
34  office by this act.
35    3.  The  amendments to paragraph c of subdivision 1 of section 4404 of
36  the education law made by section one of this act shall  be  subject  to
37  the  expiration and reversion of such subdivision pursuant to section 22
38  of chapter 352 of the laws of 2005, as amended, when upon such date  the
39  provisions of section two of this act shall take effect.
```

Hyman Decl. Ex. GG- 11