CHAPTER *403*

LAWS OF 19 *93*                          MEMORANDUM NO.

SENATE BILL                          ASSEMBLY BILL *7189-A*

7189--A

1993-1994 Regular Sessions

# IN ASSEMBLY

March 30, 1993

Introduced by M. of A. HEVESI, Del TORO -- read once and referred to the
Committee on Education -- reported and referred to the Committee on
Rules -- Rules Committee discharged, bill amended, ordered reprinted
as amended and recommitted to the Committee on Rules

AN ACT to amend the education law, in relation to procedures for con-
ducting impartial hearing for students with disabilities

IN THE SENATE BY *S.4881-A  Libous*

DATE RECEIVED BY GOVERNOR:

*7/9*

ACTION MUST BE TAKEN BY:

*7/31/93*

DATE GOVERNOR'S ACTION TAKEN:

**JUL 2 1 1993**

000001

Hyman Decl.  Ex. JJ- 1

Digitized by the New York State Library from the Library's collections.

SENATE VOTE  **54** Y  **O** N

E  **6/25/93**

ASSEMBLY VOTE **138** Y  **O** N

E  **6/24/93**

HOME RULE MESSAGE ____ Y **✓** N

BILL IS DISAPPROVED

DATE _____

COUNSEL TO THE GOVERNOR

000002

Hyman Decl.  Ex. JJ- 2

Digitized by the New York State Library from the Library's collections.

**1993**

# ASSEMBLY

The Assembly Bill
by Assem. **HEVESI**   Calendar No. **921**   Assembly No. **7189-A**   Sen. Rept. No. _____
Entitled: "

AN ACT to amend the education law, in relation to procedures for con-
ducting impartial hearing for students with disabilities

"was read the third time

The President put the question whether the Senate would agree to the final passage of said bill, the same having been printed and upon the desks of the members in its final form at least three calendar legislative days, and it was decided in the affirmative, a majority of all the Senators elected voting in favor thereof and three-fifths being present, as follows:

| AYE | Dist. | | NAY | AYE | Dist. | | NAY |
|---|---|---|---|---|---|---|---|
| | 19 | Mr. Babbush | EXCUSED | | 23 | Mr. Mega | |
| | 43 | Mr. Bruno | | | 28 | Mrs. Mendez | |
| | 25 | Mr. Connor | | | 18 | Ms. Montgomery | |
| | 40 | Mr. Cook | | | 42 | Mr. Nolan | |
| | 61 | Mr. Daly | | | 53 | Mr. Nozzolio | |
| | 49 | Mr. DeFrancisco | | | 27 | Mr. Ohrenstein | |
| | 54 | Mr. Dollinger | | | 14 | Mr. Onorato | |
| | 32 | Mr. Espada | EXCUSED | | 36 | Mrs. Oppenheimer | |
| | 44 | Mr. Farley | | | 11 | Mr. Padavan | |
| | 33 | Mr. Galiber | | | 37 | Mr. Pataki | |
| | 13 | Mr. Gold | | | 29 | Mr. Paterson | EXCUSED |
| | 31 | Mr. González | | | 56 | Mr. Present | |
| | 26 | Mr. Goodman | | | 41 | Mr. Saland | |
| | 21 | Mr. Halperin | | | 17 | Ms. Santiago | |
| | 6 | Mr. Hannon | | | 47 | Mr. Sears | |
| | 48 | Ms. Hoffmann | | | 50 | Mr. Seward | |
| | 38 | Mr. Holland | | | 60 | Mr. Sheffer | |
| | 4 | Mr. Johnson | | | 9 | Mr. Skelos | EXCUSED |
| | 55 | Ms. Jones | | | 12 | Miss Smith | |
| | 52 | Mr. Kuhl | | | 22 | Mr. Solomon | |
| | 2 | Mr. Lack | | | 35 | Mr. Spano | |
| | 39 | Mr. Larkin | | | 58 | Mr. Stachowski | |
| | 1 | Mr. LaValle | | | 45 | Mr. Stafford | |
| | 30 | Mr. Leichter | | | 16 | Mr. Stavisky | |
| | 8 | Mr. Levy | | | 3 | Mr. Trunzo | |
| | 51 | Mr. Libous | | | 7 | Mr. Tully | |
| | 15 | Mr. Maltese | | | 34 | Mr. Velella | |
| | 24 | Mr. Marchi | | | 59 | Mr. Volker | |
| | 5 | Mr. Marino | | | 10 | Mr. Waldon | |
| | 20 | Mr. Markowitz | EXCUSED | | 46 | Mr. Wright | |
| | 57 | Mr. Masiello | | | | | |

AYES **54**
NAYS **0**

Ordered, that the Secretary return said bill to the Assembly with a message that the Senate has concurred in the passage of the same.

000003

Hyman Decl.  Ex. JJ- 3

Digitized by the New York State Library from the Library's collections.

**NEW YORK STATE ASSEMBLY**
**TWO HUNDRED SIXTEENTH SESSION**

REPRINT
DATE: 06/24/93

DATE: 06/24/1993
TIME: 02:14:05 PM

BILL: A7189-A                    R.R. NO: 596   SPONSOR: HEVESI (MS)

Authorizes the commissioner of education to establish criteria for the selection of impartial hearing officers for students with disabilities

| | | | | | |
|---|---|---|---|---|---|
| Y | Abbate PJ | EOR | Genovesi AJ | Y | Oaks RC |
| Y | Alesi JS | Y | Glick DJ | Y | O'Neil CA |
| Y | Anderson RR | Y | Gottfried RN | Y | Ortloff C |
| Y | Aubry JL | Y | Graber VJ | Y | O'Shea CJ |
| Y | Balboni MA | ABS | Grannis A | Y | Parment WL |
| Y | Barbaro FJ | Y | Green RL | Y | Parola FE |
| Y | Barraga TF | Y | Greene A | Y | Perry NN |
| Y | Becker GR | Y | Griffith E | Y | Pheffer AI |
| Y | Behan JL | Y | Gromack AJ | Y | Pillittere JT |
| Y | Bennett LE | Y | Gunther JE | Y | Pordum FJ |
| Y | Bianchi IW | Y | Harenberg PE | Y | Prescott DW |
| Y | Bonacic JJ | Y | Healey PB | Y | Pretlow JG |
| Y | Boyland WF | Y | Heskin AG | Y | Proskin AV |
| Y | Bragman MJ | Y | Hickey EM | EOR | Ramirez R |
| Y | Brennan JF | EOR | Hikind D | Y | Rappleyea CD |
| Y | Brodsky RL | Y | Hill EH | Y | Ravitz J |
| Y | Brown HC | Y | Hochberg AG | Y | Reynolds TM |
| Y | Butler DJ | Y | Hoffman EC | Y | Rivera PM |
| Y | Cahill KA | Y | Hoyt WB | Y | Robach JE |
| Y | Calhoun N | Y | Jacobs RS | Y | Rosado D |
| Y | Canestrari RJ | Y | Jenkins C | Y | Sanders S |
| Y | Casale AJ | Y | John SV | Y | Sawicki J |
| Y | Casale PM | Y | Johnson J | Y | Schimminger RL |
| Y | Christensen JK | Y | Kaufman SB | Y | Seabrook L |
| Y | Clark BM | EOR | Keane RJ | Y | Seminerio AS |
| Y | Cochrane JC | Y | King JP | Y | Sidikman DS |
| Y | Colman S | Y | Koppell GO | Y | Silver S |
| Y | Connelly EA | Y | Lafayette IC | Y | Singer CD |
| Y | Conte JD | Y | Lasher HL | Y | Straniere RA |
| Y | Cook VR | Y | Leibell VL | Y | Stringer SM |
| Y | Crowley J | Y | Lentol JR | Y | Sullivan EC |
| Y | D'Andrea RA | EOR | Lopez VJ | Y | Sullivan FT |
| Y | Davidsen DR | Y | Luster MA | Y | Sweeney RK |
| Y | Davis G | Y | Magee B | Y | Tallon JR |
| Y | Del Toro A | Y | Matusow NC | Y | Talomie FG |
| Y | Destito RM | Y | Mayersohn N | Y | Tedisco J |
| Y | Diaz HL | Y | McEneny JJ | Y | Tocci RC |
| Y | DiNapoli TP | Y | McGee PK | EOR | Tokasz P |
| EOR | Dugan EC | Y | McLaughlin BM | Y | Tonko PD |
| Y | Englebright S | Y | Meeks GW | EOR | Towns DC |
| Y | Eve AO | Y | Miller RH | Y | Townsend DR |
| Y | Farrell HD | Y | Morelle JD | Y | Vann A |
| Y | Faso JJ | Y | Murtaugh JB | Y | Vitaliano EN |
| Y | Feldman D | Y | Muscarella VT | EOR | Warren GE |
| Y | Ferrara D | Y | Nesbitt CH | Y | Weinstein HE |
| Y | Fessenden DJ | Y | Nicoletti JA | Y | Weisenberg H |
| Y | Flanagan JJ | Y | Nieves JA | Y | Wertz RC |
| Y | Friedman G | Y | Nolan CT | Y | Winner GH |
| Y | Galef SR | EOR | Norman C | Y | Wright KL |
| Y | Gantt DF | Y | Nortz HR | | Mr. Speaker |

YEAS: 138                    NAYS:   0

CONTROL: 55858514          CERTIFICATION: /S/ FRANCINE M. MISASI
                                          CLERK OF THE ASSEMBLY

LEGEND: Y=YES,NAY=NO,NV=ABSTAIN,ABS=ABSENT,
        ELB=EXCUSED FOR LEGISLATIVE BUSINESS,EOR=EXCUSED FOR OTHER REASONS.

000064

Hyman Decl.  Ex. JJ- 4

Digitized by the New York State Library from the Library's collections.

*S.4881-A*
*A.7189-A*



THOMAS W. LIBOUS
SENATOR, 51ST DISTRICT

**CHAIRMAN**
COMMITTEE ON ALCOHOLISM
AND DRUG ABUSE
**CHAIRMAN**
SELECT COMMITTEE ON THE DISABLED

**COMMITTEES**
AGING
BANKS
COMMERCE, ECONOMIC DEVELOPMENT
AND SMALL BUSINESS
CONSUMER PROTECTION
EDUCATION
ELECTIONS
HEALTH
LEGISLATIVE COMMISSION ON
SCIENCE AND TECHNOLOGY

**THE SENATE
STATE OF NEW YORK**

ALBANY OFFICE
ROOM 815 LOB
ALBANY, NEW YORK 12247
(518) 455-2677

DISTRICT OFFICES
SUITE 510
84 COURT STREET
BINGHAMTON, NEW YORK 13901
(607) 773-8771

167 MAIN STREET
OWEGO, NEW YORK 13827
(607) 687-3399

34-36 SOUTH BROAD STREET
NORWICH, NEW YORK 13815
(607) 336-3401

TDD (518) 426-6916

June 28, 1993

Honorable Elizabeth D. Moore
Counsel to the Governor
Executive Chamber
The Capitol
Albany, New York 12224

Dear Elizabeth:

As the Senate sponsor of S.4881-A/A.7189-A, I'd like to reemphasize my strong support for this legislation as it's considered by the Governor.

This bill would amend the Education Law to authorize the Commissioner of Education to establish criteria for the selection of qualified impartial hearing officers and procedures for their appointment by a local Board of Education. It would also empower the Commissioner to set maximum rates for hearing officers.

I believe that this legislation is important because it would minimize potential conflicts of interest and the appearance of impropriety which exist when a hearing officer works for a school district and also serves as a hearing officer in cases where one of the parties is a school district.

In addition, allowing the Commissioner to set maximum rates of compensation for impartial hearing officers would provide an equitable rate setting mechanism. It would also control the cost of impartial hearings.

For these reasons, I respectfully request that S.4881-A/A.7189-A be signed into law by the Governor as a Chapter of the Laws of 1993.

With warm regards, I am

Sincerely yours,

THOMAS W. LIBOUS
State Senator

TWL/skb

Hyman Decl.  Ex. JJ- 5

Digitized by the New York State Library from the Library's collections.

SED NO. 39

MEMORANDUM IN SUPPORT OF "AN ACT TO AMEND THE EDUCATION LAW, IN RELATION TO PROCEDURES FOR CONDUCTING IMPARTIAL HEARINGS FOR STUDENTS WITH DISABILITIES"

Purpose of the bill:

To provide specific authority to the Commissioner of Education to establish criteria for the selection of qualified impartial hearing officers (IHO) and procedures for their appointment by a local board of education. In addition, this bill would empower the Commissioner to set maximum rates for hearing officers to provide equitable rate setting mechanisms and controls over the cost of impartial hearings.

Summary of the provisions of the bill:

This proposal amends Section 4404(1) of the Education Law to require that impartial hearing officers be appointed through a rotational selection process and to authorize the Commissioner of Education to establish procedures for the suspension or revocation of certification of impartial hearing officers. The proposal would require the Commissioner to develop and implement a plan to preclude individuals who are employed or had been employed within two years by a school district, school or program serving students with disabilities from acting as impartial hearing officers. The proposal also establishes the Commissioner's authority to set maximum rates of compensation for impartial hearing officers.

Statement in support of the bill:

Currently, impartial hearing officers are certified by the New York State Education Department upon the successful completion of a five-day training program. Anyone expressing an interest in becoming a hearing officer may enroll in the training program, and the selection of a hearing officer is made by the local board of education from a list of State certified hearing officers. Compensation for impartial hearing officers is set by the local school board.

In order to ensure impartiality, the bill authorizes the Commissioner to promulgate regulations that provide for the rotational selection of hearing officers by boards of education from the list of State certified hearing officers except in New York City to the extent the City Board maintains its rotational selection process in effect as of July 1, 1993. By prohibiting individuals employed by school districts, schools or programs serving students with disabilities from acting as hearing officers and by creating a two year ban after such employment, the proposal serves to minimize potential conflicts of interest and the appearance of impropriety. The bill also addresses the need to establish maximum compensation rates for impartial hearing officers as a cost containment measure. In addition, the bill authorizes the Commissioner to promulgate regulations establishing procedures for the suspension or revocation of impartial hearing officer certification for good cause to maintain adequate quality control.

Hyman Decl. Ex. JJ- 6

Budgetary implications of the bill:

This bill would not result in any increased cost to the state.  We estimate that the bill would result in cost savings of $1.3 million to school districts.

For further information, contact:

Richard J. Trautwein
Assistant Counsel for Legislation
  and Rule Making
Office of Counsel
State Education Department
(518) 474-8792

Respectfully submitted,

Lizette A. Cantres
Counsel and Deputy Commissioner
  for Legal Affairs
State Education Department

March 8, 1993

000007

Hyman Decl.  Ex. JJ- 7

Digitized by the New York State Library from the Library's collections.

921

SED NO. 4881

MEMORANDUM IN SUPPORT OF "AN ACT TO AMEND THE EDUCATION LAW,
IN RELATION TO PROCEDURES FOR CONDUCTING IMPARTIAL HEARINGS
FOR STUDENTS WITH DISABILITIES" ·

Purpose of the bill:

To provide specific authority to the Commissioner of Education to establish criteria
for the selection of qualified impartial hearing officers (IHO) and procedures for their
appointment by a local board of education.  In addition, this bill would empower the
Commissioner to set maximum rates for hearing officers to provide equitable rate setting
mechanisms and controls over the cost of impartial hearings.

Summary of the provisions of the bill:

This proposal amends Section 4404(1) of the Education Law to authorize the
Commissioner of Education to establish eligibility criteria and procedures for the
certification, appointment, suspension and revocation of certification of impartial hearing
officers.  The proposal would require the Commissioner to develop and implement a plan
to preclude individuals who are employed or had been employed within two years by a
school district, school or program serving students with disabilities from acting as impartial
hearing officers.  The proposal also establishes the Commissioner's authority to set maximum
rates of compensation for impartial hearing officers.

Statement in support of the bill:

Currently, impartial hearing officers are certified by the New York State Education
Department upon the successful completion of a five-day training program.  Anyone
expressing an interest in becoming a hearing officer may enroll in the training program, and
the selection of a hearing officer is made by the local board of education from a list of State
certified hearing officers.  Compensation for impartial hearing officers is set by the local
school board.

In order to ensure impartiality, the bill authorizes the Commissioner to promulgate
regulations that provide for the rotational selection of hearing officers by boards of
education from the list of State certified hearing officers except in New York City to the
extent the City Board maintains its rotational selection process in effect as of July 1, 1993.
By prohibiting individuals employed by school districts, schools or programs serving students
with disabilities from acting as hearing officers and by creating a two year ban after such
employment, the proposal serves to minimize potential conflicts of interest and the
appearance of impropriety.  The bill also addresses the need to establish maximum
compensation rates for impartial hearing officers as a cost containment measure.  In
addition, the bill authorizes the Commissioner to promulgate regulations establishing
procedures for the suspension or revocation of impartial hearing officer certification for good
cause to maintain adequate quality control.

Budgetary implications of the bill:

This bill would not result in any increased cost to the state.  We estimate that the bill
would result in cost savings of $1.3 million to school districts.

For further information, contact:

Richard J. Trautwein
Assistant Counsel for Legislation
  and Rule Making
Office of Counsel
State Education Department
(518) 474-8792

Respectfully submitted,

Lizette A. Cantres
Counsel and Deputy Commissioner
  for Legal Affairs
State Education Department

Dept. Decl. Ex. JJ- 8

000008

Digitized by the New York State Library from the Library's collections.

March 8, 1993

**TO COUNSEL TO THE GOVERNOR**

**RE:  SENATE**

    **ASSEMBLY**   7189–A

    Inasmuch as this bill does not appear to relate to the functions of the Department of Law, I am not commenting thereon, at this time.  However, if there is a particular aspect of the bill upon which you wish comment, please advise me.

                                      **ROBERT ABRAMS**
                                      **ATTORNEY GENERAL**

**Dated:** June 28, 1993

060069

Digitized by the New York State Library from the Library's collections.

DN

*A.7189 A*

**10 DAY BILL**

| | | |
|---|---|---|
| B-201 | **BUDGET REPORT ON BILLS** | **Session Year 1993** |
| **SENATE** | Introduced by: | **ASSEMBLY** |
| No. | M. of A. Hevesi, DelToro | No.7189-A |
| Law: Education | | Sections: 4404(1) |

**Division of the Budget recommendation on the above bill:**

Approve:__X__ Veto:_____ No Objection:_____ No Recommendation:_____

1.   Subject and Purpose:

     To ensure the impartiality of persons who hear parental appeals of
     committee on special education recommendations, and to establish
     maximum compensation rates for hearing officers as a cost containment
     measure.

2.   Summary of Provisions:

     Current Education Law, section 4404, subdivision 1, provides that
     boards of education shall appoint impartial hearing officers to hear
     appeals made by parents or persons in parental relationships of
     children with disabilities who disagree with the recommendations of
     committees on special education.  Impartial hearing officers are
     certified by SED upon the successful completion of a five-day training
     program.  Anyone expressing an interest in becoming a hearing officer
     may enroll in the training program, and the selection of a hearing
     officer is made by the local board of education from a list of State
     certified hearing officers.  Compensation for impartial hearing
     officers is set by the local school board.

     Effective July 1, 1993, this bill would amend section 4404,
     subdivision 1, of the Education Law to:

     a.   Clarify that the decision of the hearing officer shall be binding
          upon both parties unless appealed to the State review officer;

     b.   Authorize the Commissioner of Education to establish eligibility
          criteria and procedures for the certification, appointment,
          suspension and revocation of certification of impartial hearing
          officers, including the establishment of a department training
          program to be completed as a condition of certification;

     c.   Require the Commissioner to develop and implement a plan to
          preclude individuals who are employed or had been employed within
          two years by a school district, school or program serving
          students with disabilities from acting as impartial hearing
          officers.  Such plan would be fully implemented no later than
          July 1, 1996;

000019

Hyman Decl.  Ex. JJ- 10

Digitized by the New York State Library from the Library's collections.

      d.    Establish the Commissioner's authority to set maximum rates of compensation for impartial hearing officers, subject to the approval of the Director of the Division of the Budget; and

      e.    Authorize the Commissioner to promulgate regulations that provide for the rotational selection of hearing officers by boards of education from the list of State certified hearing officers, with the exception of New York City[1].

3.    **Legislative History:**

The Commission on Quality of Care for the Mentally Disabled submitted similar legislative proposals in 1989, 1990 and 1991 which were not introduced.  In the 1992 session year, a similar proposal from the Commission on Quality of Care was introduced as S.7510, but was not passed by the Legislature.

In the 1991 and 1992 session years, a similar SED departmental proposal was introduced as S.4775.  Another proposal was introduced in the Assembly as A.8663.  Neither proposal was passed by the Legislature.

4.    **Arguments in Support:**

      a.    The current process for resolution of placements and related issues has been questioned by parents of children with disabilities at the local level.  When hearing officers are selected and employed by the school district, there is a perception that decisions favor the school district.  Litigation is currently pending in the second circuit which questions the ability of a hearing officer to be impartial when selected and employed by the school district.

           By prohibiting individuals employed by school districts, schools or programs serving students with disabilities from acting as hearing officers; by creating a two-year ban after such employment; and by establishing a rotation selection process, this bill would minimize potential conflicts of interest and the appearance of impropriety.

           As a result, the bill could minimize the number of cases appealed to the State review level if parents believe they are receiving a fair hearing at the local level.  Fewer appeals could therefore result in lower State costs.

      b.    The bill would address the need to establish maximum compensation rates for impartial hearing officers as a cost containment measure.  Since such rates would be subject to the approval of the Division of the Budget, the Division has the ability to ensure that the rates conform to other hearing officer rates State-wide.

---

[1]New York City was excluded from the rotational requirement because NYC already has a rotational selection process which is reportedly working well.

                                   GGGGII

Hyman Decl.  Ex. JJ- 11

Digitized by the New York State Library from the Library's collections.

    c.    The bill would maintain adequate quality control by authorizing the Commissioner to promulgate regulations establishing procedures for the suspension or revocation of impartial hearing officer certification for good cause.

5.    <u>Possible Objections</u>:

    a.    It could be argued that the bill's limitation on who can be chosen to serve as a hearing officer is inconsistent with the Commissioner of Education's efforts to increase flexibility for school districts.  Moreover, this bill would duplicate current SED regulations which ensure that hearing officers are impartial and receive training.

    b.    It could also be argued that this proposal would significantly reduce the selection pool of impartial hearing officers, especially in rural school districts.  Moreover, it is likely that the remaining pool would consist primarily of career hearing officers and parents of students with disabilities.  Accordingly, it may be difficult to find good career hearing officers at government established maximum daily rates and there is no assurance that parents of students with disabilities will be more impartial than school district employees.

6.    <u>Other State Agencies Interested</u>:

The State Education Department strongly supports this bill, as it is a departmental program bill.

The Commission on Quality of Care for the Mentally Disabled also supports this bill, as it is similar to their legislative proposals submitted in prior years.

In addition, the Advocate for the Disabled supports this bill, as they believe it would improve the impartiality of the hearing process.

7.    <u>Other Interested Groups</u>:

The New York State School Boards Association supports portions of the bill pertaining to the rotational selection and training of hearing officers, but is opposed to the bill's limitations on current and prior employment of hearing officers.  School Boards would support this bill if it were amended to exclude only those school district employees who are directly involved in the placement of a student with disabilities from serving as hearing officers.

8.    <u>Budget Implications</u>:

It is not expected that this bill would result in increased costs to the State.  The bill could result in significant cost savings to school districts depending on the maximum daily rate set for hearing officers.  Because the current average for such officers exceeds rates for other types of hearing officers in the State, it is possible that cost savings in excess of a million dollars could be achieved.  Furthermore, improved efficiencies are expected to result in administrative cost savings.

000012

Digitized by the New York State Library from the Library's collections.

While the bill would require a revision of SED's training program for hearing officer certification, SED is planning to revise this program regardless of this bill's enactment, and to fund such revisions within existing Federal discretionary funds.  Therefore, no State fiscal implications are expected.

9.    Recommendation:

While it can be argued that this bill would unnecessarily duplicate current SED regulations, it is clear that there is at least a perception that school district employees serving as hearing officers are influenced in their decisions by the nature of their employment.

Because this bill would improve the impartiality of hearing officers and has the potential for significant local cost savings, we therefore recommend approval.

Date:    7/2/93                    Examiner:

Disposition:                      Chapter No.              Veto. No.

000013

Hyman Decl.  Ex. JJ- 13

Digitized by the New York State Library from the Library's collections.



**STATE OF NEW YORK**
**DEPARTMENT OF STATE**
ALBANY. N.Y. 12231-0001

GAIL S. SHAFFER
SECRETARY OF STATE

# M E M O R A N D U M

**DATE:**      June 30, 1993

**TO:**        Hon. Elizabeth D. Moore
              Counsel to the Governor

**FROM:**      James N. Baldwin
              Executive Deputy Secretary of State

**SUBJECT:**   A. 374 (M. of A. Bragman, Grannis)
              A.2634 (M. of A. Robach)
              A.2666;S.1589 (M. of A. Nolan; Sen. Onorato)
              A.3646;S.2095 (M. of A. Diaz; Sen. Espada)
              A.4135 (M. of A. John, Robach, Gromack, Lafayette)
              A.4349 (M. of A. Lasher)
              A.4618-A (M. of A. Lasher, Lopez, Cook, Boyland)
              A.6023;S.3560 (M. of A. Tonko; Sen. Farley)
              A.6199-A (M. of A. Murtaugh, Sanders)
              A.6609 (M. of A. Magee, Abbate, Bianchi)
              A.7189 (M. of A. Hevesi, Del Toro)
              A.7873 (Introduced by Committee on Rules)
              A.7891; S.5667 (Introduced by Committee on Rules;
                         Sen. Trunzo)
              A.8420 (M. of A. Schmmminger)
              A.7979 (M. of A. Nolan)
              A.8498;S.5911 (M. of A. Silver; Sen. Stafford)

     The Department of State offers no comments on the subject
bills.

     JNB:ub

000014     ♻ printed on recycled paper

Hyman Decl.  Ex. JJ- 14

Digitized by the New York State Library from the Library's collections.





A. 7189 A

THE STATE EDUCATION DEPARTMENT

COUNSEL AND DEPUTY COMMISSIONER FOR LEGAL AFFAIRS

June 30, 1993

TO:                        Counsel to the Governor

FROM:                   Lizette A. Cantres

SUBJECT:               A.7189-A

RECOMMENDATION:   Approval

REASON FOR RECOMMENDATION:

     This bill amends Education Law §4404(1) to require that impartial hearing officers appointed to conduct hearings on disputes relating to the special education services and programs recommended for children with disabilities be selected through a rotational selection process. The bill also requires the Commissioner of Education to develop and implement a plan to preclude individuals who are employed by a school district, school or program serving children with disabilities, or were so employed within the past two years, from serving as impartial hearing officers. The bill requires that the plan be fully implemented by July 1, 1996. The bill also authorizes the Commissioner to adopt regulations establishing procedures for the suspension or revocation of the certification of impartial hearing officers. Finally, the bill authorizes the Commissioner to establish maximum rates for the compensation of impartial hearing officers, subject to approval of the director of the budget.

     This bill is 1993 Regents Legislative Proposal SED No. 39. The State Education Department recommends approval of this bill for the reasons stated in the attached memorandum.

Enclosure

000015

Digitized by the New York State Library from the Library's collections.

DN

A. 7189-A
S. 4881-A



**COUNSEL**

STATE OF NEW YORK

COMMISSION ON QUALITY OF CARE

FOR THE MENTALLY DISABLED
99 WASHINGTON AVENUE, SUITE 1002
ALBANY, NEW YORK 12210
(518) 473-4065

PAUL F STAVIS
COUNSEL

June 30, 1993

ASSISTANT COUNSELS
PATRICIA W JOHNSON
V JEROME LUHN

Honorable Elizabeth D. Moore
Counsel to the Governor
Office of Counsel to the Governor
Executive Chamber
State Capitol, Room 210
Albany, NY  12224

                    Re:  Assembly Bill 7189-A

Dear Ms. Moore:

    Thank you for referring this bill which has passed both Houses
of the Legislature to our attention for review.  The Commission on
Quality of Care recommends that the Governor sign this bill into
law to assure that special education hearing officers are selected
in accordance with the rotation selection process prescribed by
regulations promulgated by the State Education Department (SED).

    As provided for by federal law, states have the authority to
establish either a one-tier or a two-tier hearing system for
reviewing complaints regarding the provision of free, appropriate
public education to children with handicapping conditions.  Under
the two-tier system, adopted by New York, a state must provide for
a local-level impartial hearing with an appeal to a state-level
impartial review.  Based upon the twelve-year experience of the
Commission on Quality of Care in administering the Protection and
Advocacy Program for Persons with Developmental Disabilities,
numerous concerns have been raised regarding the impartiality of
the State's special education due process system.  A major concern
expressed by parents and advocates with this system has been the
lack of impartiality of hearing officers selected by school
districts.

C000016

Hyman Decl.  Ex. JJ- 16


Digitized by the New York State Library from the Library's collections.

Page 2
Ms. Moore

Similar concerns were expressed by parents of children with handicapping conditions in the survey conducted by the Commission of special educational services and barriers in New York.  In its 1990 report entitled <u>Special Education in New York State:  Parents' Perspective</u>, the Commission found that the majority of parents think the impartial hearing process is unfair due to the school district's authority to select the hearing officer and the perceived lack of impartiality of the person selected to be the hearing officer.  This bill will ameliorate these concerns by preventing school districts from arbitarily selecting the same hearing officer by requiring local districts to select the hearing officer in accordance with a rotational selection process prescribed by the SED.

In addition, the Commissioner of SED is to establish a plan that no person employed by a school district, school or program serving students placed by a Committee on Special Education acts as a hearing officer and such restriction is to continue in effect for two years following such employment.  This will promote the impartiality of the hearing officer by avoiding this potential appearance of bias or conflict on the part of a hearing officer.

The Commissioner is also to promulgate regulations regarding procedures for the suspension or revocation of such certification as a hearing officer for good cause.

In conclusion, the Commission supports this legislation and recommends that the rotational selection system to be prescribed, the plan for prohibitions on whom may be a hearing officer, and the regulations governing removal for good cause should incorporate other conflicts of interest that will further avoid an appearance of impropriety.  Specifically, we advise that the following persons should be proscribed as well within the regulations and plan from employment as a hearing officer in a specific case:  an attorney or attorneys employed by a law firm or partnership which represents a party to the hearing; officers or employees of the SED; persons substantially involved in the development of policy or procedures being challenged in the hearing; persons involved with identifying or evaluating the child or placement; and, any person with a personal, economic or professional interest which causes or would appear to cause a conflict of interest.

Thank you again for the opportunity to comment on this bill.

Very truly yours,

*Patricia W. Johnson*

Patricia W. Johnson
Assistant Counsel

C00017

Digitized by the New York State Library from the Library's collections.





A. 7189-A
S. 4881-A

## NEW YORK STATE
## DEVELOPMENTAL DISABILITIES PLANNING COUNCIL

155 Washington Avenue
Second Floor
Albany, New York  12210
(518) 432-8233

Ralph D. Farkas
Chairperson

Isabel Mills
Executive Director

Clarence Sundram
Vice-Chairperson

## M E M O R A N D U M

**TO:**       Elizabeth D. Moore

**FROM:**     Isabel Mills

**SUBJECT:**  Response to Bill No. 7189-A

**DATE:**     July 1, 1993

This bill is an attempt to address problems that exist with procedures for conducting impartial hearings for students with disablities, in particular, the selection, training and rotation of impartial hearing officers.  This bill will provide a method whereby the State Education Department can influence the fairness of the impartial hearing process at the local level.

The issues of selection and training of impartial hearing officers are both addressed.

We support it.

000018

1-800-395-DDPC (3372)          TDD/TTY: (518) 432-8245          FAX: (518) 432-8238

Hyman Decl.  Ex. JJ- 18

Digitized by the New York State Library from the Library's collections.



**State of New York**
**Council on Children and Families**
Mayor Erastus Corning 2nd Tower
28th Floor
Empire State Plaza
Albany, New York  12223
**(518) 473-3652   Fax: (518) 473-2570**



**Mario M. Cuomo**
Governor

**Frederick B. Meservey**
Executive Director

# M E M O R A N D U M

June 30, 1993

**TO:**     ELIZABETH D. MOORE
           Counsel to the Governor

**FROM:**   FREDERICK B. MESERVEY
           Executive Director

**SUBJECT:**  Assembly 7189-A; before the Governor for approval

**RECOMMENDATION:  Approval**

Assembly 7189-A requires that hearing officers selected to hear appeals by parents from recommendations of Committees on Special Education or from inaction of a school board be selected on a rotational basis from a list of available hearing officers who have completed a training program conducted by the Department of Education (except that the current rotational selection process may be maintained in New York City).  In addition, the bill requires the State Education Department to establish a training program for hearing officers, to develop and implement a plan to assure that current or recent employees of the school district are not qualified as hearing officers, to promulgate regulations for the suspension or revocation of hearing officer certification for good cause, and to establish maximum hearing officer rates of compensation.

The Council on Children and Families recommends approval of the bill.

There have been numerous assertions by parents that local hearing officers are biased in favor of the Committee on Special Education or school district.  That perception, regardless of whether it might be supportable in a given instance, is given credence by the fact that the school district currently selects the hearing officer to hear a particular matter, and often selects a current or recent school district employee.  This bill eliminates the perception of bias by assuring that the hearing officer selected to hear a particular case is the next available hearing officer on a list of certified hearing officers.  The Council believes the bill will result in greater confidence in the integrity of the local appeal process, and will encourage parents to pursue complaints they may have regarding the Committee on Special Education recommendations or the school district's inaction in implementing those recommendations.

C000019

Hyman Decl.  Ex. JJ- 19

Digitized by the New York State Library from the Library's collections.

Page ( 2 )

**FAMILY IMPACT STATEMENT:** To the extent the bill encourages greater parental involvement and advocacy in decisions affecting children with special education needs, the bill supports the Family Policy Act principle that "families who are the consumers of services should be partners in the planning, delivery and evaluation of those services." In addition, the use of truly impartial hearing officers helps assure greater accountability for the decisions of public officials regarding children with special education needs, and therefore supports the principle that public human services systems be accountable to society, each other and the people they serve.

000020

Hyman Decl.  Ex. JJ- 20

Digitized by the New York State Library from the Library's collections.

NEW YORK STATE
# SCHOOL BOARDS ASSOCIATION
The Dodge Building • 119 Washington Avenue, Albany, New York 12210 • (518)465-3474 /FAX (518) 465-3481

A. 7189-A

S. 4881-A

June 30. 1993

The Honorable Elizabeth D. Moore
Counsel to the Governor
Executive Chamber, The Capitol
Albany. NY  12224

**RE: A 7189--A, IMPARTIAL HEARING OFFICERS**

Dear Ms. Moore:

The New York State School Boards Association opposes the above referenced bill because. in our judgement. it goes too far in limiting the pool of qualified impartial hearing officers for cases involving the placement of students with disabilities.

We are not opposed to the provisions of the bill which call for the training of hearing officers. their selection to serve from a rotation list. or the establishment of maximum rates by the Commissioner of Education. We do oppose the language which ensures that "no individual employed by a school district. school or program serving students with disabilities placed by a school district committee on special education acts as an impartial hearing officer and that no individual employed by such schools or programs serves as an impartial hearing officer for two years following the termination of such employment."

Currently many of the current impartial hearing officers are. or were. school district employees.  While we agree that an impartial hearing officer should not be a present or former employee of a school district or program where a disabled student is placed or might possibly be placed pending the outcome of the hearing. we believe that this bill goes too far by eliminating **all** school and program employees and those who leave such employment for a period of two years.  A school employee who has no vested interest in the child's placement is certainly capable of serving as a hearing officer after receiving the training required by the bill.

We also believe that the bill discriminates against school district employees by eliminating them as hearing officers but takes no steps to eliminate anyone else who may be perceived by some as being less than impartial.

C00001

Digitized by the New York State Library from the Library's collections.

Because we believe that the intent of this legislation could be accomplished by limiting the exclusion only to school personnel who might, by reason of employment or former employment, have a direct interest in the outcome of the hearing, we urge the Governor to **veto** this bill.

Sincerely,

Louis Grumet
Executive Director

Digitized by the New York State Library from the Library's collections.

Hyman Decl.  Ex. JJ- 22



*A.7189-A*

July 2, 1993

Hon. Elizabeth D. Moore
Counsel to the Governor
Executive Chamber
State Capitol
Attn:  Legislative Secretary, Room 225
Albany, New York 11224

Re:     A-7189-A

Dear Ms. Moore:

    United Cerebral Palsy Associations of New York State, Inc. (UCPA/NYS) has reviewed the above-referenced bill, amending the education law to, among other things, prohibit individuals employed by a school district, school or program serving students with disabilities from serving as impartial hearing officers

    UCPA/NYS supports this bill.  The need for impartial hearing officers has been a longstanding concern of our agency and its affiliates.  This bill would ensure that there is no appearance of impropriety or conflict of interest by hearing officers who may be employed by a school district.  UCPA/NYS strongly urges Governor Cuomo to sign this bill into law.

    UCPA/NYS believes that this bill is but a first step in ensuring that the impartial hearings are conducted in a fair and expeditious manner.  We look forward to continuing to work with you on these matters.  Thank you for your attention to this matter.

Very truly yours,

Steven H. Mosenson
General Counsel

cc:    Michael Parker, Ph.D.
       Patricia Kessler
       Susan Constantino

**Telephone extension 224.**    Electronic mail:  GTE-ES Human Services Internet (Sprintmail).  User name:  UCP.NY
Other electronic mail services. address to     /c = us/admd = telemail/o-gtees/pn = steven.h.mosenson/@sprint.com

Digitized by the New York State Library from the Library's collections.

Hyman Decl.  Ex. JJ- 23

  


*The Challenge of Change in the 90's*

Annual Training Conference  October 18-20, 1993

000034

Hyman Decl.  Ex. JJ- 24

Digitized by the New York State Library from the Library's collections.



# New York State Association for Retarded Children, Inc.

393 DELAWARE AVENUE
DELMAR, NEW YORK 12054
(518) 439-8311      FAX: (518) 439-1893

A. 7189 - A

June 29, 1993

Governor Mario Cuomo
State Capitol
State of New York
Executive Chamber
Room 225
Albany, New York 12224

Dear Governor Cuomo,

I am writing to express our Association's strong support for Assembly bill 7189-A now before you.

This bill establishes a rotational process for selecting impartial special education hearing officers to carry-out the requirements of Section 4404 of the Education law.  Additionally, it would disqualify certain persons as hearing officers who's impartiality may be compromised by potential conflicts of interest.

Our Association has been a longtime proponent of this kind of legislation.  Too often special education hearings in New York State are not impartial and result in decisions founded on interests other than the best interests of the child.  A rotational selection process, if implemented correctly, would prevent school districts from repeatedly selecting a hearing officer because he or she has ruled consistently in favor of the district in the past.

Similarly, preventing school district employees from serving as hearing officers takes away the option of relying on individuals whose bias in favor of school districts is an obvious consequence of their employment.

Again, I strongly urge you to sign A 7189.

Sincerely,

Marc N. Brandt
Executive Director

MARC N. BRANDT
Executive Director

EXECUTIVE COMMITTEE

BLANCHE FIERSTEIN
President

JOHN SCHUPPENHAUER, ESQ.
Senior Vice President
VP/Western Region

DR. IRVING CAMINSKY
Vice President
Southeast Region

MARY L. CANIANO
Vice President
Northeast Region

DR. DAVID KEYMER
Vice President
Central Region

GEORGE G. HIRSCH
Treasurer

CARROLL F. STOWELL
Assistant Treasurer

DALLAS BOYLE
Secretary

WARREN HEILBRONNER, ESQ.
Western Region Representative

LOIS FAIRCLOUGH
Northeast Region Representative

PATRICIA CAMPANELLA
Central Region Representative

JOHN MACH
Southeast Region Representative

ELLEN OWENS

BERNICE VOLASKI

DAVID B. LETTMAN
Immediate Past President



A Non-Profit Tax Exempt Organization of parents and advocates to help all individuals who are mentally retarded, wherever they are, regardless of color, creed or age.

000025

Hyman Decl.  Ex. JJ- 25

Digitized by the New York State Library from the Library's collections.



A. 7189

LEARNING DISABILITIES ASSOCIATION
OF NEW YORK STATE

**July 12, 1993**

### MEMORANDUM IN SUPPORT OF A.7189/S.4881

**The Learning Disabilities Association of New York State
(LDANYS) -- an alliance of local chapters representing more
than 3,000 New York State families of children with
learning disabilities and neurological impairments --
endorses A.7189/S.4881, which calls for the establishment
of eligibility criteria and procedures for the
certification, appointment, suspension and revocation of
certification of impartial hearing officers.  LDANYS firmly
supports the intent of this legislation, which we believe
seeks to make the current CSE appeal process more equitable
and beneficial for disabled children and their parents.**

**LDANYS believes this proposed amendment to Section 4404(1)
of the Education Law would more adequately ensure
impartiality in the selection of hearing officers by
authorizing the Commissioner to promulgate regulations that
provide for a rotational selection process of hearing
officers by local boards of education.**

**Second, we feel that this legislation will help to minimize
potential conflicts of interest by prohibiting individuals
employed by school districts, schools or programs serving
students with disabilities from acting as hearing officers
and by creating a two-year ban after such employment.
Currently, impartial hearing officers are certified by the
New York State Education Department, and anyone expressing
an interest in becoming a hearing officer may enroll in the
Department's training program.**

**Third, we agree with the effort to maintain quality control
by setting maximum compensation rates for impartial hearing
officers and by establishing procedures for the suspension
or revocation of impartial hearing officer certification
for good cause.**

90 SOUTH SWAN STREET
ALBANY, NEW YORK 12210
518-436-4633
FAX: 518-432-5902

000006

Hyman Decl.  Ex. JJ- 26

Digitized by the New York State Library from the Library's collections.

A.7189

**REGIONAL EARLY CHILDHOOD DIRECTION CENTER**

Michael E. Reif, Director

**A Program of**
**Strong Center for**
**Developmental Disabilities**
**Pediatrics/Neonatology**
**Monroe BOCES I**

To: Honorable Elizabeth D. Moore.

From: Michael Reif.

Date: 6/30/93

Re. 7189 A - Impartial Hearings

I urge that the Governor sign this bill. It will afford true "impartial" hearings for students with disabilities. The current system does _not_.

Thank you

· WYOMING · LIVINGSTON · GENESEE · MONROE · WAYNE · ONTARIO · SENECA · YATES · STEUBEN · SCHUYLER · CHEMUNG ·

601 Elmwood Avenue   Box 671   Rochester, NY 14642
716-275-2263   800-462-4344   Fax 716-275-3366

Digitized by the New York State Library from the Library's collections.

D.N.

A- 7189

New York State
SMALL CITY
SCHOOL
DISTRICTS
Association

Carmen Granto, President
100 State Street - 8th Floor
Albany, New York 12207

(518) 462-1677 Phone
(518) 462-2670 Fax

OFFICERS
Carmen Granto, President
Edith O'Donnell, Executive Vice President
Frederick Volp, Vice President
JoAnne Withington, Secretary
James Lee, Treasurer
Marilyn Rice, Past President

*Term 1993*
JoAnne Withington, Plattsburgh
Jim Gray, Elmira
Robert Corless, Schenectady
James Lee, Binghamton
Neil Howard, Hudson
Stephen Engerson, Rensselaer

*Term 1994*
George Hamaty, Corning
Edith O'Donnell, Glen Cove
Alfred Blanco, Newburgh
James Kelly, Ogdensburg
Frederick Volp, Oneida
Paul Samond, Watervliet

*Term 1995*
David Van Scoy, Batavia
Carmen Granto, Niagara Falls
John Balzano, Utica
John Cullen, Auburn
Salvatore Forda, Peekskill
Judith Sweet, Oneonta

COUNSEL
Robert F. Biggerstaff, Esq.
O'CONNELL AND ARONOWITZ
100 State Street
Albany, New York 12207

July 8, 1993

The Honorable Elizabeth D. Moore
Executive Chamber
State Capitol
Albany, New York 12224

Re:    <u>Assembly bill 7189-A</u>

Dear Ms. Moore:

The New York State Association of Small City School Districts welcomes the opportunity to comment on this proposal currently before the Governor. However, for reasons explained below, the Association cannot take a position on this proposal at this time. The Association has not been a party to the discussions and negotiations leading up to passage of the bill in both Houses. Nor has the Association developed the consensus among its members necessary to be able to recommend either enactment or veto of this legislation.

The Association sees merit in the institution of a rotational selection process for impartial hearing officers throughout the state. The bill would encourage an objective basis for selection of impartial hearing officers which should eliminate the opportunity for bias in the selection process and should significantly reduce the potential for conflicts of interest. The Association supports the promulgation of regulations establishing maximum rates for the compensation of impartial hearing officers, which will encourage cost control. The Association also approves of the promulgation of regulations regarding suspension and revocation of the certification of impartial hearing officers.

However, the Association has reservations regarding the blanket prohibition against employees of any school district, school, or program for children with disabilities serving as impartial hearing officers anywhere in the state during and for two years following their employment. It is to be hoped that, in seeking to eliminate conflicts of interest, this bill does not

C000028

Hyman Decl.  Ex. JJ- 28

Digitized by the New York State Library from the Library's collections.

The Honorable Elizabeth D. Moore
page 2


also discourage professional educators who by their training, expertise, and experience are eminently well suited to work as impartial hearing officers from serving the state in this capacity.

Very truly yours,

*Carmen A. Granto*

Carmen Granto
President

cc:    Robert E. Biggerstaff Esq.

C000029

Digitized by the New York State Library from the Library's collections.



## NEW YORK CITY PUBLIC SCHOOLS

June 29, 1993

Honorable Elizabeth D. Moore
Executive Chambers
The Capitol
Albany, New York 12224

**Re:  A.7189-A**

Dear Ms. Moore:

The New York City Board of Education has <u>no objection</u> to A.7189-A, which would amend the education law, in relation to procedures for conducting impartial hearing for students with disabilities.

Thank you for your consideration of our position.

Sincerely,

Georgia M. Asciutto
Acting Director of Legislation

OFFICE OF LEGISLATION • 119 WASHINGTON AVENUE, 1st FLOOR REAR • ALBANY, NEW YORK 12210

Digitized by the New York State Library from the Library's collections.