

**THE STATE EDUCATION DEPARTMENT** / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234

OFFICE OF SPECIAL EDUCATION
ASSISTANT COMMISSIONER
89 Washington Avenue, Room 301M EB • Albany, NY 12234
www.p12.nysed.gov/specialed/

Telephone (518) 402-3353
Fax: (518) 402-3534

November 19, 2019

TO:        Impartial Hearing Officers Who Conduct Impartial Hearings for New York City

FROM:      Christopher Suriano

SUBJECT:   Impartial Hearing Officer Recusals from Appointments

    I am bringing to your attention a significant concern in the timely appointment of impartial hearing officers (IHOs) in situations when an IHO recuses him/herself after the IHO has received notification of appointment to a case from the New York City (NYC) Impartial Hearing Office. This process of recusals has resulted in significant delays in the appointment of an IHO who retains and administers the case until its conclusion and is undermining our shared goal of providing timely and meaningful due process for parties.

    Impartial Hearing Reporting System (IHRS) data indicates that, during the 2018-19 school year (7/1/2018 – 6/30/2019), there were 12,708 instances for 4,257 cases when an IHO recused him/herself. One thousand, six hundred thirty-seven cases had three or more recusals of appointed IHOs, with 174 cases having between 10 and 47 IHO recusals. Each instance of recusal created delays in the hearing timelines, and there have been numerous instances when this practice has resulted in several months of delay before an appointed IHO retained the case.

    While there are circumstances when it is appropriate and necessary for an IHO to recuse him/herself, the appointment of an IHO who is listed as active presumes that the IHO will accept the case unless there is justifiable reason why the IHO cannot serve for a particular case.

    In a November 18, 2019 letter to the New York City Department of Education (NYCDOE), in light of the current overwhelming caseload of complaint filings and limited number of available impartial hearing officers, the New York State Education Department (NYSED) directed that, forthwith, NYCDOE must call the IHOs who are on rotation and ensure their availability before assigning a case or cases. Under this new process, availability will be ascertained *only* based on an IHO's ability to take on additional cases; in other words, NYCDOE will not share a complaint's issues or parties involved before assigning a case to an IHO. This change in procedure is needed to ensure that an IHO is able to accept and resolve a case, so as to avoid delays and unnecessary added stress on parties.

Hyman Dec. Ex. MM -1

Therefore, instances when an IHO recuses him/herself must be the exception and limited to circumstances when (1) the personal or professional interest of the IHO would conflict with his or her objectivity in the hearing, or (2) when the IHO becomes unavailable or unable (for example due to extenuating personal reasons) to complete the hearing. Section 200.1(x)(4)(vi) of the Regulations of the Commissioner of Education provides guidance on justifiable reasons why an IHO may become unavailable or unable to complete a due process complaint, indicating that an IHO withdrawal would be justifiable if "good cause has been provided to the commissioner including, but not limited to, cause resulting from poor health as certified by a physician, active military services or other similar extenuating circumstances." In such instances, as is explained below, the hearing officer should seek to remove him or herself from rotation or, if already assigned to a case, recuse from a case.

Otherwise, IHOs who are listed as available to hear cases are expected to accept cases in accordance with the rotational selection process mandated by Section 200.2(e)(1) and manage and retain cases in accordance with the timelines set forth by Section 200.5(j)(3)(i)(b). Section 200.5(j)(3)(i)(b) provides that "[t]he impartial hearing officer may not accept appointment unless he or she is available to make a determination of sufficiency of a due process complaint notice within five days of receiving such a request and to initiate the hearing within the first 14 days . . ." of (a) receiving the parties' written waiver of the resolution meeting, (b) receiving the parties' written confirmation that a mediation or resolution meeting was held but no agreement could be reached, or (c) the expiration of the 30-day resolution period, unless the parties agree in writing to continue mediation at the end of the 30-day resolution period. It is inappropriate and contrary to the interests of the parties and judicial economy for an IHO to refuse, or recuse from appointment, for other reasons such as the complexity of the case, prior experience with particular litigants, or for other similar reasons.

In the event that it is necessary for an IHO to recuse him/herself, the IHO must provide the reasons for recusal in writing to the NYC Impartial Hearing Office. Given the impact recusals are having on a timely due process hearing, NYSED will be regularly reviewing this data.

For IHOs who accept an appointment in cases when a previously appointed IHO recused him/herself, NYSED will not hold a newly appointed IHO responsible for a delay in issuing the decision pursuant to the timelines, where the delay was attributable to the previously appointed IHO.

To ensure that the district's rotational selection list is current, please notify the NYC Impartial Hearing Office if you will be temporarily unavailable to accept appointment to new cases. In this instance, "unavailable" means a temporary period during which the IHO will not be appointed to new cases but during which he/she continues to serve on any pending case to which he/she is appointed. In addition, if you need to be placed on "inactive" status for an extended period of time, you must submit a written request to NYSED to have your name removed from all rotational lists for the specified period of time and provide the

reason(s) for such a request. During the period of time an IHO is on approved inactive status, the IHO does not serve in any capacity as an IHO (i.e., does not have open cases) but must continue to participate in any training required by NYSED in order to retain IHO certification.

Thank you for your cooperation in this matter. If you have any questions regarding this memorandum, please contact NYSED's Office of Special Education Due Process Unit at (518) 473-0170.