UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.F., *et al.*, | |
| Plaintiffs, | Civ. No. 21-cv-11150 |
| vs. | **DECLARATION OF GARY S. MAYERSON, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR A TRO AND PRELIMINARY INJUNCTION** |
| MAYOR BILL DE BLASIO, *et al.*, | |
| Defendants. | |

GARY S. MAYERSON, ESQ. DECLARES UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746 THAT THE FOLLOWING IS TRUE AND CORRECT:

1.  I am a member of the Bar of the State of New York and of this Court.. I am co-counsel to plaintiffs[1] and respectfully submit this declaration and the accompanying memorandum of law pursuant to Fed. R. Civ. P. 65 and Judge Keenan's 2002 Stipulation and Order in *Does, et al v. Outgoing Schools, et al,* 1:02-cv-06495 for an Order enjoining and temporarily restraining the Defendants from taking any steps to further implement their plan to transfer what are *thousands* of "impartial hearings" from the NYC Department of Education's Impartial Hearing Office to a City agency with

---

[1] Together with Elisa Hyman, Esq. Plaintiffs are students with autism and other qualifying disabilities, and their parents.

absolutely no prior experience or special training in such matters—the Office of Administrative Trials and Hearings ("OATH").

2. Defendants' OATH plan is Defendants' second such attempt. The first attempt occurred in 2002, under similar circumstances. Defendants' execution of the Memorandum of Agreement dated December 1, 2021 (Complaint. Exhibit A), and Executive Order 91 dated December 27, 2021 (Complaint Exhibit B) violate a federal stipulation that was So Ordered by Judge John F. Keenan in November 2002 in *Does, et al v. Outgoing Schools, et al,* 1:02-cv-06495(JFK).

3. Attached hereto as Exhibit A is a true and correct copy of a memorandum dated July 15, 2002, to all impartial hearing officers from Denise Washington, who was then the Director of the New York City Impartial Hearing Office.

4. This 2002 memorandum articulates a plan to transfer the hearing functions to OATH but suggests – unlike now – that the then-certified and specially trained hearing officers would be transferred as well.

5. On August 14, 2002, some 20 years ago, New York City parents of students with disabilities filed suit against various Defendants, including several of the Defendants here, to enjoin the transfer to OATH. *See Does, et al v. Outgoing Schools, et al,* 1:02-cv-06495 (JFK). These parents and their children were represented by my law firm, and I was lead counsel in that matter.

6. As here, the lawsuit was filed on the eve of the transfer from Chancellor Harold Levy, who devised the OATH transfer plan, and the then incoming school's chancellor, Joel Klein. *See* Special-Ed Suit will Hit Klein on First Day, NY Post (August 19, 2002)

7. On August 19, 2002, 38 out of the 40 hearing officers wrote to the New York State Education Department opposing the change and expressing concern that it impaired the neutrality of the hearing process. True and correct copies of these letters are attached hereto as Exhibit B.

8. Shortly after my firm filed a federal action to challenge Defendants' 2002 OATH transfer plan, Defendants communicated that they were prepared to abandon such efforts on a "without prejudice" basis. In view of the "without prejudice" nature of Defendants' change of heart, I communicated the concern that, especially given the thousands of children and parents that would be affected, we should not be placed in the position of having to scramble against the clock should Defendants change their mind again and want to launch another attempt to effectuate a transfer of the impartial hearing process to OATH.

9. To alleviate my concerns, Defendants' counsel in the 2002 action stipulated and agreed to provide me and my law firm with an agreed period of prior notice before taking steps to implement such a plan.

10. The record shows that back in 2002, when Defendants first contemplated a transfer to OATH, Defendants *abandoned* that plan on a "without prejudice" basis and in that connection, expressly stipulated to provide me and my law firm with at least 45 days' prior notice "if and when any plan to transfer the function of the Impartial Hearing Office to OATH will be implemented" and to provide me with a copy of the proposed regulations. *See Does, et al v. Outgoing Schools, et al,* 1:02-cv-06495(JFK), Docket No. 13.

11. Judge Keenan "so ordered" that prior notice obligation in *Does, et al v. Outgoing Schools, et al,* 1:02-cv-06495 (JFK).

12. Defendants' violation of Judge Keenan's 2002 order is ongoing. Without giving me or my firm *any* prior notice whatsoever, Defendants memorialized their plan on December 1, 2021, and then consecrated that plan and set it in motion by having now former Mayor Bill de Blasio sign an Executive Order on December 27, 2021 to *implement* such plan at breakneck speed, notwithstanding the thousands of hearings that would need to be transferred. This action was filed two days later, on December 29, 2021.

13. As part of the relief being sought via this motion, plaintiffs seek to hold Defendants accountable for their failure to comply with Judge Keenan's 2002 Stipulation and Order. It took Defendants 20 years to come out of hibernation to devise and articulate their current OATH transfer plan. Given the critical due process protections that are at stake, and the fact that these protections were enacted in Congress and by the New York Legislature on both sides of the aisle to protect the most vulnerable among us, any further implementation of Defendants' OATH transfer plan should be enjoined.

14. Neither the Mayor nor the signatories to the most recent OATH transfer plan have provided notice or any "proposed regulations" to me or to my firm. In essence, Defendants impermissibly have jumped the starting gate and usurped a 45-day head start they were never supposed to have.

15. Accordingly, plaintiffs respectfully urge that this Court should issue a temporary restraining order enjoining and staying any further implementation of Defendants' OATH plan. No undertaking should be required of plaintiffs. Defendants

4

charted their own course here and are estopped by their own violative conduct from claiming any prejudice. In actuality, Defendants' acts and omissions have prejudiced plaintiffs.

16. No prior request for the relief being sought on this motion has been made.

Executed in New York, New York on January 10, 2022

*/s/ Gary Mayerson*
_____
Gary S. Mayerson