

**NYSALJA**

Hon. Marc P. Zylberberg
Administrative Law Judge
New York State Department of Health
433 River Street, 5th Floor
Troy, NY 12180-2299
Phone: 518-402-0748; Fax: 518-402-0751
E-Mail: mpz01@health.state.ny.us

Friday, October 4, 2002

Marc P. Zylberberg
President
---
Catherine M. Bennett
President - Elect
---
Christine C. Traskos
Vice-President
---
Thomas Sacca
Treasurer
---
Anne Murphy
Secretary
---
James F. Horan
Immediate Past President

Richard Mills, Commissioner
New York State Education Department
Education Building
Albany, NY 12234

Dear Commissioner Mills:

The New York State Administrative Law Judges Association (NYSALJA) is the State Affiliate Chapter of the National Association of Administrative Law Judges (NAALJ). Our membership consists of Administrative Law Judges and Hearing Officers employed by State and New York City agencies, as well as special education Impartial Hearing Officers (IHO). There are currently more than 40 IHOs who are members of our Association. NYSALJA has a number of missions, including advocacy of the highest standards of neutrality and fairness among Administrative Law Judges in the hearing and decision making process, with a conscious effort to ensure against any form of bias or discrimination. The objectives of NYSALJA include promoting and advocating for improvements in the administrative process and procedures, together with studying and comparing administrative law and practice in New York State with other jurisdictions. For more information about our Association, you may visit our website at www.nysalja.org.

NYSALJA has had an opportunity to review the letter of August 19, 2002 to you (copy enclosed) from a number of Impartial Hearing Officers in New York State. At the NYSALJA General Membership Annual Meeting held September 25, 2002 a presentation was made to the Membership by an IHO who is also a member of our Association, which included an update with respect to the history and background of special education Impartial Hearings, as well as with respect to information involving the current concerns of the Impartial Hearing Officers relative to the procedures for their identification, certification, training and appointment.

By majority vote of the Membership at that meeting, NYSALJA supports the positions taken by the Impartial Hearing Officers who signed that letter. NYSALJA urges that no changes be made with regard to the current procedures for identifying, certifying, training and appointing Hearing Officers without inclusive consultation with those most affected.

Thank you for your careful consideration of the issues involved.

Very truly yours,

MARC P. ZYLBERBERG
President - NYSALJA

August 19, 2002, [revised 8/20/02]

Richard Mills, Commissioner
State Education Department
Education Building
Albany, New York 12234

Dear Commissioner Mills:

The current State law governing identification, training, certification, and appointment of Impartial Hearing Officers in New York State, while not perfect, reflects a careful balancing of interests. Importantly, that law protects the federally-mandated integrity and impartiality of our proceedings. It is therefore essential, in our view, that no party be permitted to engineer unilateral changes to the mechanics of this process. We write to you because the process is both defined by State regulation and maintained under State oversight.

We have recently received correspondence from the New York City school district's Impartial Hearing Office concerning potential changes in the administration of special education impartial hearings in New York City (see attached). While we understand that the district's organizational structure has been dramatically changed, even small, seemingly technical, changes in the administration of impartial hearings may tip the delicate balance of parties' interests and rights. As you may know, New York City represents the lion's share of all special education impartial hearings conducted annually in New York State – last year alone well over 3,000 hearings were assigned to impartial hearing officers in New York City. We believe that to be well over half the hearings assigned state-wide.

And while we recognize that there is an appropriate role for the local school districts in the State's rotational appointment process, even ministerial shifts in the management of the office may affect the nature of our hearings. Finally, while New York City's process presents unique challenges, we note that it has been years since the City has followed the procedures in place when §4404 was adopted, and therefore NYC is necessarily governed by the same law and regulation that applies statewide.

For these reasons, we urge that no significant change be made to the procedures for identifying, certifying, training, and appointing hearing officers (in New York City or elsewhere), without inclusive consultation, opportunity for comment by all who may express an interest, and a period for responsive revision prior to adoption of any proposals. In addition to the neutrals who conduct the hearings, all who regularly represent parties in these hearings (and, indeed, all who feel affected by any potential change) should have an opportunity to be heard.

We have sent a copy of this letter to the chairs of the Assembly and Senate Education Committees (because legislative change may be implicated) and to the NYC school district's General Counsel and the City's Corporation Counsel, both of whom now

-1-

plainly represent parties to the proceedings we conduct. In addition, we have sent a copy to the plaintiffs' representatives on the Jose P. Committee, not because we believe this to be a matter necessarily covered by that consent decree (it may or may not be, we do not seek to take a position on the question), but rather because we believe them to be in a position to disseminate these concerns among those active in the representation of parents' and children's' rights. And we have sent a copy to the Board of the New York State Administrative Law Judges' Association, because we feel that they may have insight drawn from other administrative law settings.

For convenience, responses sent to Mindy Wolman, via e-mail or hardcopy (email is preferable until 8/29), will be distributed to the group signing this letter.

Sincerely, **[signers list revised]**

**Mindy Wolman, Esq.**
53-04 Overbrook Street
Douglaston, NY 11362
Phone: (718) 229-3623
FAX: (718) 229-3673
E-mail: mgw@panix.com

**Linda Agoston**
1320 44th Street, #1
Brooklyn, NY 11219
Phone: (718) 972-4655
FAX: (718) 505-8083

**Lynn Almeleh**
11 Lotus Street
Cedarhurst, NY 11516
Phone: (516) 374-3279; (516) 509-1923
FAX: (509) 696-5018
E-mail: nofault@optonline.net

**Alison Berry**
300 Hamilton Avenue Suite 410
White Plains, NY 10601
Phone: (914) 948-8511
FAX: (914) 948-8696
E-mail: ABERRAESQ@AOL.COM

**Dale Black-Pennington**
107-19 71st Avenue - 3rd Floor
Forest Hills, NY 11375
Phone: (718) 520-1099
FAX: (718) 520-8416

**Beryl Blaustone**
CUNY Law School
65-21 Main St
Flushing, NY 11367
Phone: (516) 767-3042
FAX: (718) 340-4325

**Robert Briglio**
115 Jackson Avenue
Huntington, NY 11743
Phone: (631) 427-5955
E-mail: robertbriglio@msn.com

**Debra DeWan**
76 Remsen Street, Apt. 2A/B
Brooklyn, NY 11201
Phone: (718) 237-2603
FAX: (718) 237-2603
E-mail: dsdewan@aol.com

**Murray Diamond**
267 Whitman Drive
Brooklyn, NY 11234
Phone: (718) 531-1921
Phone: (718) 763-4440
E-mail: BDMJD@aol.com

**Catherine DiDomenico**
6 Burton Avenue
Staten Island, NY 10309
Phone: (718) 727-6010
FAX: (718) 727-5577
E-mail: DIDOPKG@aol.com

**John Farago**
1225 Park Avenue, Apt. 10A
New York, NY 10128
Phone: (212) 348-0815
FAX: (212) 348-0147; (425) 940-6294
E-mail: farago@mail.law.cuny.edu

**Laura Fieber**
160 East 38th Street, #12A
New York, NY 10016
Phone: (917) 324-9201 (cell phone)
FAX: (212) 949-1079
E-mail: myslycat@aol.com

**Lana Flame**
10 West 15th Street, Apt. 1217
New York, NY 10011
Phone: (212) 255-2018
FAX: (212) 463-9677

**Lorraine Gross**
83-14 Chevy Chase Street
Jamaica Estates, NY 11432
Phone: (718) 380-2009

**Dora Lassinger**
6 Howland Road
East Rockaway, NY 11518
Phone: (516) 887-8987
FAX: (516) 887-8987
E-mail: Dlassinger@aol.com

**Michael Lazan**
176 Sterling Place, #6R
Brooklyn, NY 11217
Phone: (718) 595-2861
E-mail: ACERLAZAN@juno.com

**Roger Levy**
40 Exchange Place
Suite 1706
New York, NY 10005
Phone: (212) 480-8000
FAX: (212) 480-8002
E-mail: rogerlevy@email.com

**Susan Lushing**
740 West End Avenue
Apt. 105
New York, NY 10025
Phone: (212) 222-6355
FAX: (212) 865-0006
E-mail: sclushing@yahoo.com

**Esther Mora**
115 East 101st Street
Apt. 1A
New York, NY 10029-6183
Phone: (212) 410-2602

**Eric Nachman**
245 Rumsey Road
Apt. 2K
Yonkers, NY 10701
Phone: (914) 963-7381
FAX: (914) 968-4915
E-mail: EPN31@aol.com

**Mary Noe**
5 Plymouth Drive South
Glen Head, NY 11545
Phone: (516)759-5373
FAX: (516)759-8649
E-mail: NanOboeEasy@aol.com

**Rachel Potasznik**
247 East 77th Street, #5A
New York, NY 10021
Phone: (212) 249-0167

**Marjorie Silver**
18 Stuyvesant Oval, Apt. 4B
New York, NY 10009
Phone: (631) 421-2244, ext. 366
E-mail: msilver345@hotmail.com

**Amy Slifka**
511 East 20th Street, Apt. 11 B
New York, NY 10010
Phone: (212) 677-3621

**Babette Tenzer**
27 South Mountain Road
Millburn, NJ 07041
Phone: (973) 467-4247
E-mail: rockytdog@aol.com

**Craig Tessler**
345 West 21 Street, Apt. 2D
New York, NY 10011
Phone: (212) 929-1888
FAX: (212) 929-1888
E-mail: craigt@nyct.net

**Aaron Tyk**
1651 47th Street
Brooklyn, NY 11204
Phone: (718) 435-2088
FAX: (425) 977-0975
E-mail: tykaaron@hotmail.com

**William Wall**
58 Nathan Court
Newtown, PA 18940
Phone: (267) 757-0291
FAX: (267) 757-0292
E-mail: wmjwall@aol.com

**Marc Weiner**
21 Temple Court
Brooklyn, NY 11218
Phone: (718) 832-2844
E-mail: mweiner315@aol.com

**Memorandum**

Re: Changes In NYC Special Education Hearing Process

Date: August 22, 2002

NYS DEPT OF HEALTH

AUG 23 2002

DIVISION OF LEGAL AFFAIRS
BUREAU OF ADJUDICATION

On July 15, 2002 the office that has administered New York City special education hearings notified all impartial hearing officers that that responsibility was being transferred, apparently at the direction of the Chancellor and the Mayor, to the New York City Office of Administrative Trials and Hearings.

Since that time a number of hearing officers have been working to develop an analysis of the law and regulations governing impartial hearings in New York State. That work is well under way, and will be made public when complete within the next several weeks.

Until that time, however, it has seemed important to many of us that the decision making process itself be an inclusive and open one, as mandated by federal law. To that end, we have written to the Commissioner of Education to express our concern that this delicate area of education policy be addressed in a manner consistent with the need for both the reality and the appearance of impartiality. Regulating the procedure for conducting impartial hearings is an important area of SEA oversight because not only is the State responsible, through its plan, for the development of special education policy consistent with IDEA, but the core impartiality of the hearing process relies on its accountability to a neutral party, outside the disputes that form the subject matter of the hearings.

We are concerned that New York's State Education Department step up to the plate and accept responsibility for designing the mechanism for the delivery of special education hearings in a fashion that supports and assures the independence mandated by law. Holding the State accountable falls, in turn, to the federal monitoring process.

A copy of the letter we have sent is attached. It is signed by 30 of the 48 individuals certified to conduct such hearings in NYC, and more names are being added daily. Moreover, the newspapers report that an attorney who frequently represents parents and children in impartial hearings has initiated litigation seeking to prevent the unilateral changes being proposed by the NYC school district.

Under the circumstances, we trust that you will join us in seeking to maintain the impartial hearing process as a genuinely independent and neutral means to protect the rights of disabled children in New York City.