

**Phone:(212) 265-7200**
**Fax: (917) 210-3075**
**Gary@mayerslaw.com**

330 W 38TH ST, SUITE 600
NEW YORK, NY 10018

January 11, 2022

BY ECF
The Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:  E.F. *et al., v. Mayor Bill de Blasio, et al.,*
            21-cv-11150 (ALC)

Dear Judge Carter:

I am co-counsel to the Plaintiffs in the above action. I am writing to Your Honor in support of Plaintiffs' application for an order, *nunc pro tunc*, permitting Plaintiffs' Memorandum of Law in Support of their Motion for a TRO and Preliminary Injunction ("Brief") to exceed the 25-page limit for motions set forth in Your Honor's Individual Rules of Practice.

I founded my firm in 2000 as the first civil rights law firm in the nation dedicated to the representation of children with autism and other related disabilities.  My firm's "impact" work in the area of special education and students' due process safeguards has included five matters decided by the Supreme Court, and many more matters decided by the Second Circuit Court of Appeals, and in other circuits, several of which have become landmark decisions. [1]

We have just filed a motion for a TRO and preliminary injunction against various government Defendants to stop a dire threat to the rights of the most vulnerable children with disabilities in the City whose educational futures have already been extensively disrupted and challenged due to COVID-19 ("Motion").

Plaintiffs' Motion seeks an Order enjoining and temporarily restraining the Defendants from taking any steps to implement a December 1, 2021 plan and a December 27, 2021 Executive Order by former Mayor Bill de Blasio purporting to transfer many *thousands* of "impartial hearings" presenting claims arising under the federal Individuals with Disabilities Education Act ("IDEA") and state law from the NYC Department of Education's Impartial Hearing Office to the Office of Administrative Trials and Hearings ("OATH").

Plaintiffs allege that Defendants' OATH transfer plan, rushed out the door in the last remaining hours of the prior administration during the holidays and a raging pandemic, is violative of federal and state law,

---

[1] My co-counsel, Elisa Hyman, founded a private, public interest firm in 2007 primarily serving families with limited financial resources. Since starting her career in 1998, as deputy director of a leading nonprofit, she has served as lead counsel several systemic reform class action suits, and scores of other federal impact cases, including currently serving as co-counsel for two certified classes of children in the Southern District involving thousands of children with autism and other disabilities challenging illegal policies and practices.

as well as the further complication of a 2002 Stipulation and Order of Judge Keenan directing Defendants to provide my law firm with 45 days' prior notice if Defendants ever decided in the future to implement an OATH transfer. Further, it is a barely disguised attempt to circumvent the legislature's rejection of the OATH transfer plan and the adoption of legislation signed into law last week designed to address and ameliorate the hearing backlog.

The Motion is supported by 39 exhibits. While we have not *yet* moved to certify a class, we have filed an amended complaint raising class action claims.

Given the many thousands of families who will be affected by Your Honor's ruling, the complexities of the factual background, and given the many provisions of federal and state law that are relevant to this Court's review that need to be addressed and reconciled, we submit that granting Plaintiffs' application will allow Plaintiffs the opportunity to make a full and transparent record for the Court, and would be in the public interest. This is particularly true as Plaintiffs are making this complex motion without the benefit of discovery, and had already been working extensively on it at the by the time it was assigned on Monday. We are concerned that a complete revision of the papers will cause further delay to the already time-sensitive application.

Affording Defendants a similar enlargement would address any potential prejudice, particularly since Defendants – all government Defendants whose collaborative efforts are in question - will already have the benefit of coordinating multiple submissions, with a minimum of 50 pages, if not 75, or even 100, given the number of parties involved.

Dated:   January 11, 2022
         New York, New York

*Gary S. Mayerson*
_____
Gary S. Mayerson (GSM 8413)
Mayerson & Associates
Attorneys for Plaintiffs
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(917) 210-3075 (facsimile)