UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.F., on behalf of himself and his minor child, O.F.; J.R. on behalf of herself and her minor child, K.R.; J.F., on behalf of himself and his minor child, H.F.; L.V., on behalf of herself and her minor child, N.F.; M.S. on behalf of himself and his minor children, J.S.; and Q.S., and all other similarly situated,<br><br>       Plaintiffs,<br><br> - against -<br><br>MAYOR BILL DE BLASIO, in his Official Capacity; THE CITY OF NEW YORK, CHANCELLOR MEISHA PORTER, in her Official Capacity; NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; COMMISSIONER BETTY ROSA, in her Official Capacity; NEW YORK STATE EDUCATION DEPARTMENT; COMMISSIONER JONI KLETTER, in her Official Capacity; COMMISSIONER JODI KLETTER, in her Official Capacity; THE OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS,<br><br>       Defendants. | **DECLARATION OF CHRISTOPHER SURIANO IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>21 Civ. 11150 (ALC) (SN) |

  **CHRISTOPHER SURIANO**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

  1. I am the Assistant Commissioner of Special Education at the New York State Department of Education ("SED"). I have served in this role since September 2016. As Assistant Commissioner of Special Education, I oversee SED's Office of Special Education's efforts to promote educational equity and excellence for students with disabilities, provide general supervision and monitoring of all public and private schools serving New York State preschool and school-age students with disabilities, and provide technical assistance to parents and school districts. I have worked in special education services in various capacities for over thirty years,

1

including as a special education teacher, Supervisor and Regional Coordinator in SED's Office of Special Education, and as the Executive Director of Specialized Services in the Rochester City School District.

2. I am familiar with the facts set forth herein based on personal knowledge, discussions with SED staff, and SED records. I submit this declaration in opposition to the Plaintiffs' motion for a preliminary injunction in this action.

**The Merced Report and the 2019 Compliance Assurance Plan**

3. In 2018, SED engaged Deusdedi Merced of Special Education Solutions, a special education consultant, to conduct a review of the New York City Impartial Hearing Office.

4. Merced issued a report on his findings in February 2019 ("Merced Report").

5. The Merced Report found that, for school year 2016-17, the number of due process complaints filed in New York State nearly totaled the number of the six next largest states combined (California, Florida, Illinois, New Jersey, Pennsylvania, and Texas). *See* Merced Report at 11-12.

6. Of the due process complaints filed in New York State in 2016-17, approximately 92% were filed in New York City. *Id*. at 12. In 2017-18, that number increased to 94% and in 2018-19 (as of the date of the report), approximately 96% of the due process complaints filed in New York State were filed in New York City. *Id*.

7. The Merced Report also found that between 2014-15 and 2017-18, New York City had a 51% increase in the number of due process complaints filed and that between 2014-15 and 2018-19, the average number of due process complaints filed per day increased from 19 per day in 2014-15 to 51 per day in 2018-19 (as of the date of the report). *Id*. at 14.

8. The Merced Report found that between 2014-15 and 2018-19, the average number of matters listed on hearing calendar per day increased from 55 per day in 2014-15 to 122 per day in 2018-19 (as of the date of the report). *Id*. at 14.

9. Since the Merced Report, the number of due process complaints has continued to increase, as well as the numbers of cases that are not resolved within the statutory deadlines.

10. In May 2019, SED issued a Compliance Assurance Plan to the New York City Department of Education ("DOE") (the "CAP").

11. Section III of the CAP focused specifically on due process issues and documented the steady increase in due process complaint filings since the 2015-2016 school year.

12. The CAP stated that DOE had failed to provide parents access to adequate due process after a due process complaint had been filed. *See* CAP at 18.

13. The CAP further noted that DOE had received an increasing number of due process complaints in the previous years; from 5,026 in 2015-16 to 7,448 (for only a portion of the 2018-19 school year). *See* CAP at 19.

14. The CAP also noted that, at the time of the Merced Report in February 2019, New York City comprised 96% of due process complaints filed throughout New York State for that school year. *See* CAP at 19. The CAP also identified other areas of noncompliance by DOE including failure to provide access to due process data to SED, failure to ensure access to mediation, and failure to provide parents prior written notice as prescribed by law. *See* CAP at 20-22.

15. SED issued the CAP to DOE to give DOE notice of specific issues with the due process system that needed to be addressed and to provide guidance and a roadmap to DOE to realize the required correction action. SED pledged to provide ongoing and targeted

support and technical assistance to aid DOE in developing a plan to address the issues identified in the CAP and achieve the prescribed corrective action. *See* CAP at 22-24.

16. Since SED issued the CAP, and through subsequent communications and meetings, SED has continued to exercise oversight over DOE, identifying numerous issues with the due process system and directing DOE to take a number of actions to remedy the flaws.

17. Despite these directives to DOE and despite SED nearly doubling the number of certified IHOs in the last two years, the number of pending due process complaints continues to climb.

18. In the 2019-20 school year, 10,798 due process complaints were filed in New York City. Of those cases, the number of due process complaints in New York City that were resolved, either by actual decision, dismissal, withdrawal, consolidation, or settlement, within the time frame required by the IDEA was 5,551.

19. In the 2020-21 school year, 14,264 due process complaints were filed. Of those cases, the number of due process complaints in New York City that were resolved, either by actual decision, dismissal, withdrawal, consolidation, or settlement, within the time frame required by the IDEA was 3,471.

20. As of December 1, 2021, there were 8,985 cases that had not been assigned to an impartial hearing officer and remained on a waitlist for assignment.

21. As of January 21, 2022, there were 16,253 pending due process complaints in New York City. Of those 16,253 open cases, 5,797 were not resolved within the mandated timelines.

22. SED has also devoted significant resources to the IHO certification and training process.

23. Since January 1, 2020, SED has held three trainings: in March 2020, October 2020, and April 2021.

24. Since January 1, 2020, SED has trained and certified 107 per diem impartial hearing officers. As of January 30, 2022, the total number of impartial hearing officers certified to work in New York City is 154.

25. Despite hiring these additional impartial hearing officers, the numbers of due process complaints and the waitlist cases continue to grow.

26. Through SED's diligent monitoring of the situation, and its continual engagement with DOE on this issue, it recognized that further steps needed to be taken in order to address the mounting number of due process complaints in New York City.

27. Specifically, in order to improve the effectiveness and efficiency of the system, a cadre of full-time impartial hearing officers was necessary.

28. To that end, on December 1, 2021, SED entered into a Memorandum of Agreement with the New York City's Office of Administrative Trials and Hearings ("OATH") and DOE that establishes a Special Education Unit at OATH to adjudicate due process hearings in New York City. OATH was deemed a natural fit for this role, as it adjudicates a wide range of issues spanning multiple City agencies. It has the fundamental structures in place to hire and manage IHOs, maintain a modern case management system, ensure confidentiality where appropriate, and administer an impartial, effective adjudication system.

Executed in Albany, New York, this 2nd day of February, 2022.

_____
**CHRISTOPHER SURIANO**