# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

~~SHLOMO HAGLER~~
~~J.S.C.~~

Index Number : 100890/2015
VICTOR, AUBREY
vs
NYC OFFICE OF TRIALS
Sequence Number : 001
ARTICLE 78

PART 17

INDEX NO. _____
MOTION DATE _____
MOTION SEQ. NO. _____

The following papers, numbered 1 to _____, were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is

Denied in accordance with the attached Decision/Order.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

Dated: 5/29/18

_____, J.S.C.
SHLOMO HAGLER
J.S.C.

1. CHECK ONE: .................................................... ☒ CASE DISPOSED          ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...................MOTION IS: ☐ GRANTED  ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER           ☐ SUBMIT ORDER
                                                             ☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 17
----------------------------------------------------------------X
In the Matter of the Application of

AUBREY VICTOR, and all similarly situated,

       Petitioners,      Index No.: 100890/15

For a Judgment Pursuant to Article 78 of the
Civil Practice Law and Rules,         **DECISION/ORDER**

    - against -

NEW YORK CITY OFFICE OF TRIALS AND
HEARINGS, CITY OF NEW YORK DEPARTMENT
OF CORRECTION, and CITY OF NEW YORK,

       Respondents.
----------------------------------------------------------------X

**HON. SHLOMO S. HAGLER, J.S.C.:**

  In this Article 78 proceeding petitioner Aubrey Victor ("Victor" or "Petitioner"), and all others similarly situated, seek an Order (1) vacating and annulling the Memorandum Decision dated February 3, 2015, of an Administrative Law Judge ("ALJ") in the New York City Office of Administrative Trials and Hearings ("OATH") which denied Victor's request that OATH redact his name and other identifying personal and personnel information from any document disclosed to the public by OATH; and (2) directing respondents OATH, the City of New York Department of Correction ("DOC") and the City of New York (the "City") (collectively, the "Respondents") to keep Victor's and all other similarly situated individuals' OATH reports confidential pursuant to Civil Rights Law § 50-a ("Section 50-a"); or in the alternative, directing a hearing. Respondents cross-move to dismiss Petitioner's Amended Verified Petition (the "Amended Petition") pursuant to CPLR 3211.

By Order, dated May 23, 2016, this Court granted the motion by The New York Times Company (the "Intervenor-Respondent") seeking leave to intervene in this proceeding. The Intervenor-Respondent now cross-moves to dismiss the Amended Petition pursuant to CPLR 3211. Petitioner opposes the cross-motions.

## BACKGROUND AND FACTUAL ALLEGATIONS

This matter arises out of an employee disciplinary proceeding commenced by DOC against Petitioner, a corrections officer. DOC alleged that on March 31, 2011, Petitioner "used excessive, unnecessary and/or impermissible force against [an] [i]nmate, by striking [said] inmate [ ] in the face, without provocation and as [the] inmate [ ] was laying on the floor, [Petitioner] proceeded to stomp on his head (3) three times causing physical injury" (Amended Petition, Exhibit "C" ["Charges and Specifications", dated July 11, 2011]). DOC referred said charges against Petitioner to OATH, and a hearing was conducted on December 5, 2014 before Administrative Law Judge Faye Lewis ("ALJ Lewis") (Amended Petition, Exhibits "B", "D").

During the proceeding before ALJ Lewis on the underlying disciplinary matter, Victor made a motion requesting that ALJ Lewis redact his name and other personal and personnel information from any report and recommendation rendered by OATH that is made available to the public on grounds that such information constitutes a personnel record within the meaning of Section 50-a (Amended Petition, ¶¶ 22, 29).

By Memorandum Decision, dated February 3, 2015, ALJ Lewis denied Victor's motion to redact his "name and any other identifying personal and personnel information" on the basis that "OATH decisions are not 'under the control' of the Department of Correction,

2

and thus are not subject to the confidentiality provisions of [S]ection 50-a" ("February 3 ALJ Decision") (Amended Petition, Exhibit "B" at 5).

Petitioner maintains that the February 3 ALJ Decision is arbitrary and capricious, an abuse of discretion and/or made under error of law on grounds that the OATH Report and Recommendation pertaining to his disciplinary charges is a personnel record which is protected from disclosure under Section 50-a. In opposition, Respondents argue that (1) Petitioner has waived any right to claim confidentiality under Section 50-a by affirmatively disclosing in the subject Petition both the OATH Report and Recommendation and the Charges and Specifications made against him; and (2) Petitioner's request for relief on behalf of "similarly situated" individuals fails as Petitioner is not a proper class representative. In support of its cross-motion to dismiss, the Intervenor-Respondent argues that (1) Section 50-a does not apply to OATH proceedings as OATH proceedings and decisions are not under the control of DOC within the meaning of Section 50-a; and (2) Petitioner may not pursue class action claims in an Article 78 proceeding, and in any event, Petitioner has failed to adequately plead class action claims.[1]

## DISCUSSION

Article 78

Judicial review of an administrative agency's decision is limited to whether the decision "was made in violation of lawful procedure, was affected by an error of law or was

---

[1] This Court need not reach Intervenor-Respondent's alternative argument that granting the requested relief would violate the public's constitutional right of access to OATH proceedings (Intervenor-Respondent's Memorandum of Law in Support of Cross-Motion at 11-17).

3

arbitrary or capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (CPLR 7803 (3); *see e.g. Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999] (internal quotation marks and citations omitted) ["It is well settled that a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion"]).

Civil Rights Law Section 50-a

Section 50-a provides in pertinent part:

> "All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including . . . such personnel records *under the control of* a sheriff's department or a department of correction of individuals employed as correction officers . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . [or] correction officer . . . except as may be mandated by lawful court order [emphasis added]."

ALJ Lewis Decision dated February 3, 2015

In the instant Article 78 Petition, Petitioner seeks to vacate and annul the February 3 ALJ Decision.[2] Based on the legislative history, ALJ Lewis determined:

> "In sum, OATH's reports and recommendations are OATH records, produced by OATH in fulfillment of its fundamental City Charter mandate to serve as an independent adjudicatory tribunal for City agencies. OATH's decisions are not 'under the control' of the Department of Correction, and thus are not subject to the confidentiality provisions of section 50-a. Accordingly, [Petitioner's] motion that his name and 'any other identifying personal and personnel information' be redacted from any published decision is denied" (Amended Petition, Exhibit "B" [February 3 ALJ Decision] at 5).

---

[2] Petitioner is not challenging the Report and Recommendation, dated April 2, 2015, recommending termination of Petitioner's employment with DOC (Amended Petition, Exhibit "D").

All OATH proceedings (except settlement conferences) are open to the public and "unless the administrative law judge finds that legally recognized grounds exist to omit information from a decision, all decisions will be published without redaction" (New York City Rules & Regulations ("RCNY"), Title 48, § 1-49[a], [d]). It is undisputed that OATH distributes its decisions to the Center for New York City Law at New York Law School ("NYLS") which publishes them on its website, and to LEXIS/NEXIS, which also publishes OATH decisions, including those pertaining to corrections officers (Amended Petition, Exhibit "B" [February 3 ALJ Decision] at 4, Amended Petition, ¶ 18).

It is uncontroverted that OATH was established in 1979 by Koch Executive Order No. 32 to "professionalize the administrative hearing system serving City government, and functions as an independent agency so that its judges are not unduly influenced by the prosecutor or petitioning agency" (New York City Charter Revision Commission, Final Report, September 4, 2003 at 117). "OATH is directed by a Chief Administrative Law Judge who is appointed by the Mayor" and the Administrative Law Judges "serve five year appointments, marking their independence from the prosecuting agency and inspiring a higher level of confidence in the fairness of the adjudicative process" (*Id.* at 117-118; *see* New York City Charter (the "City Charter"), § 1049[1][a]).

OATH was made a City Charter agency in 1988 as part of revisions to the City Charter that enacted the City Administrative Procedure Act. City Charter § 1048(1) provides that OATH "shall conduct adjudicatory hearings for all agencies of the city unless otherwise provided for by executive order, rule, law or pursuant to collective bargaining agreements."

5

The New York City Charter Revision Commission explained that:

> "[t]he purpose of formalizing OATH in the charter is to establish an independent body that can be a resource to agencies in conducting their adjudications, while at the same time establishing an independent structure outside of the agency to provide an unbiased assessment of the matters to be adjudicated" (Amended Petition, Exhibit "B" [February 3 ALJ Decision] at 3; New York City Charter Revision Commission, Final Report, September 4, 2003 at 118; *see also* The New York City Charter Revision Commission, Agency Reorganization & Government Accountability, Staff Options Briefing Paper, June 26, 2003 at 8).

The Commission also noted that administrative adjudications by OATH constitute a "quasi-judicial process" and that such "independent administrative tribunal serve as a protective barrier to unwarranted or improvident Executive action" (*Id.* at 9).

Contrary to the above legislative history relied upon by ALJ Lewis, Petitioner maintains that OATH is merely a designee of DOC and thus OATH's personnel records are "under the control of" DOC within the meaning of Section 50-a. Petitioner argues that given that OATH determinations are personnel records, they should be kept confidential under Section 50-a.

The cases cited by Petitioner in support of its argument that OATH records are under the control of DOC are inapposite (*see e.g. Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26 [1988] [DOC grievance records directly under the control of DOC protected from disclosure under Section 50-a]; *Matter of Sharrow v State of New York*, 216 AD2d 844 [3rd Dept 1995] [finding that an arbitration determination (not an OATH decision) is subject to Section 50-a]).

An agency's decision is considered arbitrary if it is "without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union*

6

*Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Based on the foregoing it cannot be said that there is no rational basis for the February 3 ALJ Decision, or that such decision is arbitrary and capricious (*see* CPLR 7803 [3]).

Order Directing Confidentiality of Petitioner's personal and personnel records

The second prayer for relief in Petitioner's Article 78 Petition, although less than clear, seemingly amounts to a request for an Order directing Respondents to keep confidential Petitioner's personal and personnel records. At oral argument on October 31, 2016, Petitioner stated on the record that in order to ensure compliance with Section 50-a, this Court should direct the City to keep confidential the OATH Report and Recommendation covering Petitioner, and the OATH decisions of those similarly situated going back as far as 1992 (Tr of Oral Argument, October 31, 2016 at 36-43). Petitioner also seeks to keep confidential the OATH decisions of those similarly situated going forward.

Even if Section 50-a applied to OATH decisions, Petitioner's request for an Order to keep confidential the OATH Report and Recommendation pertaining to his own disciplinary proceeding, has been waived. Petitioner knew at the time the February 3 ALJ Decision was issued, that the Report and Recommendation would be posted on the NYLS website and on LEXIS/NEXIS. Despite this knowledge, Petitioner failed to take any action such as a request for an injunction or stay. Petitioner also failed to seek injunctive relief in April 2015, at the time the Report and Recommendation was issued by ALJ Lewis, to prohibit Respondents from providing NYLS or LEXIS/NEXIS with the subject OATH Report and Recommendation for publication. In any event, Petitioner's request for an Order directing

7

Respondents to keep confidential OATH decisions going back to 1992 pertaining to all corrections officers is an unfettered, unlimited request to expunge over thirty-five years of OATH jurisprudence and which would be for the most part time barred.

Likewise, Petitioner's requested relief to keep confidential OATH reports issued in the future of all those "similarly situated" corrections officers is equally vague and unavailing. A class action is only appropriate if it is "superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901(a)(5)). "It is well settled that a class action is not considered the superior method for the fair and efficient adjudication of a controversy against a governmental body" (*Matter of Jones v Board of Educ. of Watertown City School Dist.*, 30 AD3d 967, 970 [4th Dept 2006] [internal quotation and citation omitted]).

In any event, here the class of "similarly situated" individuals is ill-defined and Petitioner's request is overly broad and too vague to warrant relief. The only Petition before this Court seeks relief for Petitioner and Petitioner has failed to demonstrate that he could adequately represent an amorphous class of all corrections officers.[3] Furthermore, this Court has no authority to order non-parties NYLS and LEXIS/NEXIS to delete or expunge OATH decisions posted on their websites or to prevent publication of such decisions in the future.

## CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED, that Respondents' cross-motion to dismiss the

---

[3] For example, unlike Petitioner, other corrections officers may not want their OATH decisions taken off the subject websites or expunged in any way, if those decisions are favorable.

8

Amended Petition is granted; and it is further

ORDERED and ADJUDGED, that Intervenor-Respondent's cross-motion to dismiss the Amended Petition is granted; and it is further

ORDERED and ADJUDGED, that the Amended Petition is denied and the proceeding is dismissed.

Dated: May 29, 2018

ENTER:

_____
J.S.C.

SHLOMO HAGLER
J.S.C.

9