UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.F., *et al.*,

Plaintiffs,

-against-

Mayor Eric Adams, *et al.*,

Defendants.

Civ. No.: 21-cv-11150 (ALC)

**DECLARATION OF VANESSA M. GRONBACH IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY <u>INJUNCTION</u>**

VANESSA M. GRONBACH DECLARES UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746 THAT THE FOLLOWING IS TRUE AND CORRECT:

1.  I submit this declaration in support of the Plaintiffs' Motion for a Preliminary Injunction in the above captioned matter.

2.  I am an attorney licensed to practice in New York State.

3.  I am an Impartial Hearing Officer ("IHO") certified by New York State to conduct hearings in New York City.

4.  On or about January 18, 2022, Deusdedi Merced, a consultant for the New York State Education Department, announced at a meeting to a group of IHOs that NYSED is training a new group of OATH IHOs the last week in February 2022.

5.  A significant number of the experienced IHOs who are currently certified in New York State to conduct hearings in New York City were rendered ineligible by the OATH Plan, including myself.

6. I have personal knowledge of the information herein based on, *inter alia*, my working relationships and communications with the individual IHOs named herein.

7. There are scores of experienced IHOs who are not eligible to apply to OATH based on the requirements proposed by OATH for IHOs, none of which are requirements to be an IHO in New York State.

8. In particular, most people are disqualified due to the residency requirement.

9. I have been an IHO since January 2015. Prior to becoming an IHO I represented school districts in New York State for twelve years.

10. I currently carry a case load of approximately 165 cases and have carried up to 300 cases per year.

11. I live in Connecticut and am not eligible to apply for the job of OATH hearing officer. Moreover, I would be unable to apply to work full-time for OATH right now, as I also have a law practice and I still preside over hearings outside of New York City.

12. IHO John Farago has been an IHO since 1980, first in Indiana and subsequently in New York. Prior to that he was a member of the 3-person team that designed New York City's Impartial Hearing Office procedures, hired its staff, and developed its budget in 1976 in response to a Commissioner's Decision that was the precursor to the *Jose P.* lawsuit. He has heard in excess of 5,000 impartial hearings over the years and has trained other IHOs, participated in the selection of IHOs, designed and developed the PLI School Law Institute, and has overseen the informal listserv for NYS IHOs since its inception. Beyond these roles, he was the Search Consultant for the NYC Board of Education in 1990, was one of the three founding faculty members (and initial Associate Dean) of CUNY Law School, has taught education law and policy for

decades, and was a graduate of NYU Law School where he was Articles Editor of the NYU Law Review. He chaired the Association of American Law Schools' Section on Education Law for most of a decade. He also has a Master of Arts in Teaching degree from Harvard, has training is psychometrics and counseling psychology, and is ABD in the Higher Education PhD program at NYU's School of Education (where he studied in a joint degree program while in law school). He is not, and has not been, a member of the NY Bar and is therefore ineligible to apply for a position within OATH.

13. IHO Dora Lassinger, Esq.  has been an IHO since 1989. She resides in Nassau County and will not be eligible to serve as an OATH hearing officer.

14. IHO Mindy Wolman, Esq. has been admitted to the Bar since 1985 and has been serving as an IHO since 1999. IHO Wolman works exclusively (full-time) as an IHO. She has been a faculty member at IHO training and recertification programs and has given presentations at special education law CLE programs. IHO Wolman is ineligible to serve as an OATH IHO because she no longer resides in New York City.

15. IHO Barbara Ebenstein Esq. has been an IHO since 2003. She was an adjunct associate professor at NYU teaching the graduate course in Education Law for 18 years or so. She cannot work for OATH as she lives in Westchester County.

16. IHO Amy Lynne Itzla Esq. has been an IHO since August 2003 and a member of the NYS Bar since 1995. IHO Itzla has lived in Westchester County for 25 years and is not eligible to serve as an OATH hearing officer.

17. IHO Judith T. Kramer Esq. has been an IHO since 2003. Prior to that she was a New York State Assistant Attorney General for 32 years where she handled among many other things several complex class actions involving special education issues

representing the NYS Commissioner of Education and the NYS Commissioner of Corrections. After leaving the attorney general's office she worked half-time for the Children's Law Center as a law guardian for 15 years while serving as an IHO where many of her clients had IEPs and needed special education services. She currently lives in New Jersey and is not eligible to work for OATH.

18. IHO Jeffrey J. Schiro, Esq. has been an IHO since December 2010.  Prior to becoming an IHO, he represented school districts in New York State for thirteen years. IHO Schiro has consistently carried a caseload of between 200 - 300 NYC special education cases since becoming certified as an IHO. IHO Schiro lives in Westchester and is not eligible to serve as an OATH hearing officer.

19. IHO Daniel M. Ajello, Esq. has been an IHO since October 2010. Prior to becoming an IHO his practice included representing parents, both at IEP meetings and in the Impartial Hearing Process, advocating for appropriate educational services. He is also a licensed New York City and New York State Teacher, with licensure from Kindergarten through 12th grade. His involvement in this area grew from having a multiply disabled child, who is now 28 years old. IHO Ajello relocated to Florida for various reasons, primarily concerning the health of his child, back in September of 2019. Because he lives in Florida, IHO Ajello is not eligible to serve as an OATH hearing officer.

20.  IHO Brad Rosken, Esq. has been an IHO since August 2010. Prior to becoming an IHO, he worked for several plaintiff personal injury firms where he represented injured persons in plaintiff personal injury actions. In October of 2005 and to date he owns and operates his own law practice on Long Island where he both represents students with

disabilities on Long Island while he also serves as an IHO hearing cases in New York City and in Westchester and Rockland counties. Prior to that he was an Assistant District Attorney in the Bronx District's Attorney's Office. IHO Rosken lives on Long Island and is not eligible to serve as an OATH hearing officer.

21. IHO Elise Kestenbaum, Esq. has been an IHO since January 2011. Prior to becoming an IHO, she represented school districts in connection with special education matters and other issues involving school districts, and before that, represented parents in all phases of the special education process. In addition to being a lawyer, she is a New York State certified secondary English Teacher. IHO Kestenbaum lives on Long Island and is not eligible to work as a hearing officer for OATH.

22. IHO Tina Millman Esq. has been an IHO since November of 2010. Prior to that she represented Parents and was active in her District's SEPTA. She also worked as an ALJ for the NYC Department of Finance for over 10 years. IHO Tina Millman resides in Nassau County and is not eligible to serve as an OATH hearing officer.

23. IHO Ellen J. Abberbock, Esq. has been an IHO since September 2010. As an individual with a physical disability she brings a personal understanding of students with disabilities to her role as an IHO.  She cannot serve as an OATH hearing officer because she lives in Long Island, New York and her disability makes it impossible for her to move to NYC.  Even if the NYC residency requirement is dropped she would be unable to make the daily commute to the OATH office in NYC.  She is troubled that the Memorandum of Agreement (MOA), which was not even approved by the NYC Council or NYS Legislature, will mean that experienced IHOs can no longer hear cases in NYC.

24. IHO Israel Wahrman, Esq. has been an IHO since 2011. Prior to becoming an IHO, he was a school psychologist and Supervisor of School Psychologists for many years in the New York City public schools. Prior to that, he held positions as a school psychologist and Chairman of the Committee on the Special Education in other school districts in New York State. IHO Wahrman has an MA and Ph.D. from New York University and a JD from Rutgers University; and he also holds a Certificate in Traumatic Brain Injury from CUNY. He has also represented New York City in special education impartial due process hearings. IHO Wahrman does not reside in New York City and is not eligible to be an OATH IHO.

25. IHO Robert Briglio Esq. has been an IHO since 1994 and has presided over thousands of cases and rendered numerous decisions. IHO Briglio's decisions have been upheld in the courts in several major cases. IHO Briglio was a disability rights attorney (not IDEA cases) for over thirty years and conducted a significant number of successful cases advancing civil rights for persons with disabilities. IHO Briglio does not live in NYC and will be terminated from employment as an IHO if OATH takes over due process in NYC.

26. IHO Theresa Joyner Esq. has been a hearing officer for over 10 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

27. IHO James McKeever Esq. has been a hearing officer for over 10 years. His primary address is not in New York City, and he is not eligible to apply at OATH.

28. IHO Lynn Botwinik Almeleh Esq. cannot apply for the OATH position as she does not reside in New York City.

29. IHO Karen Norlander Esq. has been a hearing officer for over 10 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

30. IHO Audrey Daniel, Esq. has been an IHO since January 2014. Prior to becoming an IHO, she obtained a master's degree in special education, worked as an Applied Behavior Analyst, as well as an education advocate for a not-for-profit. She is unable to work for OATH as she resides in Westchester County.

31. IHO Jeffrey Guerra Esq. has been an IHO since 2014 and manages a caseload of 130 cases. He will be ineligible to serve as an OATH hearing officer as he does not reside in the New York City.

32. IHO Maria Dispenza, Esq. has been an IHO since 2014, at which time she transitioned a private practice to solely take on special education cases. Currently she carries a case load of 280-300 special education cases. IHO Dispenza currently resides in Nassau County and is not eligible to serve as an OATH hearing officer.

33. IHO Suzanne M. Carter Esq. has been an IHO since January 2015. She is licensed in New York and New Jersey. In addition to being an IHO, she has had a private law practice since 2010 handling Social Security disability, family law, and trust/estate matters. IHO Carter lives in New Jersey and therefore not eligible to serve as an OATH hearing officer.

34. IHO Andrea Cohen Esq. has been an IHO since early 2015. Prior to that, she was an in-house litigation attorney in the Office of General Counsel for New York Life Insurance Company for over a decade. Before commencing law school, IHO Cohen had received a master's degree in special education from Hunter College and was a tenured NYC public school teacher in the Queens Center for Multiply Handicapped

children. IHO Cohen currently lives in New Jersey and is therefore not eligible to serve as an OATH hearing officer.

35. IHO Bruce Olinger Esq. has been an Administrative Law Judge with a New York State agency for the past 34 years and has been an IHO certified by the NYSED to hold special education hearings for the New York City Department of Education since 2015. He typically handles approximately 300-450 cases per year, and currently has a caseload of approximately 340 cases. He is ineligible to work for OATH as he is a resident of Westchester County.

36. IHO Diane Ciccone Esq. has been an IHO since 2015. She lives in New Jersey, and thus is not eligible to be hired by OATH to hear special education hearings.

37. IHO Laurie Lee Esq. has been an IHO since January 2015. Immediately prior to becoming and IHO, she oversaw Special Education Mediation for Rockland and Westchester Counties for two years. She has been practicing law for over twenty-five years. She lives in Westchester County and would not be eligible to serve as an OATH hearing officer.

38. IHO Martin Kehoe Esq. has maintained a NYSED IHO certification for several decades and currently resides in Albany, New York. As such he is not eligible to work as an OATH hearing officer.

39. IHO Jean Marie Brescia Esq. has been a hearing officer for over 6 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

40. IHO Leah Murphy Esq. has been a hearing officer for over 10 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

41. IHO Patricia Murrell, Esq. has been a hearing officer for over a year. Her primary address is not in New York City, and she is not eligible to apply at OATH.

42. IHO Helene Peyser, Esq. has been a hearing officer for over 6 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

43. IHO Susan Richmond, Esq. has been a hearing officer for over 6 years. Her primary address is not in New York City, and she is not eligible to apply at OATH.

44. IHO Kenneth Ritzenberg, Esq. has been a hearing officer for over 6 years. His primary address is not in New York City, and he is not eligible to apply at OATH.

45. Jennifer Young, Esq. has served as an Impartial Hearing Officer for the IDEA and Section 504 for more than five (5) years. She was certified in New York in April of 2020 and previously served as one (1) of the two (2) full-time Impartial Hearing Officers in the State of Hawaii. Jennifer will not be eligible to serve as an Impartial Hearing Officer for the OATH as she is not a New York City resident.

46. IHO Paul Ivers, Esq. conducted State-level IDEA due process hearings for students in the District of Columbia from July 2009 to October 2010. IHO Ivers represented parents and students in IDEA due process hearings and appeals from October 2004 to December 2008 and served as Assistant Deputy Counsel in the NYCDOE Office of Legal Services from June 1997 to October 2004 with supervisory authority over a unit of attorneys and paralegals assigned to represent the NYCDOE in all IDEA related matters. IHO Ivers is not a resident of New York City and is not eligible to work for OATH.

47. IHO Rachel Gibbons, Esq. has been an IHO since June 2020. In addition, she continues to provide education and advocacy services to families and schools in her local

community regarding children who have neurodevelopmental disabilities. During her first year as an IHO she had a case load of approximately 50 matters. During the current year she will carry a case load of approximately 150-175 matters. IHO Gibbons lives in Long Island and is not eligible to serve as an OATH hearing officer.

48. IHO David R. Gronbach, Esq. was certified as an IHO in April 2020 but not permitted to take cases by the NYC IHO Office until June 2020. IHO Gronbach transitioned his legal practice to take on special education cases, which took about six months to one year; he now carries a case load of over 200 cases. IHO Gronbach lives in Connecticut and is not eligible to serve as an OATH hearing officer.

49. IHO Peter D. Hoffman, Esq. has been an IHO since March 2020. Prior to that he represented Parents and their disabled children for twenty-five years. IHO Hoffman lives in Westchester County and is not eligible to serve as an OATH hearing officer.

50. IHO Lisa K. Eastwood, Esq. became an IHO in the Spring of 2020. IHO Eastwood is not eligible for OATH because she lives in New Jersey.

51. IHO Steven Forbes, Esq. has been an IHO since 2021. IHO Forbes is not a resident of New York City and therefore is not eligible to serve as an OATH IHO.

52. IHO Jennifer Mazzei, Esq. is a recently certified IHO who transitioned her law practice to nearly exclusively handling NYC Due Process Complaint Adjudications. IHO Mazzei is not a resident of New York City and therefore is not eligible to serve as an OATH IHO.

53. IHO Keila Tennent, Esq. has been an IHO since January 2021. IHO Tennent lives in Westchester and thus is not eligible to serve as an OATH hearing officer.

54. IHO Barbara Caravello, Esq. is a former New York City elementary school teacher who acquired a license to practice law in the State of New York, New Jersey, and Pennsylvania. IHO Caravello served for twenty-one years on the Assigned Counsel/Attorney for Children panel in Queens Family Court. She was certified as an IHO in June of 2020 and for 17 months steadily and aggressively built a caseload of IHO work, while winding down a large caseload for the overwhelmed NYC Family Court system. She left Queens Family Court to devote all her time to IHO work in November of 2021, just before she learned that the IHOs were being replaced. She has continued to increase her IHO caseload, which is currently over 235 and counting. IHO Caravello lives on Long Island and therefore is ineligible to apply to OATH.

55. IHO Lisa Rusk, Esq. was a partner in a law firm that represented approximately 50 public school districts in New York State and specialized in matters related to the education of students with disabilities for approximately 24 years until September of 2018. From September 2018 through December 2021, she worked for the NYS Office of Court Administration, most recently serving as a Principal Law Clerk for a NYS Supreme Court Judge who retired 12/31/21. She was, therefore, not able to begin hearing cases until January of 2022. In her prior work, she has reviewed 1000s of IEPs, attended 100s of CSE meetings, trained 100s of special education service providers and administrators and litigated at the administrative hearing, State appeal and federal district court levels. She is unable to work for OATH because she does not reside in New York City.

56. IHO Lisa Eggert Litvin, Esq. is an attorney admitted to practice in New York for over 30 years. After graduating Order of the Coif from law school and clerking for the

Southern District of NY, she practiced commercial litigation in Manhattan. She then relocated to Westchester and became an education advocate, writing and publishing extensively, providing testimony locally and on the state level, before New York's Senate and Assembly. She has been a consultant with SED and the Board of Regents, working on the Graduation Measures Project. She also co-chaired the New York Suburban Consortium for Public Education, advocating for better conditions for all children, and she served as President of the Hastings-on-Hudson Board of Education. She currently serves of the NY State Bar Assn. Task Force addressing Systematic Racism, Education subcommittee. IHO Litvin's primary resident is in Westchester, and thus she is ineligible to work for OATH.

57. IHO Jeffery Silverson, Esq. does not qualify to work for OATH as he does not live in New York City.

58. IHO Kia Scott, Esq. has been a hearing officer for over a year. Her primary address is not in New York City, and she is not eligible to apply at OATH.

59. IHO Nika Gholston, Esq. has been a hearing officer for about a year. Her primary address is not in New York City, and she is not eligible to apply at OATH.

60. IHO Randy Glasser, Esq. has been a hearing officer for over a year. Her primary address is not in New York City, and she is not eligible to apply at OATH.

61. IHO Marissa Carbone, Esq. has been an IHO since March 2021. Prior to obtaining that position, she worked for Westchester County prosecuting juvenile delinquents for approximately 18 years. IHO Marisa Carbone carries a case load of about 160 cases. IHO Marisa Carbone lives in Westchester County and is not eligible to serve as an OATH Hearing Officer.

Executed in New York, New York on February 9, 2022.


_____
Vanessa M. Gronbach