THE LAW OFFICE OF

# ELISA HYMAN, P.C.

March 25, 2022

**VIA ECF AND EMAIL**
The Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

   Re:  *E.F., et al. v. Mayor Eric Adams, et al.*, 21-cv-11150 (ALC)

Dear Judge Carter:

  Plaintiffs submit this letter in response to the pre-motion conference letter that Defendants New York State Education Department and the Commissioner of the New York State Education Department (collectively, "State Defendants") submitted on March 15, 2022. *See* ECF No. 49. State Defendants seek to file a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs believe State Defendants' anticipated motion lacks merit and would only serve to unnecessarily delay the case.

  **A. The Court Ruled that Plaintiffs J.F., H.F., L.V., and N.F. Have Standing.**

  There is no merit to State Defendants' challenge to the standing[1] of Plaintiffs J.F., H.F., L.V., and N.F. ECF No. 49 at 2. The Court expressly ruled in its March 1, 2022 Order that these Plaintiffs have standing. Specifically, the Court ruled that "J.F., H.F., L.V., and N.F. adequately plead injury-in-fact." ECF No. 46 at 12. Notably, State Defendants fail to mention the Court's ruling in their letter.

  Further, State Defendants misstate the record concerning Plaintiffs' due process complaints and impartial hearings. Plaintiffs *presently* have *pending* impartial hearings, which City Defendants have admitted. ECF No. 39 at ¶¶ 5-6.[2] These hearings were pending when Plaintiffs filed the original complaint on December 29, 2021.[3]

  Plaintiffs do not need to establish that they will file a hearing in a future year to establish standing. *See Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148 (2d Cir. 1992). Regardless, and contrary to State Defendants' arguments, Plaintiffs' allegations that they will need to file hearings following the transition to OATH are not speculative. The FAC alleges that (a) "J.F. has filed four

---

[1] "When standing is challenged on the basis of the pleadings," the court must "'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Vasquez*, 143 F. 3d 74, 81 (2d Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

[2] Plaintiff H.F. has a "hearing pending concerning the 2020-2021 school year." ECF No. 39 at ¶ 5. J.F. Plaintiff N.F. actually "has two pending due process complaints, one regarding the 2021-2022 school year and one regarding multiple, prior school years." *Id.* at ¶ 6.

[3] The other Plaintiffs that this Court dismissed for lack of standing, with the exception of E.F. and O.F., also have pending due process complaints and pending impartial hearings for the 2021-2022 school year. ECF No. 39 at ¶¶ 7-8.

1115 BROADWAY, 12TH FL.       42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010        NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

impartial hearings on behalf of [H.F.]," and (b) "plans to file a fifth hearing for the 2021-2022 school year, as H.F. was not offered any program or placement." ECF No. 5 at ¶ 45. The FAC alleges that (i) "L.V. has filed four impartial hearings on behalf of [N.F.]," (ii) N.F. is a child with Autism, and (iii) "[b]ased on the lack of services and programs for children with Autism with N.F.'s unique profile, it is not speculative that L.V. will have to file for due process in the future." *Id.* at ¶ 46. The high probability that Plaintiffs will need to file for impartial hearings in subsequent years should come to no surprise to Defendants. As will be shown through discovery, City Defendants' policy and practice is to "terminate funding for the last agreed upon program and placement ordered by an impartial hearing officer once that order expires[,] even if the Defendants fail to issue an IEP or placement for the next school year…."[4]

State Defendants also misconstrue the injury-in-fact alleged in the FAC. The injury in fact is Defendants' imminent holding of hearings that do not comport with the procedural safeguards guaranteed under the IDEA. *See* FAC at ¶¶ 4-6, 344-345; *Heldman*, 962 F.2d at 155 ("[t]he central role of the IDEA process rights bears witness that Congress intended to create procedural rights the violation of which would constitute injury in fact."). Plaintiffs' enforceable right to an impartial and qualified IHO, and an IDEA-compliant hearing system, is not contingent on whether the hearing results in a biased ruling, or whether that ruling could be overturned on appeal. It is well established that "submission to a fatally biased decisionmaking process is in itself a constitutional injury sufficient to warrant injunctive relief." *United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir.1982). "The injury is the submission itself; the biased (or potentially biased) decision may also result in injury, but it is a separate, distinct one." *Hammond v. Baldwin*, 866 F.2d 172, 176 (6th Cir. 1989); *see also Utica Packing Co. v. Block*, 781 F.2d 71, 77 (6th Cir.1986) (a constitutionally fair administrative process "requires the appearance of fairness and the absence of a probability of outside influences on the adjudicator; it does not require proof of actual partiality.").[5]

## B. The FAC Contains Sufficient Factual Matter to State a Claim that the OATH Plan Violates the IDEA.

State Defendants do not have a valid basis for moving to dismiss Plaintiffs' IDEA claim under Rule 12(b)(6).[6] "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (internal quotation marks and citation omitted)).

---

[4] *See M.G., et al. v. New York City Dep't of Educ., et al.*, 13-cv-4639 (SHS) (RWL) ("MG Class Action"), ECF No. 298 at ¶ 181. As alleged in the MG Class Action, City Defendants' policy and practice forces "all parents to incur legal fees and be perpetually engaged in litigation." *Id.* Thus, it unfortunately is the norm for plaintiffs like J.F., H.F., L.V., and N.F. to have to file due process complaints every year.

[5] *See also Schmelzer ex rel. Schmelzer* v. New York, 363 F. Supp. 2d 453, 459 (E.D.N.Y. 2003) (holding that violations of plaintiffs' procedural rights under the IDEA in and of themselves constituted an injury in fact).

[6] Plaintiffs' IDEA claim is Count I of the FAC. ECF No. 6 at ¶¶ 343-355.

2

The FAC contains extensive factual allegations supporting Plaintiffs' claim that the OATH Plan will deprive Plaintiffs of their procedural rights to an impartial hearing under 20 U.S.C. § 1415(f)(3)(A) and the corresponding state law. These allegations include the fact that the adjudicators in OATH hearings are employees of the entity that has an economic stake in the hearings. As alleged in the FAC, the City is seeking to control the costs of special education claims by controlling the selection and terms of employment of the IHOs. State Defendants improperly ask the Court to disregard Plaintiffs' allegations, accept State Defendants' denials of wrongdoing, and dismiss Plaintiffs' claims without discovery. ECF No. 49 at 2.

Lastly, the Court did not reach the merits of Plaintiffs' IDEA claim in its March 1 Order. ECF No. 46 at 22. The Court indicated at the February 16, 2022 hearing that "there probably needs to be some discovery done" in the case.[7] Plaintiffs believe that State Defendants' anticipated motion to dismiss Plaintiffs' IDEA claim is baseless and that discovery should proceed forthwith.[8]

### C. State Defendants Do Not Have a Valid Basis for Moving to Dismiss the Other Claims in the FAC.

The FAC also contains sufficient allegations to survive a motion to dismiss Plaintiffs' claims under Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, the Due Process and Equal Protection clauses of the Fourteenth Amendment, the New York Education Law.[9] Plaintiffs do not address State Defendants' arguments as to each individual claim here to comply with the page limitations under the Court's Individual Practices. Instead, Plaintiffs respectfully refer the Court to their motion papers where these claims are discussed, and are prepared to discuss these claims further at a pre-motion conference.

Finally, Plaintiffs note that they have been considering, and need more time to consider, seeking leave to amend the complaint as facts regarding the implementation of the OATH Plan continue to develop.[10] Further, even if the Court permits the motion practice, discovery should not be stayed.

Respectfully submitted,

/s/ *James Sanborn*

_____

James Sanborn

cc: All Counsel of Record

---

[7] Tr. of Feb. 22, 2022 Hearing at 55:15-16.

[8] If State Defendants were to proceed with a motion to dismiss and rely on matters outside the FAC, this Court should exclude those matters and decline to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). *See, e.g.*, *Fed. Ins. Co. v. Gander & White Shipping, Inc.*, 19-cv-07209 (ALC), 2020 WL 3833408, *2 (S.D.N.Y. July 8, 2020) ("Without additional development of evidence, it would be inappropriate for the Court to convert Defendant's motion to dismiss into a motion for summary judgment and then rule on that motion.").

[9] The FAC also contains a claim for violation of the City Charter (Count VI). This claim is intended to be asserted only against City Defendants and not State Defendants.

[10] For example, in the past two days, new OATH IHOs have started to be assigned, and Defendants are purporting to implement radical changes to the procedures for impartial hearings.