# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

March 25, 2022

**VIA ECF AND EMAIL**
The Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *E.F., et al. v. Mayor Eric Adams, et al.*, 21-cv-11150 (ALC)

Dear Judge Carter:

Plaintiffs submit this letter in response to the pre-motion conference letter that Defendants City of New York, Mayor Eric Adams, the New York City Department of Education, the New York City Board of Education, Chancellor David C. Banks, the Office of Administrative Trials and Hearings, and Commissioner Joni Kletter (collectively, "City Defendants") submitted on March 15, 2022. *See* ECF No. 51. City Defendants seek to file a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. City Defendants' anticipated motion lacks merit for the reasons set forth below.

### A. The Court Ruled that Plaintiffs J.F., H.F., L.V., and N.F. Have Standing.

There is no merit to City Defendants' challenge to the standing[1] of Plaintiffs J.F., H.F., L.V., and N.F. ECF No. 51 at 3. The Court expressly ruled in its March 1, 2022 Order that "J.F., H.F., L.V., and N.F. adequately plead injury-in-fact" and, thus, have standing. ECF No. 46 at 12. City Defendants omit the Court's ruling in their pre-motion conference letter. They also fail to mention in their letter that Plaintiffs have pending hearings, despite including that fact in their opposition to Plaintiffs' emergency application. *See* ECF No. 39 at ¶¶ 5-6.[2]

### B. The FAC Contains Sufficient Factual Matter to State a Claim that the OATH Plan Violates the IDEA.

City Defendants lack a basis to move to dismiss Plaintiffs' claims that the OATH Plan violates Plaintiffs' rights under the IDEA.[3] "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[1] "When standing is challenged on the basis of the pleadings," the court must "'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Vasquez*, 143 F. 3d 74, 81 (2d Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

[2] Plaintiff H.F. has a "hearing pending concerning the 2020-2021 school year." ECF No. 39 at ¶ 5. J.F. Plaintiff N.F. actually "has two pending due process complaints, one regarding the 2021-2022 school year and one regarding multiple, prior school years." Id. at ¶ 6.

[3] Plaintiffs' IDEA claim is Count I of the FAC. ECF No. 6 at ¶¶ 343-355.

1115 BROADWAY, 12TH FL.    42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010    NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (internal quotation marks and citation omitted)).

City Defendants contend that the Court has ruled that having hearings conducted by IHOs that the City hired under the OATH Plan does not violate the IDEA as a matter of law. ECF No. 51 at 2-3. However, the Court did not reach the merits of Plaintiffs' IDEA claim in its March 1 Order. ECF No. 46 at 22. Instead, the Court stated that "there is insufficient evidence that [the OATH IHOs] lack the requisite knowledge or would be inherently biased because they are paid by the City of New York." *Id.* at 19. The Court did not purport to rule that the allegations of the FAC, if taken as true, fail to state a claim under the IDEA.

Further, the Court indicated at the February 16, 2022 hearing that "there probably needs to be some discovery done" in the case.[4] A motion to dismiss would only serve to delay the litigation of this case on the merits. Accordingly, this Court should deny City Defendants leave to file a motion to dismiss, and should allow discovery to go forward.[5]

## C. The FAC Sufficiently Alleges a Cause of Action for Violation of the City Charter.

City Defendants do not contend that Count VI of the FAC (ECF No. 5 at ¶¶ 382-384) lacks sufficient factual allegations to state a claim for violation of the New York City Charter.[6] Instead, they merely deny that there are any issues with the OATH Plan under the Charter. ECF No. 51 at 2. City Defendants' unsupported factual allegations and legal conclusions are not a valid basis for a motion to dismiss under Rule 12(b)(6). Similarly, City Defendants' conclusory argument that the "independence of [OATH] is well established" is not a basis for a motion to dismiss under Rule 12(b)(6). ECF No. 51 at 2-3.[7]

---

[4] Tr. of Feb. 22, 2022 Hearing at 55:15-16.

[5] Further, if City Defendants were to proceed with a motion to dismiss and rely on matters outside the FAC, this Court should exclude those matters and decline to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). *See*, *e.g.*, *Fed. Ins. Co. v. Gander & White Shipping, Inc.*, 19-cv-07209 (ALC), 2020 WL 3833408, *2 (S.D.N.Y. July 8, 2020) ("Without additional development of evidence, it would be inappropriate for the Court to convert Defendant's motion to dismiss into a motion for summary judgment and then rule on that motion.").

[6] Indeed, the FAC contains detailed factual allegations regarding the jurisdictional limitations of OATH under the Charter and City Defendants' failure to comply with the Charter in adopting the OATH Plan. *Id.* at ¶¶ 130-144, 275-279.

[7] Moreover, City Defendants' self-serving statement is irrelevant given that OATH never heard IDEA cases until this year, and, instead, only handled City law matters like zoning violations and agency summonses issued by City agencies. ECF No. 5 at ¶¶ 136-144.

### D. The FAC Does Not Allege a Cause of Action Against Defendants for Violating a 2002 Stipulation and Court Order.

The FAC does not currently assert a cause of action against City Defendants for failing to provide 45 days' notice of the OATH Plan in violation of a Stipulation and Court Order in *Does, et al. v. Outgoing Schools, et al.*, 1:02-cv-06495 (JFK). Thus, City Defendants' argument that Plaintiffs do not have a right to enforce the Order in this action is irrelevant. ECF No. 51 at 3. However, the factual allegations that Defendants attempted to implement the OATH Plan in secret are corroborative of Defendants' attempt to exert control over the IHOs in violation of Plaintiffs' due process rights under the IDEA.

Further, Defendants did not merely violate a federal court order by not providing notice. The IDEA required Defendants to "ensure[] that there [we]re public hearings, adequate notice of the hearings, and an opportunity for comment available to the general public" before adopting the OATH Plan. 20 U.S.C. § 1412(a)(19). Separately, the New York City Charter required Defendants to provide notice to the public and hold hearings before transferring the impartial hearing system to OATH. NYC City Charter § 1048(4)(a)-(b). Defendants adopted the OATH Plan without complying with any of these provisions, thus forcing Plaintiffs to file this action to try to protect the procedural rights that "form the substance of [the] IDEA." *Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148, 155 (2d Cir. 1992).[8].

Finally, Plaintiffs note that they have been considering, and need more time to consider, seeking leave to amend the complaint as facts regarding the implementation of the OATH Plan continue to develop.[9] Further, even if the Court permits the motion practice, discovery should not be stayed. Plaintiffs look forward to discussing these issues further should the Court hold a pre-motion conference.

Respectfully submitted,

/s/ *James Sanborn*

———————————
James Sanborn

cc: All Counsel of Record

---

[8] The fact that Defendants secretly rolled out the OATH plan also is relevant to determination of the balance of the equities, which the Court ruled did not favor enjoining the OATH Plan. ECF No. 46 at 21.

[9] For example, in the past two days, new OATH IHOs have started to be assigned, and Defendants are purporting to implement radical changes to the procedures for impartial hearings.