

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Andrew J. Rauchberg
phone: 212-356-0891
email: arauchbe@law.nyc.gov

March 29, 2022

**BY ECF**

Hon. Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

      Re:   *E.F. et al. v. Adams, et al.*
             Index No. 21 CV 11150 (ALC) (SN)

Dear Judge Carter,

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for the City Defendants in the case referenced above.  I write jointly with counsel for the other parties, and pursuant to the Court's Order, set forth in its Opinion and Order dated March 1, 2022, to provide this status update.

      In preparing this letter, counsel for City Defendants communicated by email with Elisa Hyman, Esq., James Sanborn, Esq. and Gary Mayerson, Esq., Plaintiffs' attorneys, as well as Elyce Matthews, Esq., and Mark Ferguson, Esq., attorneys for the State Defendants.  As noted, this letter is submitted jointly.

**Defendants' Update**

      Regarding the progress of the implementation of the "OATH plan" (the plan by which impartial due process hearings in New York City for claims brought pursuant to the Individuals with Disabilities Education Act will be adjudicated by OATH, *i.e.* the Office of Administrative Trials and Hearings), Defendants have made further progress since the parties' last status letter to the Court.  OATH now has 18 hearing officers hired and onboard, all of whom have been certified by the State.  11 more hearing officers have accepted offers and are likely to begin work in April or May.  Of the additional 11 hearing officers, one is already certified, two were recently trained and were certified this week, and the remaining eight will be trained in

May. OATH has begun assigning cases to the certified hearing officers already onboard, assigning a total of sixty cases last week, and expects to assign more this week.

Regarding the related proceeding of *Gronbach et al. v. N.Y. State Education Department et al.*, Index No. 910574-2021 in the New York State Supreme Court in the County of Albany, Petitioners have served and filed their papers in opposition to Respondents' cross-motion to dismiss and in support of their application for a preliminary injunction. Respondents' reply papers will be served and filed by Thursday, March 31, 2022, after which these motions will be fully briefed. The return date is Friday, April 1, 2022.

Defendants submit that Plaintiffs' insertion, consisting of "anecdotal evidence" and two full pages of legal arguments, is inconsistent with the Court's Order. It is Defendants' understanding that these bi-weekly joint letters are meant to be status updates on the OATH transition and not an opportunity to present arguments to the Court. Unless and until the Court directs the parties to proceed otherwise, Defendants will continue to provide updates on the OATH plan, and the *Gronbach* matter, in these letters and will rebut Plaintiffs' purported claims and arguments at the appropriate time.

Lastly, City Defendants note that former OATH Commissioner and Chief Administrative Law Judge, and Defendant in this case, Joni Kletter, is no longer in her position with OATH. The Mayor has named Asim Rehman as the new OATH Commissioner and Chief Administrative Law Judge. City Defendants expect that Mr. Rehman will begin work in his new capacity in the near future.

**Plaintiffs' Update**

Plaintiffs received the information contained in Defendants' update on the OATH IHOs this morning. As Defendants noted above, several people this week received notices from OATH IHOs that their cases have been assigned to OATH. Plaintiffs asked Defendants to disclose the names of the new IHOs, but Defendants have refused to provide that information.

Based on anecdotal evidence, the new OATH IHOs include a former prosecutor for CCRB, a court attorney and former ACS lawyer, another former ACS lawyer, a senior legal counsel for OATH, a managing attorney in Queens for OATH, the managing attorney for the OATH Health Appeals Unit, the Deputy Commissioner and Chief Clerk for OATH, three IHOs who moved over from the DOE, and three IHOs with significant special education experience. These three IHOs include two former lawyers for Advocates for Children, and one IHO who used to be a parent's attorney. Defendants have advised that the managerial OATH staff will not be hearing officers, but they are certified as IHOs and their job description as supervising OATH IHOs includes accepting cases.

Plaintiffs learned last week that Defendants have unilaterally changed the rules of practice for impartial hearings in New York City. The attached Exhibit A is, upon information and belief, a sample of the new procedures, which OATH IHOs have started sending to parties. *See* Ex. A. Defendants made these radical changes to the impartial hearing procedures without notice to the bar and the lawyers and advocates who have pending cases under the current rules of practice for impartial hearings, and without "public hearings, adequate notice of the hearings,

and an opportunity for comment available to the general public" as required under the IDEA (20 U.S.C. § 1412(a)(19)).

As Plaintiffs alleged in their complaint, Defendant DOE is required to have one mandatory resolution session under the IDEA, in which DOE is supposed to be able to resolve the issues in the due process complaint ("DPC"). However, the DOE's resolution staff does not have authority to resolve most issues that involve money due to the relationship between the DOE, the City, and the Comptroller. Further, these resolution sessions are not billable. In addition, unlike implementation of impartial hearing orders which have been the subject of a class action lawsuit since 2003, *L.V. v. New York City Dep't of Educ.*, 03-cv-9917, there is no centralized mechanism to enforce resolution agreements, even if the lawyer wanted to provide *pro bono* representation or the parent decided to forego their right to attorney's fees under the IDEA. However, the IDEA does permit those agreements to be enforced directly in Court.

With the new OATH procedures, Defendants seek to impose a mandatory settlement conference before access to a hearing, with a different IHO than the IHO who would hear the case. The mandatory conference is to be held after the resolution session. Under Defendants' unilateral rules, both sides are required to have settlement authority when attending these conferences. However, there is no enforcement mechanism to ensure DOE has settlement authority. Further, given the high volume of cases, and the fact that the Comptroller's office needs 30 days after a detailed memorandum is submitted to authorize settlement approval, this mandatory conference likely will further delay hearings. It is also unclear what kind of settlement document will be a result of this conference. Under the IDEA, resolution agreements are directly enforceable in federal court, as are IHO orders. If private settlement agreements are going to result from these mandatory conferences, parents will have no ability to enforce them without providing a notice of claim and instituting a separate state court action at their own expense. Further, it is unclear how the rights of unrepresented parents will be protected at these conferences.

Defendants' sweeping changes to the procedures will require a change of practice for every lawyer in the bar with clients who reside in the City and may prove to be impossible for some of these lawyers to comply with based on their caseloads. Leaving aside the fact that the IDEA prohibits the implementation of procedural changes to impartial hearings without public notice and a comment period, procedures in other areas of law do not change overnight without notice and without comment and feedback from the bar so that there is an opportunity to adjust practices. Plaintiffs' co-counsel's office, The Law Office of Elisa Hyman, P.C., primarily represents families without financial means. As soon as we saw these procedures, we immediately closed intake for the foreseeable future and are considering whether we can continue with our current caseload next year given the changes.

The new procedures create a more formal legal environment, which *pro se* parents, and parents represented by non-lawyers, likely will find difficult to manage. Moreover, the new procedures require production of the IEPs to the hearing officer before the hearing even starts. This is problematic, since the DOE bears the burden of proof in every case under New York State law. The DOE often decides not to defend the IEP or place it into evidence. Now, since the IHOs who litigate the case are forcing the production of contested documents, parents may be placed in a difficult position. Another problematic rule is that in New York City, the

IDEA's Five Day disclosure rule (*i.e.* documents have to be disclosed five days prior to a hearing) is applied by IHOs so that documents can be disclosed prior to each hearing date, not prior to the first hearing date. It appears, but is not clear, that the practice is being changed by OATH. Again, this will be problematic for families who do not have the financial resources to purchase private evaluations in advance or gain access to their own files before the hearing begins, which is a common situation for all public school families who do not undertake unilateral private placements.

The parties jointly thank the Court for its consideration of this matter.

Respectfully submitted,

s/

Andrew J. Rauchberg
Assistant Corporation Counsel

cc:   All counsel of record