Dear Parties:

I have been appointed as the Impartial Hearing Officer (IHO) in this case (Case Number REDACTED).  I have no personal, professional, or financial relationship with either party to the case that would affect my ability to make an impartial decision.  If you have any questions or concerns about this, please let me know immediately in writing and provide a copy to the other party as well.

Please read this entire message in detail as it contains certain orders and action dates.

The purpose of this notice is to invite the Parties to a **Settlement Conference** and **Pre-Hearing Conference** on March 31, 2022 from 2:00pm to 3:00pm.  The anticipated time for both the settlement and pre-hearing conference is one-hour (approximately half an hour for each).  Both conferences will be held online via Webex using the same link/call in number.  After we confirm a date and time, I will send you a link/call in information for the meeting.  If this date and time does not work for either party, please send me an email with two alternative dates and times when you are available within five days of the originally scheduled date.  If you prefer, you can also coordinate with the other party about two dates and times when you are both available and let me know.

**OATH Settlement Conference**

At the settlement conference, the Settlement IHO will review the details of the case and discuss whether the parties can reach a full or partial settlement.  OATH's settlement conferences are conducted by a different IHO than the IHO assigned to your impartial hearing, and all settlement offers, whether or not made at a conference, are confidential and are not admissible at the hearing of any case.  Each party must have an individual possessing authority to settle the matter either present at the conference or readily accessible.

**Pre-Hearing Conference**

Following the Settlement Conference, you will meet with me for a Pre-Hearing Conference.  During the Pre-Hearing Conference, we will discuss the issues/topics outlined in the attached "Subjects to be Considered" letter.  You must come prepared to discuss and be ready to make decisions regarding these issues.  Each party participating in the conference must have the authority to (1) enter into settlements on any or all issues, (2) agree to facts that are not being disputed, and (3) identify issues or claims that will not be disputed at the hearing.  If you need to speak with your attorney or client to be ready for the conference, be sure to do so now.

Within five days of the Pre-Hearing Conference, I will issue an order that includes issues that have been settled, facts that are not in dispute, and issues that will be discussed at the hearing.  Please read my order carefully.  If either party believes that the Pre-Hearing Order has mistakes or misstatements, that party must email me within three business days of the Order and copy the opposing party.  I will respond to your concerns as soon as possible.

**IEP**

Finally, to assist me in understanding the issues in this case, I am requesting that the District send to me and the Parent a copy of any IEPs in effect during the period of time at issue in this case at least two days prior to the Pre-Hearing Conference.

I look forward to speaking with you both.
---

**Pre-Hearing Conference – Subjects to be Considered**

The following issues/topics will be discussed during the Pre-Hearing Conference.

1. Parent Representation
    a. If the parent is not represented by an attorney, does the parent plan to hire an attorney before the due process hearing? How much time will the parent need to hire an attorney? (Note: If the parent hires an attorney, the parent must immediately email the IHO and the opposing party with the name and contact information for the attorney.)
    b. If the parent is not represented by an attorney:
        i. Did the District provide the parent with a list of sources to contact to get help with understanding the Individuals with Disabilities Education Act (IDEA) and the hearing process?
        ii. Did the District send the parent a copy of the Procedural Safeguards notice?

2. Resolution Process
    a. When did the Resolution meeting occur?
    b. Who attended the Resolution meeting from each side?
    c. Did the parties reach an agreement on any issues? If so, which issues?
        i. Was the agreement in writing and signed by both sides?
    d. Are the parties willing to continue settlement discussions and/or do they want to use the mediation process?
    e. When did/does the 45-day deadline (or 20-day deadline for expedited hearings) start?

3. Issues for Hearing
    a. What are the specific issues that will be considered at hearing? (In other words, what parts of the evaluation, IEP, or special education process are being challenged as inappropriate?)
    b. What is the proposed remedy/what would fix the concern?
    c. Note: During the Pre-Hearing Conference, the IHO may require the parties to clarify the issues/remedies and provide more detail and explain any defenses.

4. Response to the Due Process Complaint
    a. Did the "Respondent" (the party that did not file the Due Process Complaint) file a response to the Due Process Complaint?
    b. Did the Respondent send a copy of the response to the IHO?
    c. If the Respondent did not file a response, how should the IHO address that issue?

5. Fact Agreements/Stipulations
    a. Are there any facts that the parties can agree to now?

      b. Will the parties meet to draft written fact stipulations before the hearing?

6. Witnesses
   a. Who does each party plan to call as a witness at the hearing?
      i. How much time will each side need to question the witness (direct and cross examination)?
   b. Note: Attorneys/parties are expected to give careful thought to their witness lists before the Pre-Hearing Conference so that the IHO can make a decision about how much time each party will be given to present their case.

7. Date, Time, and Location of the Hearing
   a. When and where will the hearing take place (dates, times, length, etc.)?
   b. If the hearing will be held online/virtually, do all participants in the hearing have access to the internet and Webex (the program OATH uses for virtual hearings)?
   c. Does either party expect any witness scheduling or logistical problems? If so, how does the party suggest resolving the problem(s)?

8. The 45-day Deadline
   a. Do the parties need an extension of the 45-day deadline?
      i. If so, what is the reason for the extension? (The parties must be prepared to discuss the "extension factors" in OATH's rules and/or at 8 NYCRR § 200.5(j)(5). If either side needs a copy of the factors, please email the IHO and/or your OATH contact).
      ii. How can we avoid an extension of the 45-day deadline?

9. Five-Day Disclosures (Exhibits and Witnesses)
   a. What is the due date for the parties to send one another the documents and witnesses they plan to use at the hearing?
   b. The parties must meet before the hearing and make a list of any exhibits that are identical to an exhibit of the other party. If the parties disagree about whether an exhibit is identical, the parties must be prepared to explain why the documents are different at the beginning of the hearing.
   c. Each party must label each document separately. Parents must label documents starting with a letter and the page number (Example: Exhibit A-001). If the parent runs out of letters A-Z, the parent may continue with AA, BB, CC, etc. The District must label documents with a number and the page number (Example: Exhibit 1-001).
   d. The disclosure must include a Document List with the following information:
      i. The exhibit letter or number (Example: Exhibit A)
      ii. The name/title of the document (Example: IEP 05/26/2021)
      iii. The page range or number of pages of each exhibit (Examples: "12 pages" or "A-01-012).
   e. The Witness Lists must include the following for each witness:

           i. Name
          ii. Role/position
         iii. Address/email address and phone number
         iv. 1-2 sentence explanation of the general thrust of the witness' testimony
          v. Whether the witness will participate in person, by phone, or by internet (Webex).

    f. The IHO may request that the parties send the IHO a copy of the Exhibits and/or Witness List at the time of the Five-Day Disclosure.

    g. If you are participating in an in-person hearing, you must bring at least four sets of exhibit books with you (one for each party, one for the witness, and one for the hearing officer) unless you are told otherwise.

10. Subpoenas
    a. If either party is having trouble accessing or obtaining witnesses or records, the party may request a subpoena.
    b. The party requesting the subpoena should be prepared to explain how the document or witness is relevant to the case. If the other party is preventing access to a witness or a document, that party should be prepared to explain why it will not provide access voluntarily.
    c. Note: If seeking a subpoena will delay the hearing, do not wait until the Pre-Hearing to make a request. You may request a subpoena at any time.

11. Motions/Requests
    a. Do the parties plan to make any motions/requests, or are there any other disputes that should be discussed during the Pre-Hearing Conference?
        i. If so, how will they be addressed (i.e., when will the parties file the motion/request and what is the timeline for a response by the other party)?

12. Burden of Proof
    a. The IHO will confirm with the parties the burden of proof in the case.

13. Open/Closed Hearing
    a. Does the Parent want the hearing to be open or closed to the public? Is the Parent planning to invite anyone besides an attorney/representative?

14. Translation/Interpretation and Accommodations
    a. Does either party need any of the following for themselves or any witness:
        i. Translation of documents related to the hearing?
        ii. Interpretation during the hearing?
        iii. Accommodations for a disability or other special circumstance?

15. Closing Arguments
    a. Will the parties make oral closing arguments?

      b. Is there any legal question for which the IHO may want case law or a legal brief?

16. Decision
      a. Does the Parent want to receive the decision by mail, email, or both?

Final Directive to the Parties:

If there is any issue between now and the Pre-Hearing Conference, the parties must speak with each other and try to resolve the issue without the IHO. If the parties cannot resolve the issue, the parties must immediately email the IHO with an explanation of the issue and the IHO will either address it before or during the Pre-Hearing Conference.