USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: 113
DATE FILED: May 10, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

J.F., on behalf of himself and his minor child, H.F.; L.V., on behalf of herself and her minor child, N.F.; A.M. on behalf of herself and her minor child, O.M.; M.F., on behalf of herself and her minor child, J.W.; J.S., on behalf of herself and her minor child, R.S.; R.H., on behalf of himself and his minor child, M.H.; and all others similarly situated,

                            Plaintiffs,

                  -against-

MAYOR ERIC ADAMS, in his Official Capacity; THE CITY OF NEW YORK; CHANCELLOR DAVID C. BANKS, in his Official Capacity; NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK; COMMISSIONER BETTY ROSA, in her Official Capacity; NEW YORK STATE EDUCATION DEPARTMENT; COMMISSIONER ASIM REHMAN, in his Official Capacity; THE NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS,

                            Defendants.

------------------------------------------------------------------- x

21-CV-11150 (ALC)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

        WHEREAS the Plaintiffs in the above-captioned action submit that they have filed this action using initials to protect their respective identities from public disclosure;

        WHEREAS the parties agree that the nature of this case may require the parties to seek and produce documents and information, including documents and information concerning

Plaintiffs and non-parties, and potentially to elicit deposition testimony that the parties believe to be confidential;

WHEREAS the parties agree that entry of a confidentiality stipulation and protective order limiting disclosure of such confidential information as provided herein is necessary to assure appropriate protection of privacy interests and other legitimate interests in confidentiality;

WHEREAS good cause exists for the entry of such an order;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by, between, and among the parties to this Stipulation of Confidentiality and Protective Order (the "Stipulation and Protective Order"), namely, Plaintiffs; defendants Mayor Eric Adams, in his official capacity; The City of New York; Chancellor David C. Banks, in his official capacity; New York City Department of Education ("NYCDOE"); New York City Board of Education of the City School District of the City of New York ("the Board"); Commissioner Asim Rehman, in his official capacity; the New York City Office of Administrative Trials and Hearings ("OATH") (collectively, the "City Defendants"); and defendants New York State Education Department ("NYSED") and Commissioner Betty Rosa, in her official capacity as Commissioner of the New York State Education Department (collectively the "State Defendants") -- through their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. As used herein, the term "Litigation" refers to all proceedings in the above-captioned action, including any motions, hearings, trials, appeals and/or the implementation of any remedy agreed to by the parties or ordered by the Court.

2. This Stipulation and Protective Order shall apply to all documents or information produced or disclosed during the course of the Litigation and in relation to the Litigation by any party or non-party, including but not limited to documents or information produced or disclosed:

(a) In any pleading, letter, memorandum of law, affidavit, affirmation, declaration, interrogatory answer, responses to requests for admission, brief, motion, transcript, recorded or graphic matter, or any other document or writing;

(b) In any statement made by counsel in a court hearing and before the Court during any appearance that is recorded or is open to the public;

(c) In testimony given in a deposition, court hearing, or trial, and any copies, or summaries of such information; or

(d) Through releases, discovery requests, subpoenas or any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

3. As used herein, the term "Designated Material" refers to documents or information described in Paragraph 2 above. A party that designates Designated Material as Confidential ("Confidential" or "Confidential Material") is the "Designating Party."

4. Subject to Paragraph 18 below, the following documents or information produced, provided by, or used by the parties or non-parties during the course of this action, shall be designated as Confidential Material and shall be treated by all parties as Confidential Material:[1]

(a) All Education Records,[2] other student records, or other documents or information, whether or not also education records or student records, that contain identifying information about Plaintiffs or any current or former child with a disability[3] who resides or resided in New York City or any of their family members, including but not limited to their name, address, social security number, Medicaid number, phone number, New York City Identification ("IDNYC") number, Office of

---

[1] Confidential Material does not include statistical compilations of Designated Material unless they are so designated pursuant to Paragraphs 4(d)-(e) and/or 6 of this Stipulation and Protective Order or the statistical compilation makes it possible to identify one or more persons.

[2] The term "Education Records" means the type of records covered by FERPA or the IDEA, including 34 C.F.R. Part 99 and 34 C.F.R. §§ 300.602 through 300.625.

[3] The term "current or former child with a disability" means an individual who is or was eligible for special education services under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.

Student Information System ("OSIS") number, or any other personally identifiable information as that term is defined pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. Part 99.

(b) All documents or information containing or concerning personal health or disability information of any party hereto, or any other person, or containing or concerning the special education needs of any such individual, including but not limited to such documents or information covered by the IDEA, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or such records disclosed by a party or non-party pursuant to any Authorization to Release Medical Records executed by Plaintiffs, Defendants, or non-parties in this action.

(c) All documents or information containing mental health or psychiatric information of any party hereto, or any other person, including but not limited to documents or information covered by HIPAA, or records disclosed by a party or non-party pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiffs, Defendants, or non-parties in this action.

(d) Any documents or information that counsel for all parties agree should be Confidential Material pursuant to this Paragraph.

(e) Any Designated Material that the Court directs to be produced as Confidential subject to this Paragraph of the Stipulation and Protective Order.

(f) Any testimony about the documents and information covered by Paragraph 4(a)-(e).

5. Unless otherwise covered by Paragraph 4, Confidential Material shall not include general information relating to specific individual students that does not contain personally-identifying information, such as a recounting of the procedural history of an individual student's impartial hearing.

6. Any other documents or information that counsel for any party believes in good faith to be Confidential Material that can be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and is produced or provided by the parties or non-parties during the course of this Litigation, except documents or information that is publicly available, may be designated by any party as Confidential Material.

7. To designate Designated Material as Confidential, the party producing the Confidential Material (the "Producing Party") shall mark the document or information with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER," or with a similar legend. So-marked Confidential Material shall not be disclosed to anyone by the party receiving the Confidential Material (the "Receiving Party"), except as provided in this Stipulation and Protective Order or in any order of the Court. The designation of Designated Material as Confidential constitutes a representation by the Producing Party that counsel has adequately reviewed the Designated Material and has determined that there is good cause for the designation under this Stipulation and Protective Order.

8. Any party, through its counsel, may designate as Confidential any deposition testimony that counsel believes in good faith discusses or discloses Confidential Material, except that, subject to Paragraph 18 below, all depositions containing information described in Paragraph 4 shall be deemed Confidential Material. Such designation may be made orally on the record of the deposition or by written notice within 30 days from the receipt of the final (*i.e.*, not "draft" or "rough") transcript. The court reporter shall be promptly notified by the Designating Party of any confidentiality designations made after the final transcript is sent to the parties. Upon receipt of a confidentiality designation, all parties in possession of the deposition transcript shall be required to mark the designated pages accordingly on all copies of the transcript and to treat those pages of the transcript as Confidential Material. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a legend of "CONFIDENTIAL" to pages that contain testimony designated as such. All testimony or transcripts shall be treated as "CONFIDENTIAL" until the time to designate has expired.

9. In the event that any party obtains documents or information filed with or presented to the Court in this case or obtained through discovery in this case from a party or non-party that it believes are confidential, any party may designate such documents or information as Confidential Material pursuant to this Stipulation and Protective Order and they shall be treated as such in accordance with this Stipulation and Protective Order.

10. Any person making copies of Confidential Material must ensure that the copies adequately reflect the "Confidential" designation.

11. In the event of a disclosure to an unauthorized party of documents or information designated under this Stipulation and Protective Order as Confidential, the disclosing party shall promptly (a) notify the Producing Party of the disclosure; (b) promptly take all reasonable steps to recover the document or information, and (c) report to the Producing Party promptly upon recovery or failure to recover the Confidential Material.

12. All Confidential Material shall be maintained by the Receiving Party in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 13, and only pursuant to the procedures in Paragraph 14.

13. Unless otherwise ordered by the Court or agreed to by the parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material, may be disclosed by the Receiving Party only to:

   (a) Counsel to the parties in the Litigation (including in-house counsel for the State Defendants and the City Defendants) and the attorneys, legal assistants, paralegal, clerical, and other support staff who are employed by such counsel or are independent contractors of counsel or are legal interns of counsel, and who are actually involved in assisting in the Litigation.

   (b) The parties to this Litigation, including any non-named class members after any classes are certified, and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the Litigation.

(c) Any expert or consultant engaged by any party or its counsel for purposes of the Litigation, and any necessary assistants or employees under the expert's or consultant's direct supervision.

(d) For purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had or should have had access to, familiarity with, or knowledge of the facts and circumstances to which the Confidential Material relates, including but not limited to current or former employees of the State Defendants or the City Defendants.

(e) The Court, subject to Paragraph 15 below.

(f) Court reporters, as necessary for the conduct of the Litigation.

(g) Any other person pursuant to Court order, or upon the written agreement of the party or non-party who produced or disclosed the Confidential Material, except that (i) subject to Paragraph 18 below, and absent a court order, the disclosure pursuant to this sub-paragraph 13(g) of any document covered by Paragraph 4 above also requires the permission of the (a) individual Parent or guardian or (b) student or former student, if they are over the age of minority, as to whom the Confidential Material pertains; and (ii) individual Plaintiffs and other children with disabilities, and their Parents, guardians, and counsel, who receive from the City Defendants or State Defendants through this Litigation their own Education Records or their own documents, are not restricted in the use of those documents in any manner including pursuant to this Paragraph, unless otherwise required by law.

14. Prior to the disclosure of any Confidential Material by a Receiving Party to a person identified in subparagraphs 13(c), or (d), or (g), who is not also identified in another subparagraph of paragraph 13, counsel for the party proposing to make such disclosure shall ensure that a copy of this Stipulation and Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulation and Protective Order and consent to the Court's jurisdiction for the purpose of enforcing this Stipulation and Protective Order in the form of the Non-Disclosure Agreement annexed hereto as Exhibit A. Counsel of record shall maintain a list of the names of all persons to whom such

documents or information is disclosed and such list shall be available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause.

15. No Confidential Material shall be filed in the record of this Litigation or with the Court except as follows:

(a) Except upon agreement of all parties, if a party uses any Confidential Material covered by Paragraph 4 above (subject to Paragraph 18 below), in a pleading, motion, letter, or other submission filed with the Court, such Confidential Material covered by Paragraph 4 shall be filed under seal upon order of the Court before it is filed with the Court or used in any manner that may make it accessible to the public, except that such Confidential Material covered by Paragraph 4 may be submitted to the Court as necessary for purposes of reviewing documents on an *in camera* basis.

(b) If a party uses any Confidential Material in a pleading, motion, letter or other submission filed with the Court, the party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an un-redacted complete courtesy copy to the judge or magistrate judge herein with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome, the filing party may request an order from the Court directing the sealing of such Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the party seeking such order or otherwise prejudice the party's rights.

(c) Subject to Paragraph 18 below, the parties agree that they shall individually or jointly request that the Court seal the courtroom in any situation in which a party intends to use or to elicit testimony concerning Confidential Material covered by Paragraph 4 above at trial or in open court on any occasion in a manner that will disclose the identity of any individual or any personally identifiable information contained in that Confidential Material, unless permission to so disclose is obtained from the individual Plaintiff or non-party whose information would be disclosed. For all other Confidential Material, the party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use. Subject to any contrary directive from the Court, such party will notify the Producing Party and, if different, the party which designated the Confidential Material as Confidential of his or her intent to introduce Confidential Material and give that party an opportunity to request that the Court seal the courtroom. Nothing herein shall preclude a party from offering Confidential Material into evidence or otherwise alter the party's trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a party to be in breach of this Stipulation and

       Protective Order when acting in compliance with an order or direction of the Court.

    (d)    Any delay in filing occasioned by the need for such a court order described in this Paragraph 15 directing the sealing of Confidential Material, or placing the entire pleading, motion, or submission under seal, shall not result in a default by the party seeking such order or otherwise prejudice any party's rights.

16.    Nothing in this Stipulation and Protective Order shall be construed to limit, modify, or interfere in any manner with:

    (a)    The disclosure obligations of the State Defendants or the City Defendants under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions.

    (b)    The interpretation, application, and implementation by the State Defendants or the City Defendants, their public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations, such as FERPA.

    (c)    State Defendants' or City Defendants', or any of their employees' or officials', use of their own Confidential Material and/or Designated Material.

    (d)    Any individual student or parent's use of documents or information pertaining to the individual student or parent, whether a named Plaintiff or putative class member, and regardless of the original source of the documents (including from any of the Defendants), including disability-related, medical-related, education-related, impartial hearing-related and/or appeal-related documents ("Individual Records"). Any parent or student can consent to their information being made publicly available and may use their own Individual Records in this litigation, any other litigation or any administrative hearing, or appeal.

    (e)    Any individual student or parent's use of Individual Records of another student and/or parent with that parent or student's consent, whichever may be required by law.

    (f)    Any party's use of documents (that are not Individual Records) which are lawfully obtained from any source other than through formal discovery in this action, and notwithstanding Defendants' notation of the documents as "Confidential" in this Litigation. All parties reserve their right to move, within a reasonable time after learning of a given document's possession by another party, to protect or to otherwise limit the use of any such document that the party reasonably believes should be subject to such protection or limitation of use in this case, regardless of such document's source.

17. Nothing contained herein is intended to or shall serve to limit in any way a party's use of its own lawfully obtained documents or information.

18. A confidentiality designation by one party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this Stipulation and Protective Order. At any time, a party may object to a Confidential designation of Designated Material (including any such designation pursuant to Paragraph 4 above), in whole or in part, by communicating the objection in writing to the Designating Party and stating the reasons for the objection. Within fourteen (14) days after receiving an objection, the Designating Party shall respond in writing to the objecting party, either withdrawing the designation or providing the reasons why the designation will not be withdrawn. If the objecting party is not satisfied with the Designating Party's response, it may then make a motion to the Court for an order that the Confidential designation be removed. The party designating the material as Confidential shall bear the burden of establishing the confidentiality of the material at issue. The Designated Material shall continue to be treated as Confidential while such a motion is pending. Any party may request an *in camera* review of the information that is the subject of a dispute regarding a confidentiality designation.

19. This Stipulation and Protective Order does not preclude a party from raising or preserving objections to discovery and does not waive any party's right to assert attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity in the Litigation.

20. This Stipulation and Protective Order does not require production of documents as to which objections or privileges apply.

21. The inadvertent or unintentional disclosure of Confidential Material or Designated Material without the "Confidential" designation shall not be deemed a waiver of confidentiality by the Producing Party, either as to the specific document or information disclosed or as to any other information on the same or related subject matter. A party's inadvertent or unintentional production to a Receiving Party during the course of this Litigation of Confidential Material or Designated Material without the "Confidential" designation shall not be deemed a violation of Paragraph 4 above or any other provision of this Stipulation and Protective Order. A party's production to a Receiving Party during the course of this Litigation of Designated Material without the "Confidential" designation that counsel believes in good faith is not Confidential Material (including pursuant to Paragraph 4 above) shall not be deemed a violation of Paragraph 4 above or any other provision of this Stipulation and Protective Order. The inadvertent or unintentional production and/or disclosure of Confidential Material or Designated Material may be corrected by providing supplemental written notice to the Receiving Party as soon as practicable. Thereafter, the inadvertently disclosed document or information shall be treated as Confidential.

22. The Defendants agree that no Plaintiff, parent, or child with a disability has waived any right to maintain confidentiality of their documents and records that are otherwise protected under FERPA, the IDEA, HIPAA, or New York State law due to their participation in the Litigation.

23. If any party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another party and designated as Confidential, the party so requested shall promptly give written notice to the Designating Party of such subpoena or other notice. Upon

receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before reasonable notice is given to the Designating Party.

24. Even after final disposition of this litigation, the confidential obligations imposed by this Stipulation and Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

25. Non-parties from whom discovery is sought by the parties to this Stipulation and Protective Order may designate materials as Confidential, consistent with the terms of this Stipulation and Protective Order, provided that such non-parties agree in writing to be bound by the terms of this Stipulation and Protective Order prior to the production of any such materials by executing the Non-Disclosure Agreement annexed hereto as Exhibit A. Under such circumstances, all duties applicable to the parties that are signatories to this Stipulation and Protective Order shall apply to such non-parties.

26. This Stipulation and Protective Order is intended to be contractual in nature and may not be modified or changed orally. All changes or modifications shall be made in writing executed by the parties and so-ordered by the Court.

27. The foregoing is without prejudice to the right of the parties to apply to the Court for a further protective order relating to any documents or information provided pursuant to this Stipulation and Protective Order.

28. This Stipulation and Protective Order shall become effective as to the parties upon complete execution by counsel for each party below. Counsel for the parties executing this Stipulation and Protective Order represent and warrant the he or she has the authority to execute

this Stipulation and Protective Order on behalf of his or her client(s) and to bind his or her clients to the terms and conditions of this Stipulation and Protective Order set forth herein.

29. Nothing in this Stipulation and Protective Order shall prejudice the rights of any party to contest the alleged relevance, admissibility, or discoverability of any Confidential Material or Designated Material sought.

30. Nothing in this Stipulation and Protective Order shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Protective Order, including but not limited to the provisions of FERPA, 20 U.S.C. § 1232g(b); the IDEA, 20 U.S.C. § 1417(c); 34 C.F.R. §§ 99.32, 300.602(b)(3), 300.614, 300.622(a), 300.623(a); N.Y. Educ. Law § 4402(7)(b); 8 N.Y.C.R.R. § 200.5(e), or HIPAA, 45 C.F.R. §§ 162.100 *et seq*.

31. Each party reserves its right to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

32. Until such time as this Stipulation and Protective Order has been approved and entered by the Court, the parties agree that upon execution by all parties, the parties will treat this Stipulation and Protective Order as though it had been "So Ordered."

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
By:_____/s/_____
Andrew Rauchberg, Esq.
David Thayer, Esq.
Assistant Corporation Counsels
100 Church St.
New York, NY 10007
*Attorneys for City Defendants*

**THE LAW OFFICE OF ELISA HYMAN, P.C.**
By: /s/ *Elisa Hyman*
Elisa Hyman, Esq.

**ADVOCATES FOR JUSTICE**
225 Broadway, Suite 1902 New York, New York 10007
(212) 285-1400, x112
(914) 819-3387 -cell (preferred)
Lbarbieri@advocatesny.com

BY: /s/ *Laura Dawn Barbieri*
Laura D. Barbieri
Special Counsel

*Co-counsel for Plaintiffs*

**LETITIA JAMES**
Attorney General

| | |
|---|---|
| The Law Office of Elisa Hyman<br>1115 Broadway, 12th Floor<br>New York, NY 10010<br>Phone: (646) 572-9064<br>Fax: 646-572-9065<br>elisahyman@gmail.com<br><br>*Co-counsel for Plaintiffs* | State of New York<br>By:_____/s/_____<br>Elyce N. Matthews, Esq.<br>Mark R. Ferguson, Esq.<br>Assistant Attorneys General<br>28 Liberty Street<br>New York, New York 10005<br>(212) 416-8635<br>*Attorneys for State Defendants* |

Dated: New York, New York
        May 10, 2023

SO ORDERED:

*[signature]*
_____
HON. ANDREW L. CARTER
U.S. DISTRICT JUDGE

## **EXHIBIT A**

I, _____, the undersigned, hereby certify that I have read and understood the Stipulation of Confidentiality and Protective Order (the "Stipulation and Protective Order") dated April \_\_, 2023 and entered in the United States District Court for the Southern District of New York in the action entitled *J.F., et al. v. Mayor Eric Adams, et al.*, 21 Civ. 11150 (ALC), and I hereby agree to abide by the terms and conditions of that Stipulation and Protective Order. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Stipulation and Protective Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Protective Order.

Dated: _____          _____
                                                                             Signature

                                                              _____
                                                                           Name (Printed)

Sworn to before me this \_\_\_ day
of _____, 20\_\_.

_____
        NOTARY PUBLIC