UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

J.F. on behalf of himself and his minor child, H.F., *et al.*,

                    *Plaintiffs*,

            -against-

MAYOR ERIC ADAMS, *et al.*,

                    *Defendants*.

**DECLARATION OF NEAL SOLON IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS**

Case No. 21 CV 11150 (ALC)

------------------------------------------------------------------------ x

**NEAL P. SOLON** declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.    I am a Managing Attorney in the Special Education Unit in the Office of the General Counsel of the New York City Department of Education ("DOE"). My responsibilities include the supervision of attorneys representing the DOE in administrative proceedings under the Individuals with Disabilities Education Act ("IDEA") and the N.Y. Education Law. As such, I am familiar with the facts and circumstances set forth herein.

      2.    I submit this Declaration in support of the accompanying City Defendants' motion to dismiss in this action.

      3.    I make this Declaration based upon my personal knowledge and upon information and belief. The source of my information and the basis for my belief as to matters not within my personal knowledge are a review of the records maintained by the DOE, and from conversations with City of New York and DOE employees and staff.

**A.**    **J.F., on behalf of himself and his minor child, H.F.**

4. For the purposes of the allegations set forth in the Third Amended Complaint ("TAC"), J.F. commenced one administrative proceeding on behalf of H.F. concerning the 2020-2021 and 2021-2022 school years.

5. This proceeding was assigned to an impartial hearing officer at the New York City Office of Administrative Trials and Hearings ("OATH IHO").

6. J.F./H.F.'s counsel made a motion on the record at a prehearing conference for the OATH IHO's recusal on or about September 9, 2022, and it was denied that same day on the record.

7. No interlocutory administrative appeal was taken of this decision.

8. Subsequently, this proceeding reached a final conclusion, with the issuance of a Findings of Fact and Decision on January 27, 2023. This decision was favorable to H.F.

9. No administrative appeal on any issue, including the issue of the OATH IHO's recusal, was timely taken from this decision.

**B.     L.V., on behalf of herself and her minor child, N.F.**

10. L.V. has commenced two due process proceeding on behalf of N.F. that remain open. These proceedings were commenced on July 2, 2021, and September 8, 2022.

11. Neither proceeding, however, is assigned to an OATH IHO.

12. Both remain before impartial hearing officers that are not employed by OATH ("*Per Diem* IHOs").

13. No proceeding for N.F. has been before an OATH IHO.

**C.     A.M. on behalf of herself and her minor child, O.M.**

14. For the purposes of the TAC, A.M. has commenced two administrative proceedings, one concerning the 2021-2022 school year and one for the 2022-2023 school year. Both proceedings are assigned to OATH IHOs.

15. In the 2021-2022 proceeding, A.M.'s counsel made two requests, on the record, for the OATH IHO's recusal at prehearing conferences.

16. The first request was denied on April 21, 2022, on the record, and the second was similarly denied on July 1, 2022.

17. The 2021-2022 proceeding has since reached a final conclusion, with the issuance of a Findings of Fact and Decision on January 11, 2023. This decision was favorable to O.M.

18. Plaintiffs' counsel perfected an administrative appeal of this decision, with that appeal focusing on whether O.M. was entitled to compensatory pendency services above what was awarded in the administrative decision.

19. The appeal did not seek review of the OATH IHO's denial of the motions for recusal.

20. The appeal remains pending, with the parties engaged in settlement discussions.

21. The 2022-2023 school year proceeding remains ongoing.

22. On March 14, 2023, an application for the OATH IHO's recusal was made on the record in that proceeding and denied on the record the same day.

23. No interlocutory administrative appeal was taken of that decision.

**D.   M.F., on behalf of herself and her minor child, J.W.**

24. From conversations with DOE's counsel, I under that Plaintiffs' counsel has indicated to that M.F. and J.W. are no longer plaintiffs in this action.

### E. J.S., on behalf of herself and her minor child, R.S.

25. J.S. commenced one administrative proceeding on behalf of R.S. concerning the 2022-2023 school year.

26. This proceeding was assigned to an OATH IHO.

27. J.S./R.S.'s counsel made a written motion for the OATH IHO's recusal on September 16, 2022, and it was denied in a written order on September 20, 2022.

28. No interlocutory administrative appeal was taken of this decision on J.S./R.S.'s motion for recusal.

29. This proceeding has reached a final conclusion, with the issuance of a Findings of Fact and Decision on December 16, 2022. This decision was favorable to R.S.

30. No administrative appeal on any issue, including the issue of the OATH IHO's recusal, was taken from this decision.

### F. R.H., on behalf of himself and his minor child, M.H.

31. R.H. commenced one administrative proceeding on behalf of M.H. concerning the 2022-2023 school year.

32. This proceeding was assigned to an OATH IHO, who previously served as a *Per Diem* IHO and has worked in the field of special education law for at least ten years.

33. R.H./M.H.'s counsel has not made any motion for the OATH IHO's recusal, despite the fact that the parties have already had several appearances on the substantive hearing, and the last hearing date will occur this week.

Dated: June 5, 2023
New York, New York

_____
NEAL P. SOLON, Esq.