Case No. 21 CV 11150 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.F. on behalf of himself and his minor child, H.F., *et al.*,

*Plaintiffs,*

- against -

MAYOR ERIC ADAMS, *et al.*,

*Defendants.*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel.: (212) 356-2649

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... III

PRELIMINARY STATEMENT ..................................................................................................... 1

UPDATED INFORMATION ON UNDERLYING PROCEEDINGS BY THE INDIVIDUAL
PLAINTIFFS ................................................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Blackman v. District of Columbia*, 321 F. Supp. 2d 99 (D.D.C. 2004) .......................... 7

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016).................................. 4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ....................................... 4

*Colin v. Schmidt*, 715 F.2d 1 (1st Cir. 1983) ........................................... 8

*Doolen v. Wormuth*, 5 F.4th 125 (2d Cir. 2021) ......................................... 6

*E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509 (4th Cir. 2014)........... 7

*Fairfield-Suisun Unified Sch. Dist. v. Dep't of Educ.*, 780 F.3d 968 (9th Cir. 2015)................... 7

*Goldin v. Greenberg*, 49 N.Y.2d 566 (1980) ........................................... 6

*Hauff v. State Univ. of N.Y.*, 425 F. Supp. 3d 116 (S.D.N.Y.)............................... 5

*Heldman ex rel. T.H. v. Sobol*, 962 F.2d 148 (2d Cir. 1992)........................... 4, 5

*Helms v. McDaniel*, 657 F.2d 800 (5th Cir. 1981) ...................................... 8

*Hirshfield v. Cook*, 227 N.Y. 297 (1919)............................................. 6

*Jacky W. v. N.Y.C. Bd. of Educ.*, 848 F. Supp. 358 (E.D.N.Y. 1994)........................... 8

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ..................................... 4, 5

*M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082 (9th Cir. 2012)............................... 7

*Mayson v. Teague*, 749 F.2d 652 (11th Cir. 1984) ...................................... 8

*Muth v. Central Bucks Sch. Dist.*, 839 F.2d 113 (3d Cir. 1988) ............................. 7

*Oles v. City of New York*, No. 22-1620-cv, 2023 U.S. App. LEXIS 11074 (2d Cir. May 5, 2023) 6

*Robert M. ex rel. Renee K. v. Benton*, 634 F.2d 1139 (8th Cir. 1980)........................... 8

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ......................................... 4

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014)................................... 4

*Withrow v. Larkin*, 421 U.S. 35 (1975)..........................................................................6

**Statutes**

20 U.S.C. § 1415............................................................................................................5, 9

**Other Authorities**

Brief of Amicus Curiae John Payton Pursuant to the Court's Aug. 22, 2003 Order, *Blackman v.*

    *District of Columbia*, Civil No. 97-1629 (PLF) (D.D.C. Sept. 22, 2003) ..................................7

Letter from Angela Tanner-Dean, Assoc. Div. Dir., U.S. Dep't of Educ. Off. of Special Educ.

    Progs., to Benjamin Kopp, Control No. 22-000419 (Mar. 8, 2022) ...........................................7

**Regulations**

34 C.F.R. § 300.514 ..........................................................................................................5

8 N.Y.C.R.R. § 200.1..........................................................................................................9

## PRELIMINARY STATEMENT

In response to the Defendants City of New York, Mayor Eric Adams, New York City Department of Education ("DOE"), New York City Board of Education, Chancellor David C. Banks, New York City Office of Administrative Trials and Hearings ("OATH"), and Commissioner Asim Rehman's (collectively, the "City Defendants") motion to dismiss their Third Amended Complaint ("TAC"), Plaintiffs J.F., L.V., A.M., M.F.,[1] J.S., and R.H., on behalf of themselves and their minor children (collectively, "Plaintiffs"), take a kitchen-sink approach that is ultimately unsuccessful at overcoming the City Defendants' Motion. Instead, their opposition exceeds the scope of the City Defendants' motion and appears to just be a reformulation of the TAC.

Moreover, Plaintiffs' opposition highlights their reliance on obsolete standing caselaw, and as highlighted in the reply papers of Defendants Commissioner Betty Rosa and the New York State Education Department (collectively, "State Defendants"), the opposition fails to demonstrate that any of the Plaintiffs have actually experienced an injury-in-fact, let alone one shared by the class they purport to represent. Moreover, the legal conclusions that Plaintiffs attempt to spin as fact are, to the contrary, legally unsound. The law clearly establishes that OATH has jurisdiction to adjudicate special education hearings. The OATH impartial hearing officers

---

[1] City Defendants also note that Plaintiffs' Memorandum of Law in Opposition indicates that it was submitted in tandem with a voluntary dismissal for Plaintiff M.F., on behalf of herself and her minor child, J.W. (Pls.' Opp. Mem., at 1 n.1, ECF No. 132.) Plaintiffs' counsel has, despite repeated inquiries in the months since the Defendants' filed their respective motions to dismiss, still not furnished this stipulation to the City Defendants (or, upon information and belief, to the State Defendants) for execution. **In light of the repeated representations of Plaintiffs' counsel that M.F. and J.W. are no longer plaintiffs, City Defendants proceed with the understanding that M.F. and J.W. are not plaintiffs, while reserving all rights to respond as appropriate with respect to M.F./J.W.'s claims in the event that Plaintiffs' counsel fails to furnish a stipulation of voluntary dismissal.**

("IHOs") also deserve a presumption of regularity and of impartiality that Plaintiffs cannot overcome by Plaintiffs' conclusory allegations of bias, whether by virtue of their employment as City employees or by virtue of the fact that the City pays their salaries. And Plaintiffs' arguments that third-party governmental officials cannot serve as IHOs is also at direct odds with caselaw and history. Plaintiffs likewise cannot adequately assert, in the abstract, that all OATH IHOs are inexperienced in the face of the mandated minimum qualifications they must meet – and that even exceed those required by the federal and State governments. And lastly, Plaintiffs' proposed comparators for their Equal Protection Clause claims are so facially dissimilar from the Plaintiffs that it condemns their claims.

### UPDATED INFORMATION ON UNDERLYING PROCEEDINGS BY THE INDIVIDUAL PLAINTIFFS

**A.      Individual Plaintiffs.**

The TAC asserts claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504, 42 U.S.C. § 1983, the N.Y. and U.S. Constitutions, and the N.Y. Education Law.[2] (TAC ¶¶ 437-77.) These claims are asserted on behalf of six individual plaintiffs, and all others similarly situated. (*Id.* ¶¶ 69-89.) Consideration of the updated state of affairs of each Plaintiff's administrative proceeding(s) is relevant the consideration of their standing to bring this action.

**J.F. o/b/o H.F.** No additional administrative proceedings have been commenced on H.F.'s behalf since the City Defendants' moving papers. (Reply Declaration of Neal P. Solon

---

[2] To the extent that Plaintiffs continue to assert that OATH IHOs lack authority to hear Section 504 claims, (*e.g.*, TAC ¶ 405-06), they are mistaken. OATH's jurisdiction includes these claims. N.Y.C. Exec. Order [Adams] No. 20 (June 24, 2022), *available at* https://www.nyc.gov/assets/home/downloads/pdf/executive-orders/2022/eo-20.pdf.

[hereinafter "Solon Reply Decl."] ¶ 4, Dec. 15, 2023.)[3]

**L.V. o/b/o N.F.** The two administrative proceedings that were pending at the time of the City Defendants' moving papers have been resolved—one via a withdrawal and one by a decision favorable to L.V and N.F. that was not appealed. (*Id.* ¶ 9.) Two additional proceedings have since been commenced, but one was withdrawn, (*id.* ¶ 14), and the second remains pending, though there have not been any appearances, (*id.* ¶ 17).

**A.M. o/b/o O.M.** Since the City Defendants' original moving papers, A.M. and O.M. received a favorable administrative appellate decision (that did not even address the OATH IHO's denial of motions to recuse) that was not brought up for judicial review in court. (*Id.* ¶¶ 18-19.) A newer administrative proceeding was dismissed for failure to prosecute which was not appealed, (*see id.* ¶¶ 21-22), and a second proceeding was commenced—with an upcoming prehearing conference. (*Id.* ¶¶ 23-24.) This new proceeding raises objections as to the competence of the assigned OATH IHO. (*Id.* ¶ 25.)

**J.S. o/b/o R.S.** There has been no further developments with respect to J.S. and R.S. since the City Defendants' original moving papers. (*See id.* ¶¶ 27-28.)

**R.H. o/b/o M.H.** Since the City Defendants' original moving papers, R.H. and M.H. received a favorable decision for the 2022-23 school year that they did not appeal. (*Id.* ¶¶ 29-30.) A subsequent proceeding has been commenced and assigned to a *Per Diem* IHO. (*Id.* ¶ 30, 33.) It does not raise OATH-related issues. (*Id.* ¶ 32.)

---

[3] This Declaration also contains a correction to the City Defendants' moving papers. An administrative appeal concerning H.F. *was* taken and did in fact raise the OATH IHO's failure to recuse as an issue on appeal. (Solon Reply Decl. ¶ 7.) However, the appeal was settled before a ruling was issued. (*Id.*)

## ARGUMENT

**A.      Plaintiffs Lack Standing, and They Misstate the Law.**

Any "party invoking federal jurisdiction bears the burden of establishing the elements" of standing. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). One of these elements is an injury-in-fact that must be "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). A plaintiff cannot plead standing by merely asserting a bare procedural violation of a statute; she must show an actual harm flowing from the violation of a statute or a "risk of real harm" that flows from the violation. *Id.*; *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

Plaintiffs contend that they have endured an injury-in-fact based on a Second Circuit decision, *Heldman ex rel. T.H. v. Sobol*, 962 F.2d 148 (2d Cir. 1992), that predates the U.S. Supreme Court's more recent jurisprudence on standing by nearly twenty years and, in light of that jurisprudence, has been clearly abrogated. To the extent that Plaintiffs argue that *Heldman* establishes a *per se* rule that any violation of a procedural right afforded in the IDEA constitutes an injury-in-fact, (Pls.' Opp. Mem., at p. 12 (citing *Heldman*, 962 F.2d at 151)), this is clearly inconsistent with the Supreme Court's holding that a plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341.

The provision of procedural rights in a congressional statute does not change the constitutional calculus: "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation--a procedural right *in vacuo*--is insufficient to create Article III standing. . . . It makes no difference that the procedural right has been accorded by Congress. . . . [T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed

by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496-97 (2009) (citing *Lujan*, 504 U.S. at 572 n.7; *Lujan* 504 U.S. at 580-82 (Kennedy, J., concurring in part and concurring in judgment)). Plaintiffs wholly fail to engage with this contemporary standing analysis and, in failing to do so, cannot establish that they have alleged anything more than a bare violation of a procedural right under the IDEA. Thus, *Heldman*'s overbroad language offers them no solace.

However, even if Plaintiffs wanted to claim that they have suffered a concrete injury-in-fact, they cannot do so. As set forth in the City Defendants' moving papers, none of the individual Plaintiffs here have suffered the type of concrete harm that they decry. Where they have had proceedings before OATH IHOs, they have uniformly received partially or wholly favorable decisions, and where they have initially questioned OATH IHOs impartiality, they have not pursued those claims through to final judgment or in an administrative appeal.[4] In other words, Plaintiffs cannot plausibly allege that they have faced partiality or bias when they have prevailed or where they have ultimately acquiesced in the adjudication of their proceeding by an OATH IHO. Indeed, Plaintiffs failure to continue to pursue their claims of OATH IHOs' bias and partiality through to a final disposition has resulted in their merger into those decision, which, because they were unappealed, are preclusive in this Court. *See* 34 C.F.R. § 300.514(a).

Plaintiffs instead seem to believe that they need not plead facts particularized to themselves – or exhaust their administrative remedies under 20 U.S.C. § 1415(*l*) -- because they are making generalized allegations of future systemic partiality, bias, and incompetence. This is not so. Representative plaintiffs, like Plaintiffs here, must establish that they have suffered

---

[4] Plaintiffs' arguments that the Court cannot consider these facts, when they go to the Court's constitutional subject-matter jurisdiction, warrants a concise response: Plaintiffs are incorrect. *Hauff v. State Univ. of N.Y.*, 425 F. Supp. 3d 116, 126 (S.D.N.Y.) (citations omitted) (when subject matter jurisdiction called into question, a court may consider facts beyond the pleadings to ensure jurisdiction).

representative harms from the systemic violations of which they complain. This is a requirement entirely separate and apart from exhaustion of administrative remedies. As noted, Plaintiffs cannot do this; they have endured no harms before OATH IHOs—only success. Without such allegations, the OATH IHOs presiding over Plaintiffs' proceedings deserve the presumption that they "are 'unbiased' absent a '*specific* showing of conflict of interest or reason for disqualification.'" *Oles v. City of New York*, No. 22-1620-cv, 2023 U.S. App. LEXIS 11074, at *3 (2d Cir. May 5, 2023) (emphasis added) (quoting *Doolen v. Wormuth*, 5 F.4th 125, 135 (2d Cir. 2021)); *see also Withrow v. Larkin*, 421 U.S. 35, 37 (1975) (emphasizing a "presumption of honesty and integrity in those serving as adjudicators").

   Plaintiffs' last-ditch effort to is to impugn OATH IHOs as employees of the City of New York and for being paid by the City. This is of no moment. The prohibitions in the IDEA are clearly meant to prohibit direct employees of a school district, or those integral to developing school district policy, from serving as IHOs. Plaintiffs do not plausibly allege that the OATH IHOs are either. In fact, it is black-letter law that, although DOE is a City agency for certain purposes it also acts as an autonomous school district in establishing educational or pedagogical policy. *Goldin v. Greenberg*, 49 N.Y.2d 566, 569 (1980) (holding that DOE "is an 'agency' of the City" that is "subject to municipal control" in matters *not* "strictly educational or pedagogic"); *accord Hirshfield v. Cook*, 227 N.Y. 297, 304 (1919). In the matter of administration of due process hearings, however, OATH may adjudicate hearings arising from the DOE because DOE has exercised its power over educational policy by formally concurring with the mayoral determination to utilize OATH's adjudicatory powers for special education matters. Moreover, Plaintiffs contention that DOE is so closely linked to the City such that OATH's adjudication of proceedings concerning DOE is *per se* tainted with bias for the City or the perception of it, is belied by years

of OATH administrative law judges (or others in similar roles in other governments) serving as adjudicators of other hearings and trials involving City agencies. In any event, the *Per Diem* IHOs were paid by the DOE previously, so Plaintiffs argument lacks force.

Next, the use of third-party governmental tribunals to adjudicate special education disputes is commonplace and widely accepted nationally. *See generally* Brief of Amicus Curiae John Payton Pursuant to the Court's Aug. 22, 2003 Order, at pp. 42-47, *Blackman v. District of Columbia*, Civil No. 97-1629 (PLF) (D.D.C. Sept. 22, 2003), ECF No. 1349. These tribunals have also been expressly found to be permissible.[5] *See Blackman v. District of Columbia*, 321 F. Supp. 2d 99, 103 (D.D.C. 2004); *see also Fairfield-Suisun Unified Sch. Dist. v. Dep't of Educ.*, 780 F.3d 968, 969 (9th Cir. 2015) (citing *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1085, 1092 (9th Cir. 2012)) (noting that due process hearings in California are conducted by the "Office of Administrative Hearings, a state agency independent of" the State Education Department); *E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 515 (4th Cir. 2014).[6]

Notwithstanding these cases, Plaintiffs cite to a raft of out-of-Circuit cases (not one of which was issued after 1989 and thus concern the IDEA's predecessor statute) in a fruitless attempt to find support for their position. (Pls.' Opp. Mem. at pp. 20-21.) City Defendants address them in quick succession. *First*, *Muth v. Central Bucks Sch. Dist.*, 839 F.2d 113 (3d Cir. 1988),

---

[5] Plaintiffs recite to in-Circuit cases that the City Defendants previously addressed in their moving papers, so they pretermit a recounting of those arguments for the sake of brevity.

[6] See also the following text from Letter from Angela Tanner-Dean, Assoc. Div. Dir., U.S. Dep't of Educ. Off. of Special Educ. Progs., to Benjamin Kopp, Control No. 22-000419 (Mar. 8, 2022): "34 C.F.R. § 300.511(c)(2) states that a person who otherwise qualifies to conduct a hearing under 34 C.F.R. § 300.511(c)(1) is not an employee of the agency solely because he or she is paid by the agency to serve as hearing officer. The IDEA does prohibit hearing officers from being employees of the [local educational agency]; however, it does not prohibit hearing officers from being public agency employees. Hearing officers may be employed and reimbursed by the public agency without compromising their impartiality. See 71 Fed. Reg. 46705 (Aug. 14, 2006)."

was reversed by the Supreme Court, making its precedential value limited, and it involved the adjudication of special education disputes by the Pennsylvania Secretary of Education, who is facially not in a comparable position to OATH IHOs. *Robert M. ex rel. Renee K. v. Benton*, 634 F.2d 1139 (8th Cir. 1980), which concluded that Iowa's Superintendent of Public Instruction was effectively an employee of the Department of Public Instruction, 634 F.2d at 1141-42, similarly fails to provide an apt comparator for the position of the OATH IHOs. *Second*, the language cited by Plaintiffs in *Colin v. Schmidt*, 715 F.2d 1 (1st Cir. 1983), is *dicta* because the Court noted that arguments about how the state review officer was employed by the State's educational department had been waived. 715 F.2d at 5-6. *Third*, *Helms v. McDaniel*, 657 F.2d 800 (5th Cir. 1981), concluded that the State's board of education could not treat an administrative decision of a state review officer as an advisory recommendation and reject it outright; OATH IHOs do not analogously make recommendations reviewed by the DOE's Chancellor, nor do they enjoy a comparable position to him in the world of educational policy. *Fourth*, *Mayson v. Teague*, 749 F.2d 652 (11th Cir. 1984), stands for the principle that employees of local school districts working closely with State educational policy experts to develop special education policy could not impartially adjudicate special education hearings. *See, e.g.*, 749 F.2d at 657-59. Plaintiffs do not allege that OATH IHOs have a comparable role in the development or implementation of special education policy. Finally, Plaintiffs cite to one in-Circuit case, *Jacky W. v. N.Y.C. Bd. of Educ.*, 848 F. Supp. 358 (E.D.N.Y. 1994), to contend that the test for employment examines whether an entity has the "ability to exert control" over an individual. 848 F. Supp. at 362. This may be so, but Plaintiffs have not alleged that DOE has any ability to control the actions of the OATH IHOs in an entirely separate governmental agency.

It is apparent that all of these cases fundamentally turn on whether the adjudicators have a role in the formulation of educational policy. Notwithstanding the fact that, for some purposes both DOE and OATH might be considered a City agency, the caselaw discussed above makes clear that DOE is insulated from encroachment in its power with respect to educational and pedagogical policy. Further, OATH is a wholly distinct agency with an adjudicative purpose and does not have a statutory role in formulating educational policy. As such, the cases cited by Plaintiff fail to change the analysis. In short, as a matter of law, DOE does not control OATH's adjudications or the rules governing them, and OATH does not control DOE in its educational policy determinations.

Finally, Plaintiffs wholly invent out of thin air the notion that OATH IHOs are *per se* less experienced than *Per Diem* IHOs. As noted in the City Defendants' moving papers, OATH IHOs are required to have three years' worth of relevant experience to be eligible to serve, which exceeds the requirements under State regulations—just *one year* of admission to the bar, 8 N.Y.C.R.R. § 200.1(x)(1). This also exceeds the IDEA's nebulous requirement that IHOs merely possess the knowledge of the IDEA and ability to conduct hearings, 20 U.S.C. § (f)(3)(A)(ii)-(iv). It is extremely dubitable that Plaintiffs can plausibly allege that they are statutorily entitled to experience in excess of the experience required by statute.

**B.      Plaintiffs' Lack of a Comparator For Their Equal Protection Clause Claim.**

Plaintiffs appear to contend that they have pleaded that they are similarly situated to families of students with disabilities who live outside of the City of New York and that they are treated differently. However, Plaintiffs do not plead in what manner the City Defendants have any interaction whatsoever with families of students who do not live in the City through the impartial hearing system. Accordingly, although the cases cited in the City Defendants' moving papers may have been focused on so-called "class of one" claims, they still stand for the proposition that a

plaintiff class (whether comprised of one or many) must plausibly allege that it is similarly situated to a comparator class (whether comprised of one or many) and yet is treated differently. Clearly, Plaintiffs are not treated 'differently' by the City Defendants because the City Defendants do not interact with families outside the district. In other words, there is no comparator against which the City Defendants' conduct can be evaluated. Plaintiffs' equal protection claims against the City Defendants therefore fails.

<u>**CONCLUSION**</u>

For the reasons set forth herein, the City Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety, issue an order dismissing the Third Amended Complaint and denying any and all claims for relief sought therein against the City Defendants, granting judgment to the City Defendants, and awarding to the City Defendants such other and further relief as the Court may deem just and proper.

Dated:         December 15, 2023
               New York, New York

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
Attorney for the City Defendants
100 Church Street
New York, NY 10007
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov


By:      */s/ David S. Thayer*
         DAVID S. THAYER
         *Assistant Corporation Counsel*

10